ORIGINAL

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| marshell Sanders (Pro Se)<br>1621 Keasing cn<br>santa Any CA 92705<br>714 665 8012 | **FILED**<br><br>**JUN 16 2015**<br><br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:_____ Deputy Clerk |

☒ Individual appearing without attorney
☐ Attorney for:

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - **SELECT DIVISION****

| In re:<br><br>Marshell Sanders<br><br>Debtor(s). | CASE NO.: 15  13011 ES |
|---|---|
| | CHAPTER: SELECT CHAPTER  13 |
| | **NOTICE OF MOTION AND MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE**<br><br>**(with supporting declarations)** |
| | DATE:<br>TIME:<br>COURTROOM: |

**Movant:** Marshell Sanders                                    Wells Fargo Bank, Select Portfolio svc'g,

1. NOTICE IS HEREBY GIVEN to ___Bank of America, National Default svc'g.___
   (Secured Creditor/Lessor),trustee (if any), and affected creditors (Responding Parties), their attorneys (if any), and other interested parties that on the above date and time and in the stated courtroom, Movant in the above-captioned matter will move this court for an order imposing a stay or continuing the automatic stay as to certain creditors and actions described in the motion on the grounds set forth in the attached motion.

2. **Hearing Location:**

   ☐ 255 East Temple Street, Los Angeles, CA 90012           ☒ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367      ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

3. ☐ a. This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1. If you wish to oppose this motion, you must file a written response to this motion with the court and serve a copy of it upon the Movant's

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this motion.

☒ b. This motion is being heard on SHORTENED NOTICE. If you wish to oppose this motion, you must appear at the hearing. Any written response or evidence must be filed and served: ☐ at the hearing ☐ at least _____ days before the hearing.

(1) ☐ An Application for Order Setting Hearing on Shortened Notice was not required (according to the calendaring procedures of the assigned judge).

(2) ☐ An Application for Order Setting Hearing on Shortened Notice was filed per LBR 9075-1(b) and was granted by the court and such motion and order has been or is being served upon appropriate creditor(s) and trustee, if any.

(3) ☐ An Application for Order Setting Hearing on Shortened Notice has been filed and remains pending. Once the court has ruled on that motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

4. You may contact the Clerk's Office or use the court's website (www.cacb.uscourts.gov) to obtain a copy of an approved court form for use in preparing your response (optional court form F 4001-1.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

5. If you fail to file a written response to the motion or fail to appear at the hearing, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Date: _6/1~/15_

_____
Printed name of law firm (if applicable)

_____
Printed name of individual Movant or attorney for Movant

_Marshall Sutter_
_____
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY**
**AS THE COURT DEEMS APPROPRIATE**

Movant: _Marshall Sanders_

1. **The Property or Debt at Issue:**
   a. ☒ Movant moves for an order imposing a stay with respect to the following property (Property):
      ☐ Vehicle (*describe year, manufacturer, type, and model*):
      Vehicle Identification Number:
      Location of vehicle (*if known*):

      ☐ Equipment (*describe manufacturer, type, and characteristics*):
      Serial number(s):

      Location (*if known*):

      ☐ Other Personal Property (*describe type, identifying information, and location*):

      ☒ Real Property
      Street Address: _1621 Kensing Ln._
      Apt./Suite No.:
      City, State, Zip Code: _Santa Ana, CA 92705_
      Legal description or document recording number (include county of recording):

      ☒ See attached continuation page _See as p-les_

   The following creditor(s) have a security interest or unexpired lease in this Property (give full name and address of creditor) _"alleged" Sec'd Int. — TILA rescission effective 2/17/10._
   to secure the sum of approximately $ _n/a_ now owed. (Secured Creditor/Lessor).
   Additional creditors who are the subject of this motion, and their respective claims, addresses and collateral, are described on the continuation sheets attached. (*Attach additional sheets as necessary*)

   b. ☒ Movant moves for an order **imposing a stay** with respect to *any and all actions* against the Debtor and the estate taken concerning the debt/lease owed to the *Secured Creditors/Lessors* as described in this motion; and/or

   c. ☒ Movant moves for an order **imposing a stay** *as to all creditors*.

   d. ☒ Movant moves for an order **continuing the automatic stay** with respect to any and all actions against the Debtor and the estate taken concerning the debt/lease owed to the *Secured Creditor/Lessor*; and/or

   e. ☒ Movant moves for an order continuing the **automatic stay** *as to all creditors*.

2. **Case History:**
   a. ☒ A voluntary ☐ An involuntary petition concerning an individual[s] under chapter ☐ 7 ☐ 11 ☐ 12 ☒ 13 was filed concerning the present case on (*specify date*):

   b. ☐ An Order of Conversion to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was entered on (*specify date*):

   c. ☐ Plan was confirmed on (*specify date*):

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                 Page 3                          **F 4001-1.IMPOSE.STAY.MOTION**

*See Prior att'd 1.3↑*

d.  Other bankruptcy cases filed by or against this Debtor have been pending within the past year preceding the petition date in this case.  These cases and the reasons for dismissal are:

   1.  Case name:
       Case number:
       Date filed:                        Chapter:
                                          Date dismissed:
       Relief from stay re this Property   ☐ was    ☐ was not granted
       Reason for dismissal:

   2.  Case name:
       Case number:
       Date filed:                        Chapter:
                                          Date dismissed:
       Relief from stay re this Property   ☐ was    ☐ was not granted
       Reason for dismissal:

       ☒ See attached continuation page

e.  ☐  As of the date of this motion the Debtor ☐ has ☐ has not  filed a statement of intentions regarding this Property as required under 11 U.S.C. § 521(a)(2). If a statement of intentions has been filed, Debtor ☐ has ☐ has not  performed as promised therein.

f.  ☐  The first date set for the meeting of creditors under 11 U.S.C. § 341(a) is/was _____ and the court ☐ has ☐ has not  fixed a later date for performance by Debtor of the obligations described at 11 U.S.C. § 521(a)(2). The extended date (*if applicable*) is _____.

g.  ☐  In a previous case(s), as of the date of dismissal there was:
       ☐ an action by the Secured Creditor/Lessor under 11 U.S.C.§ 362(d) still pending or
       ☐ such action had been resolved by an order terminating, conditioning or limiting the stay as to such creditor.

3.  The equity in the property is calculated as follows:

   a)  1.  Property description/value: _____  $ _____
       2.  Creditor/Lien amount: _____         $ _____
       3.  Creditor/Lien amount: _____         $ _____
       4.  Creditor/Lien amount: _____         $ _____
       5.  Creditor/Lien amount: _____         $ _____
       6.  Total Liens                                          $ _____
       7.  Debtor's Homestead Exemption                         $ _____
       8.  Equity in the Property (subtract lines 6 and 7 from line 1 and enter here)  $ _____

   b)  1.  Property description/value: _____  $ _____
       2.  Creditor/Lien amount: _____         $ _____
       3.  Creditor/Lien amount: _____         $ _____
       4.  Creditor/Lien amount: _____         $ _____
       5.  Creditor/Lien amount: _____         $ _____
       6.  Total Liens                                          $ _____
       7.  Debtor's Homestead Exemption                         $ _____
       8.  Equity in the Property (subtract lines 6 and 7 from line 1 and enter here)  $ _____

       ☐  See attached continuation page

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                              Page 4                    F 4001-1.IMPOSE.STAY.MOTION

4. **Grounds for Continuing The Stay:**

a. ☐ Pursuant to 11 U.S.C. § 362(c)(3) the stay should be continued on the following grounds:

1. ☐ The present case was filed in good faith notwithstanding that a prior single or joint case filed by or against the individual Debtor which was pending within the year preceding the petition date was dismissed, because:

    A. ☐ The prior dismissal was of a case not refiled under chapter 7 after dismissal under 11 U.S.C. § 707(b);

    B. ☐ Good faith is shown because

    *TILA RESCISSION EFFECTIVE
    (Jesinoski) 2-17-10*

    ☒ See attached continuation page *mult. docs — TILA Rescission*

2. ☐ The Property is of consequential value or benefit to the estate because:

    A. ☒ The fair market value of the Property is greater than all liens on the Property as shown above in paragraph 3 and as supported by declarations attached (*describe separately as to each property*);

    B. ☒ The Property is necessary to a reorganization for the following reasons:

    *FMV exceeds void (by TILA Rescission) (Jesinoski U.S. Sup. Ct "vacates") (9-0) (unanimous decision) instrument*

    ☒ See attached continuation page *see abv.*

    C. ☒ The Secured Creditor/Lessor's interest can be adequately protected by (describe Movant's proposal for adequate protection):

    *No First lien by Ch. 7 dischg. 2010 - TILA Rescission voids Note + T.D. (Jesinoski)*

    ☐ See attached continuation page

3. ☒ The presumption of a bad faith filing under 11 U.S.C. § 362(c)(3)(C)(i) is overcome in this case as to *all creditors* because:

    A. ☐ The prior dismissal was pursuant to the creation of a debt repayment plan. 11 U.S.C.§ 362(i);
    B. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting in dismissal was excusable because such failure was caused by the negligence of Debtor's attorney;
    C. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting dismissal was excusable because:

    _____
    _____
    _____

    ☒ See attached continuation page *see abv*

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                          Page 5                          **F 4001-1.IMPOSE.STAY.MOTION**

D. ☐ Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because:

_____
_____
_____

☐ See attached continuation page

E. ☐ Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because:

_____
_____
_____

☐ See attached continuation page

F. ☐ There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows:

_____
_____

From this, the court may conclude that this case, if a case under chapter 7, will result in a discharge or, if under chapter 11 or 13, in a confirmed plan that will be fully performed.

☐ See attached continuation page

G. ☐ For the following additional reasons:

_____
_____
_____

☐ See attached continuation page

4. ☐ The presumption of a bad faith filing as to the Secured Creditor/Lessor under 11 U.S.C.§ 362(c)(3)(C)(ii) is overcome in this case because

_____
_____
_____

☐ See attached continuation page

5. **Grounds for Imposing a Stay:**
   a. ☒ Pursuant to 11 U.S.C. § 362(c)(4) this case was filed in good faith and grounds exist for imposing a stay as follows:
   1. ☒ The Property is of consequential value or benefit to the estate because the fair market value of the Property is greater than all liens on the property as shown above in paragraph 3 and as supported by declarations attached.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                              Page 6                    **F 4001-1.IMPOSE.STAY.MOTION**

2. ☒ The Property is of consequential value or benefit to the estate because the Property is necessary to a reorganization for the following reasons:

_____

_____

_____

☐ See attached continuation page

3. ☒ The Secured Creditor/Lessor's interest can be adequately protected by (*describe Movant's proposal for adequate protection*):

*No Sec'd CR or 1st lien.*
*(Jesinoski) TILA Rescission eff.*
*2-17-10*

☐ See attached continuation page

b. ☒ The present case was filed in good faith notwithstanding that the prior single or joint cases filed by or against the individual Debtor pending within the year preceding the petition date were dismissed, because:

1. ☐ The prior dismissal was of a case not refiled under chapter 7 after dismissal under 11 U.S.C. § 707(b);

2. ☐ Good faith is shown because:

*see adv.*

☐ See attached continuation page

c. ☒ The presumption of a bad faith filing under 11 U.S.C. § 362(c)(4)(D)(i) is overcome in this case as to *all creditors* because:

1. ☒ Debtor had a substantial excuse in failing to file or amend the petition or other documents as required by the court or Title 11 of the United States Code, resulting in the prior dismissal(s) as follows:

*see "Jesinoski"! Unknown at time of prior filings*

☒ See attached continuation page *see adv*

2. ☒ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting dismissal was as the result of the negligence of Debtor's attorney; *Several prior counsels*

3. ☒ Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because: *Incompetence of prior counsel.*

_____

_____

☒ See attached continuation page

*See adv*

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                     Page 7                     F 4001-1.IMPOSE.STAY.MOTION

4. ☒ Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because:

*In comp. of cns1.*

☒ See attached continuation page    *see abv*

5. ☒ There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows: *Jesinoski Decision + Exersise of Right 2-018-10 Voids Note + TD upon*

(from which the court may conclude that this case, if a case under chapter 7, may be concluded with a *mailing.* discharge or, if under chapter 11 or 13, with a confirmed plan that will be fully performed).

☒ See attached continuation page    *see abv    see Notice Rescission + "bank's" acknowledged*

6. ☒ For the following additional reasons:

*see all abv.*

☒ See attached continuation page    *see abv*

7. ☒ The presumption of bad faith as to the Secured Creditor/Lessor under 11 U.S.C. § 362(c)(4)(D)(ii) is overcome in this case because *the underlying Note + TD are* *"void" on 2-17-10 per Jesinoski.*

☒ See attached continuation page(s)    *see abv*

6. **Evidence in Support of Motion: (*Important Note: Declaration(s) in support of the Motion MUST be attached hereto.*)**

a. ☒ Movant submits the attached Declaration(s) on the court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to LBRs.

b. ☒ Other Declaration(s) are also attached in support of this Motion.

c. ☒ Movant requests that the court consider as admissions the statements made by Debtor under penalty of perjury concerning Movant's claims and the Property set forth in Debtor's Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit _____

d. ☒ Other evidence (*specify*): *see abv.*

7. ☒ An optional Memorandum of Points and Authorities is attached to this Motion.

*Here! "Jesinoski" is My MOPtA*

**WHEREFORE, Movant prays that this court issue an Order Imposing a Stay and granting the following (*specify forms of relief requested*):**

1. ☒ That the Automatic Stay be continued in effect as to all creditors until further order of the court.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                Page 8                         **F 4001-1.IMPOSE.STAY.MOTION**

2. ☒ That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

3. ☒ That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

4. ☒ That a Stay be imposed as to all creditors until further order of the court.

5. ☒ That a Stay be imposed as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

6. ☒ That a Stay be imposed as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

7. ☐ For adequate protection of the Secured Creditor/Lessor by (*specify proposed adequate protection*)

_____
_____
_____

8. ☐ For other relief requested, see attached continuation page.

Date: 6/16/15

Respectfully submitted,

Marshall Sanders
_____
Movant name

_____
Firm name of attorney for Movant (if applicable)

_____
Signature

_____
Printed name of individual Movant or Attorney for Movant

## DECLARATION OF MOVANT

I, Marshall Sanders , am the President , 

of Movant.  I have read the foregoing motion consisting of _____ pages, and the attached materials incorporated therein by reference.  If reference is made to balances owing, my testimony regarding same is based upon the business records of Movant kept in the ordinary course of business of Movant by persons whose responsibility it is to accurately and faithfully record information as to the Debtor's account on or near the date of events recorded.  I am one of the custodians of such business records.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

6/16/15        Marshall Sanders
_____     _____     _____
Date            Printed name of declarant            Signature

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

*1501 Keasing Lane*
*Santa Ana, CA 9074*

A true and correct copy of the foregoing document entitled (*specify*): ___*IMPOSE STAY*_____
_____
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On (*date*) *6/16/15*_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*Bank*
*Wells Fargo*
*NDSC*
*SPS*

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

*6/16/15*    *Lydia A. Sambos*    _____
Date            Printed Name                Signature

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

1621 Kensing Lane
Santa Ana, CA 92705-3074

February 17, 2010

Countrywide Home Loans, Inc.
(Now known as: Bank of America)
400 Countrywide Way
**Simi Valley**, CA 93065-6298

Countrywide Bank, N.A.
1199 North Fairfax St., Ste. 500
Alexandria, VA 22314

Bank of America
Home Retention Department
475 Crosspoint Parkway
NY2-002-01-17
Getzville, NY 14068-1609

ReconTrust Company, N.A.
A Wholly-owned subsidiary of
Bank of America
1800 Tapo Canyon Rd.
CA6-914-01-94
**Simi Valley**, CA 93063-6712

ReconTrust Company, N.A.
225 West Hillcrest Drive
MSN TO-02
Thousand Oaks, CA 91360-7883

Wells Fargo
Wells Fargo Bank, N.A.,
As Trustee for Harborview Mortgage Loan,
Trust Mortgage Loan Pass-through Certificates, Series 2007-1
C/o BAC Home Loans Servicing, LP
Foreclosure Department
400 Countrywide Way, SV-35
**Simi Valley**, CA 93065-6298

MERS
Mortgage Electronic Registration Systems, Inc.
P.O. Box 2026
Flint, MI 48051-2026

Re:        **DEMAND & NOTICE OF RESCISSION**
Property: 1621 Kensing Lane, Santa Ana, CA 92705-3074
Originating Loan No. 154127473 (Countrywide)

Dear Sir(s) and or Madame(s):

This correspondence will serve to memorialize my (hereinafter, "Borrower") dispute with the above-referenced mortgage loan by, through, originated, serviced or otherwise now in the hands of your office or under your dominion and control, and as Notice of my Intent to file legal action pursuant to the California Code of Civil Procedure within 30 days from this date.

Further, this correspondence will serve as notice to rescind the above-referenced mortgage loan based on your violations of each of the following federal and state laws, including, but not limited to, the Truth in Lending Act ("TILA") and Real Estate Settlement Procedures Act ("RESPA"), California Unfair/Deceptive Business Practices Act, Breach of Fiduciary Duty, Breach of the Implied Covenant of Good Faith and Fair Dealing, Civil Code §1688, and others.

Please be advised that the security interest in the above-referenced property is now void per this notice and you have 20 days to return all payments made on this loan and to do your part to terminate the security interest in the home. Upon compliance with the above, I, or my representative, will be contacting you to discuss the tender of the reduced payoff amount subject to offset for all damages and costs.

## VIOLATIONS OF TRUTH IN LENDING ACT (TILA)

The purpose of TILA is "to assure meaningful disclosure of credit terms to enable consumers to become informed about the cost of loans and to compare the credit options available to them." If the interest rate is not fixed, then the Truth in Lending Disclosure Statement must inform the borrower of the variable rate feature of the loan. Additionally, federal courts have held that "a misleading disclosure is as much a violation of TILA as a failure to disclose at all."[1]

- Did not deliver good faith estimates of disclosures (preliminary TILDS) within 3 days of loan application.[2]
- Did not provide 2 copies of the completed Right to Cancel.[3]
- The Truth in Lending Disclosure was not provided.[4]

---

[1] *Smith v. Chapman*, 614 F.2d 968, 977 (5th Cir. 1980) and *Barnes v. Fleet Nat'l Bank*, 370 F.3d 164, 174 (1st Cir. 2004) (quoting *Smith v. Chapman*).
[2] 12 C.F.R. §§ 226.19(a)
[3] 12 C.F.R. §§ 226.23(b)
[4] 12 C.F.R. §§ 226.17, 226.18

- Hazard insurance disclosure was not provided.[5]

- "Consumer Handbook on Adjustable Rate Mortgages" (CHARM) was
  not provided within 3 days of application.[6]

Each of these violations is subject to civil remedies in law and equity, in addition
to the recovery of attorney's fees and costs of litigation.

## VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT

There is no evidence to confirm that the borrower received all of the
disclosures mandated by law. The transfer servicing disclosure special
information booklet and affiliated business agreement disclosures do not appear to
have been received by the borrower.

- Did not disclose all affiliated business arrangements.[7]
- HUD-1 was not provided at closing (or 1 day before if requested)
  and accurate.[8]
- Transfer servicing disclosure was not provided at or prior to
  closing.[9]

## VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE[10], BREACH OF FIDUCIARY DUTY, AND BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Unfair competition includes any unlawful, unfair or fraudulent business act or
practice and unfair, deceptive, untrue or misleading advertising. Here, numerous
violations of the CA B&P Code have occurred.

**I.    Underwriting Standards Were Ignored; Borrower Qualification based on
Value of Collateral, rather than Ability to Repay the Loan**

The purpose of an underwriter is to determine whether the borrower can qualify
for a loan and if the borrower has the ability to repay the loan. This determination of the
ability to repay a loan is based upon employment and income in large measure, proved by

---

[5] 12 C.F.R. § 226.4(d)(2)
[6] 12 C.F.R. § 226.19(b)
[7] 24 C.F.R. § 3500.15
[8] 24 C.F.R. § 3500.8(b)
[9] 24 C.F.R. § 3500.21
[10] As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent
business act or practice, and unfair, deceptive, untrue or misleading advertising and any act prohibited by
Chapter 1(commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code:
Violations of specific code sections 10240-10248.3; 10241.

getting pay stubs, 1040s, W-2's, and a Verification of Employment and Income on the borrowers.

If an underwriter has evaluated the loan properly, then there should be no question of the ability of the borrower to repay the loan. Debt ratios will have been evaluated, credit reviewed and a proper determination of risk should have been made in relation to the loan amount. Approvals and denials would be made based upon a realistic likelihood of repayment.

If the underwriter had performed his/her duties accordingly, he/she would have declined this loan due to the inability of the borrower to pay. Further the loan was a stated income loan and was apparently underwritten with an automated underwriting system which is merely intended to be a guide or a preliminary approval system. The underwriter failed to properly examine this loan, and as a result, borrower has been seriously damaged.

## II.    Predatory Lending

The office of Comptroller of the Currency defines Predatory Lending as any lien secured by real estate which shares well known common characteristics that result in unfair and deceptive business practices. Some of those characteristics here include:

- Borrower was a minority, and/or elderly or disabled, and/or the transaction was conducted in a foreign language or otherwise incapable of being understood.[11]
- Other unfair, deceptive, or fraudulent practices in transaction.
- Mortgage broker and corresponding lender involved.

## III.    Breach of Fiduciary Duty

Both lender and broker have a fiduciary responsibility to the borrower. The fiduciary duty of the broker (i.e. duty of trust) is to deal with the consumer in good faith. If the broker knew or should have known that the borrower will or has a likelihood of defaulting on this loan, he/she had a fiduciary duty to the borrower to not place them in that loan (in harm's way).

The fiduciary duty of the broker, as agent for the lender, is the same—to deal with the consumer in good faith, educate the borrowers about loan programs, and other options available to the borrowers, perform their own due diligence to determine if the borrowers are being placed in a loan that is legal, properly disclosed, is the best loan for the borrower given their financial circumstance, and is affordable over the life of the loan.

Here, the Borrower was placed into the current loan product without regard for the ability to repay, likely they would default or incur bankruptcy as a result of the loan, and it was reasonably foreseeable that such would occur.

---

[11] California Civil Code § 1632

In addition, the above-described acts were a violation of the implied covenant of good faith and fair dealing.

## VIOLATION OF CALIFORNIA CIVIL CODE

The California Civil Code has certain provisions that are intended to protect borrowers when attempting to procure a loan from a financial institution or lender:

First, the law requires certain procedural safeguards to protect the borrower such as receipt of specific disclosure notices from the lender. Civil Code §§ 1916.5 and 1916.7. An applicant for a loan pursuant to the provisions of this section must be given a disclosure notice in the following form:

*"NOTICE TO BORROWER, IMPORTANT INFORMATION ABOUT THE ADJUSTABLE PAYMENT, ADJUSTABLE-RATE LOAN. PLEASE READ CAREFULLY..."*

This disclosure was not provided to the borrower at any time during the processing of the loan, nor was any alternative loan product offered to the borrowers.

Also, the lender must notify borrowers of any changes in the interest rate and monthly payment on a loan. The fully amortized rate changes monthly, so the borrower should be notified monthly, in accordance with the above statute. Lender has failed to do so and thus violated the law.

Additional violations of Civil Code §§ 1920-1921 have occurred: adjustment of rate did not take into consideration the ability of borrower to repay; change in rate was not reflected in security instrument; borrower was not provided notice of change of rate monthly; there was a prepayment penalty in the note; borrower was not adequately advised of negative amortization.

These Civil Code violations carry with them damages, attorney's fees, costs of suit, and other legal and equitable relief.

## SECURITIZATION & MERS & QUALIFIED WRITTEN REQUESTS

Mortgage Electronic Registration Systems (MERS) has been named the beneficiary for this loan. MERS was created to eliminate the need for the executing and recording of assignments of mortgages, with the idea that MERS would be the mortgagee of record. This would allow "MERS" to foreclose on the property, and at the same time, assist the lenders in avoiding the recording of the Assignments of Beneficiary on loans sold. This saved the lenders money in manpower and the costs of recording these Assignments. It was also designed to "shield" investors from liability as a result of lender misconduct regarding the process of mortgage lending.

MERS is simply an "artificial" entity designed to circumvent certain laws and other legal requirements dealing with mortgage loans. By designating certain member employees to be MERS corporate officers, MERS has created a situation whereby the foreclosing agency and MERS' "assigned officer" has a conflict of interest.

Since neither MERS nor the servicer has a beneficial interest in the Note, nor do they receive the income from the payments, and since it is actually an employee of the servicer signing the assignment in the name of MERS, the assignment executed by the MERS employee is illegal. The actual owner of the Note has not executed the assignment to the new party. An assignment of a mortgage in the absence of the assignment and physical delivery of the Note will result in a nullity.

It must also be noted that the lender or other holder of the Note registers the loan on MERS. Thereafter, all sales or assignments of the mortgage loan are accomplished electronically under the MERS system. MERS never acquires actual physical possession of the mortgage Note, nor do they acquire any beneficial interest in the Note.

The existence of MERS constitutes numerous violations of the California Business and Professions Code, as well as Unfair and Deceptive Acts and Practices, due to the conflicting nature and identity of the servicer and the beneficiary. Each of these practices was intentionally designed to mislead the borrower and benefit the lenders.

To the extent that this loan has been sold, transferred or assigned, this letter shall also serve as a Qualified Written Request ("QWR") pursuant to RESPA (12 USC § 2600 et seq.), for the following information:

1.      All documents which relate to the original loan transaction which is the subject of this request (hereinafter, "the transaction"), including but not limited to, loan application(s), good faith estimate(s), loan commitment letter(s), Truth in Lending Disclosure Statement(s), Notice(s) of Right to Cancel, HUD-1 or final settlement statement(s), promissory note or notes/agreement(s), mortgage(s)/deed(s) of trust.

2.      All purchase and sale of mortgage agreements, sale or transfer of servicing rights or other similar agreement related to any assignment, purchase or sale of the mortgage loan or servicing rights by you, any broker, affiliate company, parent company, servicers, bank, government-sponsored enterprise, sub-servicers, mortgage broker, mortgage banker or any holder of any right related to the mortgage, promissory note and deed of trust from the inception of the loan through the present date.

3.      All assignments, transfers, or other documents evidencing a transfer, sale or assignment of the mortgage, deed of trust, promissory note or other document that secures payment by me to the obligation in this account from the inception of the loan to the present date.

4.      All deeds in lieu, modifications to the mortgage, promissory note or deed of trust from the inception of the loan to the present date.

5.      Each and every canceled check, money order, draft, debit or credit notice, issued to any servicer of the account for payment of any monthly payment, other payment, escrow charge, fee or expense on the account.

6.      All escrow analyses conducted on the account from the inception of the loan to the date of this letter.

7.      Each and every canceled check, draft or debit notice issued for payment of closing costs, fees and expenses listed on the disclosure statement including, but not limited to, appraisal fees, inspection fees, title searches, title insurance fees, credit life insurance premiums, hazard insurance premiums, commissions, attorney's fees, points, etc.

8.      Copies of all payment receipts, checks, money orders, drafts, automatic debits and written evidence of payments made by borrower(s) or by others on the account.

9.      All letters, statements and documents sent to borrower(s) by your company.

10.     All letters, statements and documents sent to borrower(s) by agents, attorneys or representatives of your company.

11.     All letters, statements and documents sent to borrower(s) by previous servicers, sub-servicers or others in your loan file or in your control or possession of any affiliate, parent company, agent, sub-servicer, servicer, attorney or other representative of your company.

12.     All letters, statements and documents contained in the loan file or imaged by you, any servicer or sub-servicers of the mortgage from inception of the loan to the present date.

13.     All electronic transfers, assignments, sales of the Note, mortgage, deed of trust or other security instrument.

14.     All agreements, contracts and understandings with vendors that have been paid for by any charge to the account of borrower(s) from the inception of the loan to the present date.

15.     All agreements, contracts and understandings between you and the loan originator for this transaction.

16.     All loan servicing records, payment payoffs, payoff calculations, ARM audits, interest rate adjustments, payment records, transaction histories, loan histories, accounting records, ledgers and documents that relate to the accounting of the loan from inception to the present date.

7

17.     All loan servicing transaction records, ledgers, registers and similar items detailing how the loan has been serviced from loan inception to the present date.

18.     All loan servicing agreements between the servicer(s) and the loan holder, lender, and/or trustees.

19.     Copies of all sales contracts, servicing agreements, assignments, transfers, indemnification agreements, recourse agreements, mortgage insurance contracts and any agreement related to the loan from its inception through actual receipt of this communication; assumed to be three business days ahead of the date written above.

Further, please provide, in writing, the answers to the questions listed below.

1)     Please identify the name, address and telephone number of the current holder (or owner) of the Note.

2)     Please identify the name, address and telephone number of the current holder (or owner) of the mortgage (or deed of trust).

3)     Identify the name, address and telephone number of the mortgage broker involved in the transaction.

4)     Identify any and all fees or any "things of value" provided to mortgage broker in the transaction.

5)     Identify specifically how the "Annual Percentage Rate" and "Amount Financed" were calculated in connection with this loan.

6)     Please identify where the originals of the entire loan file are currently located and how they are being stored, kept and protected/safeguarded.

7)     Where is the "original" promissory note or mortgage located? Please describe its physical location and anyone holding this Note as a custodian or trustee, if applicable.

8)     Where is the "original" deed of trust located? Please describe its physical location and anyone holding this deed of trust as a custodian or trustee, if applicable.

9)     Has the mortgage loan been made a part of any mortgage pool since the inception of the loan? If yes, please identify each and every loan mortgage pool that the mortgage has been a part of from the inception of the mortgage to the present date.

10)     Have there been any "investors" who have participated in any mortgage-backed security (MBS), collateral mortgage obligation (CMO) or other mortgage security instrument that the mortgage loan has ever been a part of from the inception of the

mortgage loan to the present date? If yes, please identify the name and address of each and every individual, entity, organization or company.

11)    Please identify the parties and their addresses to all sales contracts, servicing agreements, assignments, transfers, indemnification agreements, mortgage insurance contracts, recourse agreements and any agreement related to the loan from its inception to the current date written above.

**Borrower hereby demands:**

- That, pursuant to the above regulations, lender shall rescind the loan made by defendants to secure the property and all security instruments in connection with those loans; and that all costs to acquire those loans plus all interest paid shall be refunded to borrower.

- That defendants will re-secure the property with a new loan at an amount equal to today's current market value, and with the terms that were originally disclosed, but at a payment not to exceed 28-31% of borrower's income as should have been done in the first place.

- That lender reimburse plaintiffs for all costs to resolve this matter, including but not limited to attorney's fees, investigation fees, audit(s) performed by third parties, expert witness consultations, and out-of-pocket costs and expenses, including travel and lodging expenses to meet and confer with mortgage and banking personnel and government regulatory officials and politicians to determine the breadth and scope of the injuries inflicted upon borrower in the perversion of the loan process.

- That lender pays damages in the amount of $100,000,000,000,000.00 to restore the class/borrower and any and all collateral foreclosed, plus treble damages.

- That lender pays damages in the amount of $100,000,000,000,000.00 to class/borrower for stress, harassment, threats, trespass, conversion, false imprisonment, intentional and negligent infliction of emotional distress, false credit reporting, and negative and detrimental libel and slander of borrower's character, plus trebled damages .

- That, pursuant to the requests above, a statutorily timely response to the request for documents and information is provided.

Demand is herewith made that all efforts at sale, eviction or foreclosure be stopped immediately as the property is scheduled for eviction or sale.

Furthermore, and in accordance with the Fair Credit Reporting Act, while this matter is in dispute, the lender must not report any negative information on this account

to any reporting agency and/or credit bureau(s), and that with resolution of this matter, the lender will report the account "paid as agreed" and will remove any derogatory information from their credit report, to include any foreclosure filings and other references to foreclosure.

If this does not immediately comport with your full understanding of this matter or you do not agree with this demand, you should so notify me [or my representative(s)] immediately via the most expedient means at your disposal directed to me at the collateral address noted at the beginning of this communication, in writing.

You have twenty (20) days from receipt of this letter to comply with these demands. Please govern yourselves accordingly; bearing in mind as paramount that time is of the essence.

We look forward to your timely compliance.

Most respectfully yours,




Marshall Sanders

**Bank of America** 🇺🇸

**Home Loans**

**1757 Tapo Canyon Road
Mailstop CA6-913-02-29
Simi Valley, CA  93063**

<u>**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED #7009 2820 0001 7060 6576**</u>

March 4, 2010

Marshall S. Sanders
1621 Kensing Lane
Santa Ana, CA 92705

Re:   BAC Loan Number:      154127473
Property Address:      1621 Kensing Lane, Santa Ana, CA 92705

Dear Mr. Sanders:

BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A. ("BAC Home Loans"), f/k/a Countrywide Home Loans Servicing, LP, is in receipt of your correspondence dated February 17, 2010, wherein you give notice to rescind the above-referenced mortgage loan transaction based on violations of the federal Truth in Lending Act and Regulation Z (collectively "TILA"). This letter also acknowledges receipt of your Qualified Written Request, and BAC Home Loans will respond, or has responded, to that request under separate cover.

TILA provides that if required notices or material disclosures are not delivered to the consumer, the right to rescind shall expire three (3) years after consummation of the loan. As part of our thorough investigation, the loan file was reviewed. Because the subject loan was consummated in December 2006, any extended right to rescind, if applicable, has expired pursuant to TILA.

Based on the foregoing, your claim to rescind the mortgage loan transaction is denied and this matter is now closed. In providing this response, BAC Home Loans is making no admission of any TILA violations related to this transaction. Please feel free to contact me in writing should you have any questions or need additional information.

Sincerely,

Irene Fragoso
Litigation Specialist

DP

**DILWORTH
PAXSON**ᴸᴸᴾ

direct dial number:
(215) 575-7137

Jonathan K. Moore
jmoore@dilworthlaw.com

May 20, 2010

Marshall S. Sanders
1621 Kensing Lane
Santa Ana, CA 92705

Re:   Borrower(s): Marshall S. Sanders (the "Borrower")
      Property Address(s): 1621 Kensing Lane, Santa Ana, CA 92705
      Loan Number(s): 154127473 (the "Loan")

Dear Mr. Sanders:

This firm represents BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A. ("BAC Home Loans"), f/k/a Countrywide Home Loans Servicing LP, with regard to the above Loan. We are writing in response to your correspondence dated February 7, 2010 and February 17, 2010 (collectively, the "Letter"), which was sent to BAC Home Loans for response, wherein you request information regarding the Loan. Although the Letter is couched as a "qualified written request," the information requested in the Letter goes well beyond that which is available through a qualified written request made under 12 U.S.C. §2605 ("QWR"). With respect to your rescission request, BAC Home Loans will respond to this request under separate cover.

As you may be aware, a QWR is a written correspondence which includes a statement of specific reasons why the borrower believes that its account is in error and which provides sufficient detail to allow the servicer of the loan to review the borrower's account to determine whether there were errors made in connection with the account, and to either make appropriate corrections where errors were made or explain to the borrower why the servicer believes the account is accurate. A QWR is not a vehicle for a borrower to obtain confidential information concerning the lender's business practices, trade secrets or other proprietary information, nor can it be used to support a fishing expedition for documents that may support a claim or as a mechanism for seeking any other information which does not relate specifically to the borrower's loan. The Letter seeks information which goes well beyond that which is available through a'QWR, while failing to provide any of the necessary detail regarding any specific error(s) made by the servicer in connection with the Loan.

Although the Letter is overly broad, unduly burdensome and not in conformity with 12 U.S.C. §2605, BAC Home Loans reviewed its file documents in an attempt to obtain information responsive to those of your inquiries which were consistent with 12 U.S.C. §2605. The results of this review of the Borrower's Loan file are set forth below and in the documents attached hereto.

BAC Home Loans responds to your first series of numbered requests as follows:

Dilworth Paxson LLP                                                    Page 2

1.    Enclosed please find copies of the following documents available under 12 U.S.C. §2605:

   a.    Appraisal Reports;
   b.    Deed of Trust;
   c.    Inter Vivos Revocable Trust Rider;
   d.    Adjustable Rate Rider;
   e.    Truth in Lending Disclosure Statement(s);
   f.    Uniform Residential Loan Applications;
   g.    Good Faith Estimate(s);
   h.    Adjustable Rate Note;
   i.    Notice of Right to Cancel; and
   j.    Settlement Statement.

2.    Enclosed is a Payment History, which lists the transactions relating to the Loan during
      BAC Home Loans' servicing. Please note this history provides pertinent information on
      payments received, tax and insurance payments disbursed, funds in the
      suspense/unapplied funds balance, and late charges assessed and paid. There are no
      codes used in the Payment History that require specific definitions. Please note the
      Payment History sets forth the application of payments per the terms of the borrower's
      loan documents and may not represent the application of prepetition and postpetition
      payments pursuant to an applicable bankruptcy plan which may be in effect. To date, the
      fees that have been charged against the account and are not reflected in the Payment
      History are as follows: advertising/publishing fees of $245.00; attorney/trustee fees of
      $520.00; inspection fees of $150.00; mailing fees of $71.88; posting fees of $160.00;
      recording fees of $36.00; and title fees of $1,529.00.

BAC Home Loans responds to your second series of numbered requests as follows:

1.    See enclosed Payment History. The remainder of this request is respectfully declined, as
      it seeks documentation and/or information beyond that which is available through a
      "qualified written request" made under 12 U.S.C. §2605.

2.    There are no codes used in the Payment History that require specific definitions.

3.    This request is respectfully declined, as it seeks documentation and/or information
      beyond that which is available through a "qualified written request" made under 12
      U.S.C. §2605.

4.    This request is respectfully declined, as it seeks documentation and/or information
      beyond that which is available through a "qualified written request" made under 12
      U.S.C. §2605.

5.    Copies of all loan documents available under 12 U.S.C. §2605 have been enclosed in
      response to paragraph 1 of the first series of numbered requests.

Dilworth Paxson LLP                                                                        Page 3

6.   This request is respectfully declined, as it seeks documentation and/or information beyond that which is available through a "qualified written request" made under 12 U.S.C. §2605.

7.   Annual escrow statements are issued to customers as scheduled. Copies of the issued statements are not retained; however, the information is available in electronic format for associates to discuss with BAC Home Loans' customers during customer service telephone or correspondence inquiries or when customers view their loan information on the website.

8.   This request is respectfully declined, as it seeks documentation and/or information beyond that which is available through a "qualified written request" made under 12 U.S.C. §2605.

9.   This request is respectfully declined, as it seeks documentation and/or information beyond that which is available through a "qualified written request" made under 12 U.S.C. §2605.

10.  This request is respectfully declined, as it seeks documentation and/or information beyond that which is available through a "qualified written request" made under 12 U.S.C. §2605.

11.  This request is respectfully declined, as it seeks documentation and/or information beyond that which is available through a "qualified written request" made under 12 U.S.C. §2605.

12.  This request is respectfully declined, as it seeks documentation and/or information beyond that which is available through a "qualified written request" made under 12 U.S.C. §2605.

13.  This request is respectfully declined, as it seeks documentation and/or information beyond that which is available through a "qualified written request" made under 12 U.S.C. §2605.

14.  This request is respectfully declined, as it seeks documentation and/or information beyond that which is available through a "qualified written request" made under 12 U.S.C. §2605.

15.  See enclosed Appraisal Report. The remainder of this request is respectfully declined, as it seeks documentation and/or information beyond that which is available through a "qualified written request" made under 12 U.S.C. §2605.

16.  See fees listed in response to paragraph 2 above. The remainder of this request is respectfully declined, as it seeks documentation and/or information beyond that which is available through a "qualified written request" made under 12 U.S.C. §2605.

Dilworth Paxson LLP                                                      Page 4

17.   This request is respectfully declined, as it seeks documentation and/or information beyond that which is available through a "qualified written request" made under 12 U.S.C. §2605.

18.   This request is respectfully declined, as it seeks documentation and/or information beyond that which is available through a "qualified written request" made under 12 U.S.C. §2605.

19.   See enclosed Payment History. The remainder of this request is respectfully declined, as it seeks documentation and/or information beyond that which is available through a "qualified written request" made under 12 U.S.C. §2605.

20.   See response to paragraph 19.

Regarding your allegations of misrepresentation in connection with the origination of the Loan, the Borrower's signatures on the Loan documents confirms the Borrower received, read, understood, and agreed to the terms and conditions contained within each document. If the Borrower had concerns or was not in agreement with the terms and conditions of the Loan, the Borrower was under no obligation to sign the Loan documents or continue the Loan process. With respect to the alleged misstatement of income on the Uniform Residential Loan Application (the "Application"), the Application was signed by the Borrower, who, by signing the Application, represented that all of the information therein was true and correct to the best of his/her knowledge. Your remaining claims are vague and conclusory, and are inconsistent with the enclosed documents. Based on the foregoing, BAC Home Loans considers the issues raised in the Letter resolved.

**Verification of Debt**
To the extent the Letter can be construed as a request for verification of the debt, please be advised that the debt is evidenced by an Adjustable Rate Note dated December 22, 2006, in the principal amount of $1,435,000.00, executed by the Borrower, in favor of Countrywide Bank, N.A. The note is secured by a Deed of Trust dated the same date. The current owner of the note is Wells Fargo Bank, N.A. as Trustee of Harborview Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-1, which has an address of 9062 Old Annapolis Road, Columbia, MD 21045. Please refer to the enclosed documents for additional information.

A payoff demand statement has been requested. This payoff statement will show all amounts necessary to pay off the Loan.

The remainder of the requests contained in the Letter are overly broad, do not concern the application of payments or the disbursement of funds to the Borrower, and make no allegations whatsoever of any wrongdoing by BAC Home Loans. Accordingly, these requests are declined as they seek documentation that goes beyond that which is available through a "qualified written request" under 12 U.S.C. §2605.

Dilworth Paxson LLP                                                                        Page 5

Your remaining originations and servicing allegations are vague and conclusory, and are inconsistent with the enclosed documents. Based on the foregoing, BAC Home Loans considers the issues raised in the Letter resolved.

In providing the above response, BAC Home Loans is not limiting or waiving any rights or remedies it may now or hereafter have, whether arising under your Loan documents, at law or in equity, all of which rights and remedies are expressly reserved.

If you have further concerns or questions regarding this matter please contact BAC Home Loans' bankruptcy specialist, Linda Hernandez (805) 955-5242. Thank you for this opportunity to be of service.

                                        Very truly yours,

Enclosures                              Jonathan K. Moore

863971_1