LOCKE LORD LLP
Conrad V. Sison (SBN: 217197)
csison@lockelord.com
Shiva Delrahim Beck (SBN: 228841)
sdelrahim@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Telephone:    213-485-1500
Facsimile:    213-485-1200

Attorneys for SELECT PORTFOLIO SERVICING, INC., WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF OF THE HOLDERS OF HARBORVIEW MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2007-1 AND NATIONAL DEFAULT SERVICING CORPORATION

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No. 8:15-bk-13011-ES |
| **MARSHALL SAMUEL SANDERS**, | Chapter 13 |
| Debtor. | **OPPOSITION OF SELECT PORTFOLIO SERVICING, INC., WELLS FARGO BANK, N.A., AS TRUSTEE, AND NATIONAL DEFAULT SERVICING CORPORATION TO DEBTOR'S MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE; PROOF OF SERVICE** |
| | **Hearing** |
| | Date:  July 7, 2015 |
| | Time:  9:30 a.m. |
| | Ctrm:  5A |
| |       411 West Fourth St. |
| |       Santa Ana, CA |

1
OPPOSITION TO CONTINUE STAY

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, CHAPTER 13 TRUSTEE, AND OTHER PARTIES IN INTEREST:**

Select Portfolio Servicing, Inc. ("SPS"), Wells Fargo Bank, N.A., as Trustee, on behalf of the holders of the Harborview Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-1 ("WFB, as Trustee), and National Default Servicing Corporation ("NDSC", and collectively, the "Opposing Parties"), by and through their undersigned attorneys, submit their opposition (the "Opposition") to the debtor Marshall Samuel Sanders' ("Debtor") Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate (the "Motion") [Doc 4] in connection with the real property and improvements located at 1621 Kensing Lane, Santa Ana, California 92705 (the "Property"). In support of the Opposition, Opposing Parties concurrently herewith file the Request for Judicial Notice ("RJN") and respectfully state and represent as follows:

## PRELIMINARY STATEMENT

This is Debtor's fifth bankruptcy case in five years and last-gasp attempt at delaying a long overdue foreclosure on the Property. Debtor filed a bankruptcy case in 2010, another one in 2011 (dismissed), a third bankruptcy case in 2013 (dismissed), a fourth bankruptcy case in 2014 (dismissed with 180-day bar to filing bankruptcy), a suit in Orange County Superior Court in 2014, and another suit filed in 2015 in federal district court to obtain a preliminary injunction (failed). Debtor's scheme is that he commences an action and as soon as a decision will be entered against him, he seeks to voluntarily dismiss the case to avoid the imposition of a judgment and then starts all over again. Through these actions, Debtor has hindered, delayed, and harassed Opposing Parties from rightfully enforcing their remedies under applicable non-Bankruptcy law for over 4 years!

Now, Debtor is again abusing the Bankruptcy Code and Bankruptcy Court's docket to seek the continuation of the automatic stay. As explained fully herein, Debtor's Motion should be denied in its entirety.[1]

---

[1] Debtor filed the Motion on Shortened Notice. Counsel for Opposing Parties was notified of this filing on June 23, 2015 and plans to file a motion for relief from stay as soon as possible.

## **RELEVANT FACTUAL BACKGROUND**

1. On April 12, 2010, Debtor filed for relief under chapter 13 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California, Santa Ana (the "Bankruptcy Court"), Case No. 8:10-bk-14682-ES (the "First Bankruptcy Case"). (RJN, Ex. A).

2. The First Bankruptcy Case was converted to a case under chapter 7 on April 26, 2010 and Debtor obtained a discharge on February 2, 2011. (RJN, Ex. A). The First Bankruptcy Case was closed on September 9, 2011. (RJN, Ex. A).

3. Approximately a month after the closure of the First Bankruptcy Case, Debtor filed for relief again, this time under chapter 11 of the Bankruptcy Code, in the Bankruptcy Court, Case No. 8:11-bk-24594-ES (the "Second Bankruptcy Case"). (RJN, Ex. B).

4. The Second Bankruptcy Case was dismissed on August 21, 2013 pursuant to 11 U.S.C. § 1112(b) by order entered by the Bankruptcy Court. (RJN, Ex. C).

5. Debtor appealed the dismissal of the Second Bankruptcy Case, which decision of the Bankruptcy Court was affirmed by the Bankruptcy Appellate Panel on May 30, 2013. (RJN, Ex. B).

6. Prior to the decision of the BAP, on May 7, 2013, Debtor filed for relief again under chapter 11 of the Bankruptcy Code in the Bankruptcy Court, Case No. 8:13-bk-14049-ES (the "Third Bankruptcy Case"), which case was dismissed on October 4, 2013. (RJN, Ex. D). The dismissal of the Third Bankruptcy Case was also appealed, this time to the United States District Court. (RJN, Ex. D). The District Court dismissed the appeal on April 11, 2014. (RJN, Ex. D).

7. Approximately a month prior to the dismissal of the appeal by the District Court, Debtor again filed for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court, Case No. 8:14-bk-11663-ES (the "Fourth Bankruptcy Case"). (RJN, Ex. E).

8. On August 26, 2014, Wells Fargo, as Trustee filed a motion for relief from the automatic stay (the "Motion for Relief"). (RJN, Ex. F). The

9. The Fourth Bankruptcy Case was dismissed on September 18, 2014. (RJN, Ex. G). Additionally, the Bankruptcy Court barred the Debtor from filing another bankruptcy case for 180 days. (RJN, Ex. G).

10. As a result of the dismissal of the Fourth Bankruptcy Case, the Bankruptcy Court denied the Motion for Relief as moot. (RJN, Ex. H).

11. Upon the dismissal of the Fourth Bankruptcy Case, on November 21, 2014, Debtor filed a complaint against SPS, NDSC, and Bank of America, N.A. relating to a mortgage loan that is secured by the Property in the Orange County Superior Court, Case No. 30-2014-00757782 (the "State Court Action"). (RJN, Ex. I). The Superior Court granted Debtor's request for a preliminary injunction, but required that he post a bond by June 2, 2015. (RJN, Ex. J). Debtor failed to post the requisite bond. (RJN, Ex. J). Instead, Debtor filed a request for dismissal of the State Court Action without prejudice. (RJN, Ex. I).

12. Despite seeking dismissal of the State Court Action, immediately thereafter, on June 11, 2015, Debtor commenced an action in the U.S. District Court for the Central District of California, Case No. 8:15-cv-00935-AG-AS alleging the same causes of action as in the State Court Action, but coupling the request with an *ex parte* application for a temporary injunction to prevent foreclosure of the Property at the trustee sale, which was scheduled for June 15, 2015. (RJN, Ex. K). This was yet another attempt to forum shop.

13. On June 12, 2015, the U.S. District Court denied Debtor's request for the temporary injunction and issued an order to show cause within 14 days as to why sanctions should not be issued to Debtor as a result of Debtor's "apparent misrepresentations in the civil cover sheet and his actions concerning filing what appears to be an action already remanded by the Court. Sanctions to be considered include monetary sanctions and dismissal." (RJN, Ex. L).

14. As a result of the District Court's ruling, Debtor seeks to abuse the Bankruptcy Court's process once again by filing for relief, this time under chapter 13, in the Bankruptcy Court, Case No. 8:15-bk-13011-ES on June 15, 2015, the date of the scheduled non-judicial trustee's sale (the "Fifth Bankruptcy Case"). (RJN, Ex. M). In the voluntary petition (nothing more than a skeleton petition filed on the eve of foreclosure), Debtor asserts, under penalty of perjury, that his assets and liabilities do not exceed $50,000 (RJN, Ex. M), despite making this entire case about the Property, on which the secured debt exceeds at least $1.5 million, well above the threshold limits of section 109(e) of the Bankruptcy Code. (RJN, Ex. F).

15. Additionally, Debtor fails to disclose all of his prior bankruptcy cases within the past 8 years in his voluntary petition, again, under penalty of perjury. (RJN, Ex. M). Importantly, Debtor fails to include the Third Bankruptcy Case and the Fourth Bankruptcy Case, the latter of which was dismissed with a 180 day bar from refiling by this Court.

## **OPPOSITION**

By way of the Motion, Debtor seeks to extend the automatic stay under section 362 of the Bankruptcy Code as to all creditors, which automatic stay will terminate with respect to the debtor on the 30th day after the filing of the Fifth Bankruptcy Case (i.e., July 15, 2015). (Doc 4). Opposing Parties respectfully request that the Motion be denied in its entirety.

First, the Motion is replete with misrepresentations and inaccuracies. Second, Debtor has failed to rebut the presumption by clear and convincing evidence that the Fifth Bankruptcy Case was filed in bad faith.

Section 362(c)(3)(A) of the Bankruptcy Code limits the duration of the automatic stay in a case filed by a debtor who has had a prior case dismissed within the prior year by terminating the automatic stay with respect to the debtor on the 30th day after the filing of the later case. 11 U.S.C. § 362(c)(3)(A). Section 362(c)(3)(B) provides that upon the motion of a party in interest, and after notice and hearing completed within the 30-day period before the expiration of the stay, the court may continue the automatic stay if such party demonstrates that the later case has been filed in good faith as to the creditors stayed by the filing. 11 U.S.C. § 362(c)(3)(B). The Bankruptcy Code provides that a case is presumptively filed not in good faith as to any creditor if such creditor commenced an action under section 362(d) of the Bankruptcy Code in the prior action and such action was resolved by terminating the stay as to such creditor. 11 U.S.C. § 362(c)(3)(C)(ii). In order to rebut such presumption, the moving party must present clear and convincing evidence to the contrary. 11 U.S.C. § 362(c)(3)(C).

### A.  **The Fifth Bankruptcy Case Was Not Filed In Good Faith.**

In the Motion, Debtor argues—in the parts that are legible—that a substantial change in the personal or financial affairs of the Debtor has taken place since the dismissal of the Fourth Bankruptcy Case as a result of the *Jesinoski* decision by the Supreme Court issued in January 2015.

(Doc 4 at p. 8). *See Jesinoski v. Countrywide Home Loans, Inc., et al.*, (No. 13-684), 574 U.S. ____ (Jan. 13, 2105) (slip. op.). Additionally, Debtor argues that the Secured Creditor's interest is adequately protected because there is "no first lien per ch. 7 dishg [sic] 2010 and TILA Rescission Voids Note and T.D." (Doc 4 at p. 5). Debtor, however, overlooks section 362(c)(3)(C)(ii) of the Bankruptcy Code, which expressly provides that a case is presumptively filed not in good faith as to any creditor that commenced an action under subsection (d) in the previous case, that action was still pending or was resolved by terminating, conditioning, or limiting the stay. Importantly, Debtor does not and cannot argue that the *Jesinoski* case is applicable to him as there is no allegation that he did not receive the appropriate disclosures. Moreover, Debtor's purported rescission is not effective as it was served after the three-year deadline imposed by the Supreme Court in *Jesinsoki*.

The Fifth Bankruptcy Case was presumptively filed in bad faith as to Opposing Parties because Wells Fargo, as Trustee filed a motion for relief from stay in the Fourth Bankruptcy Case (which was denied as moot because the Fourth Bankruptcy Case had already been dismissed with a 180-day bar). Although an order granting the motion for relief was not entered, the only reason that it was denied as moot was that Debtor filed a motion to voluntarily dismiss the Fourth Bankruptcy Case, for the very reason of avoiding an order on the motion for relief from stay.

Importantly, Debtor does not even disclose the Fourth Bankruptcy Case in his Motion or voluntary petition, despite the fact that the dismissal of the Fourth Bankruptcy Case essentially gave rise to the Motion (otherwise, the limitations of section 362 would not be relevant if no case had been dismissed in the prior year). Additionally, Debtor has made numerous attempts to stave off foreclosure, at least five times in the Bankruptcy Court, the State Superior Court, and the U.S. District Court. Indeed the District Court has issued an order to show cause why sanctions should not be issued against the Debtor. Debtor does not and cannot rebut the presumption that this latest attempt to avoid foreclosure is in good faith. Importantly, Debtor cannot make any showing that this latest Fifth Bankruptcy Case was filed in good faith.

In order to rebut the presumption of bad faith, Debtor must establish that he filed the Fifth Bankruptcy Case in good faith by clear and convincing evidence.[2] To meet the clear and convincing standard, the debtor must produce sufficient proof "which will produce in the mind of the trier of fact, a firm belief or conviction that the allegations sought to be established are true; it is 'evidence so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case.' . . . [I]t is difficult to discern a factual situation that would enable a court to conclude with this degree of certainty that a debtor's bankruptcy case was filed in good faith . . . ." *In re Montoya*, 342 B.R. 312, 317 n. 8 (Bankr. S.D. Cal. 2006).

In determining whether a bankruptcy case was filed in bad faith, the Ninth Circuit has held that courts must take into consideration the "totality of circumstances," which includes the following factors: (i) whether the debtor misrepresented facts in his petition, unfairly manipulated the Bankruptcy Code, or otherwise filed the bankruptcy case in an inequitable manner; (ii) the history of the debtor's filings and dismissals; (iii) whether the debtor intended to defeat state court litigation; and (iv) where there is egregious behavior on the part of the debtor. *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1224 (9th Cir. 1999). In this case, the totality of circumstances weigh in favor of a finding that the Fifth Bankruptcy Case was filed in bad faith.

First, the Debtor's voluntary petition and Motion are replete with misrepresentations (as well as failure to disclose) and inaccuracies. For example, Debtor asserts, under penalty of perjury, in the voluntary petition that his assets and liabilities are not greater than $50,000. This assertion is made despite the fact that this entire Fifth Bankruptcy Case is about the foreclosure of the Property, which has at least $1.5 million of secured debt against it. Additionally, Debtor fails to disclose at least two other prior bankruptcy cases (i.e., the Third Bankruptcy Case and the Fourth Bankruptcy Case) in both the voluntary petition (under penalty of perjury) and the Motion. Debtor filed a skeleton petition on the eve of foreclosure to avoid a foreclosure that has been in the making for over 4 years!

---

[2] Although the clear and convincing standard is only implemented if an or order granting the motion for relief was entered, in this case, the Court should take note that a motion was on file and Debtor filed a voluntary motion to dismiss the Fourth Bankruptcy Case, for the very reason to avoid an order granting relief from stay. As a result, the clear and convincing standard should be employed in this case as well.

Enough is enough. Debtor has also manipulated the Bankruptcy Code by filing a voluntary motion to dismiss in the Fourth Bankruptcy Case upon Wells Fargo, as Trustee's filing of the Motion for Relief. Debtor omits the material fact that Wells Fargo, as Trustee filed a Motion for Relief in the Fourth Bankruptcy Case. As a result of the voluntary dismissal of the Fourth Bankruptcy Case, Wells Fargo, as Trustee was not able to obtain a favorable judgment that would result in a rebuttable presumption in this case in connection with the automatic stay.

Second, Debtor has abused the Bankruptcy Code enough times. This is the Debtor's **fifth** bankruptcy case! Each time, Debtor files bankruptcy on the eve of foreclosure or takes other action, whether in Superior Court or the District Court, to halt the ability of creditors from enforcing their remedies under applicable state law. Debtor has had three bankruptcy cases dismissed without any resolution. Debtor already obtained a discharge in 2010, so there is no need for another bankruptcy case other than to take advantage of the automatic stay, which is meant for the honest, but unfortunate debtor. Debtor has not been honest with this Court or his creditors.

Third, Debtor only filed this Fifth Bankruptcy Case after the State Court Action was not going in his direction (because he failed to post the bond required by the Superior Court and the preliminary injunction would be lifted) and the District Court issued an order to show cause as to why sanctions should not be awarded against Debtor. Debtor has forum shopped in both state court and federal court and both courts have found in the Opposing Parties' favor.

Finally, Debtor's actions are egregious. At every turn, Debtor has avoided foreclosure – for over four years, by filing bankruptcy after bankruptcy and applications for temporary injunctions. Enough is enough. The 180-day bar was not enough to bar Debtor from hindering, delaying and harassing creditors. The Debtor should not be permitted to unfairly manipulate the Bankruptcy Code.

In addition, Debtor's reliance on the *Jesinoski* decision is misplaced. While Debtor cites to the Supreme Court decision as a material change in his personal and financial affairs, as well as in reliance that this Fifth Bankruptcy Case was filed in good faith, the *Jesinoski* decision has nothing to do with the Debtor's changed personal and financial situation. Importantly, Debtor commenced an action in the U.S. District Court on June 11, 2015, well after the *Jesinoski* decision was issued, and

yet, the District Court denied Debtor's request for an injunction and issued an order to show cause as to why sanctions should not be issued in light of the repetitive and frivolous filings by Debtor.

The Debtor has not and cannot meet the burden of showing that the Fifth Bankruptcy Case was filed in good faith. For the foregoing reasons, the Motion should be denied and the automatic stay should be deemed terminated as to Opposing Parties as of July 15, 2015.[3]

## CONCLUSION

WHEREFORE, Opposing Parties respectfully request that the Court enter an order (i) denying the Motion, (ii) finding that the automatic stay is terminated as to Opposing Parties as of July 15, 2015, and (iii) such other relief as is just and proper..

Dated: June 26, 2015

Respectfully submitted,

LOCKE LORD LLP

By:   /s/ Shiva Delrahim Beck
       Shiva Delrahim Beck
       Conrad V. Sison
       Attorneys for Select Portfolio Servicing, Inc., Wells Fargo Bank, N.A., as Trustee, on behalf of the holders of the Harborview Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-1, and National Default Servicing Corporation

---

[3] Opposing Parties' reserve the right to seek relief from the automatic stay to a day prior to July 15, 2015. Opposing Parties are in the process of preparing the motion for relief and will have it on file as soon as possible.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 300 South Grand Ave., Suite 2600, Los Angeles, California 90071

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION OF SELECT PORTFOLIO SERVICING, INC., WELLS FARGO BANK, N.A., AS TRUSTEE, AND NATIONAL DEFAULT SERVICING CORPORATION TO DEBTOR'S MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) June 26, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Chapter 13 Trustee – efile@ch13ac.com
- United States Trustee – ustpregion16.sa.ecf@usdoj.gov
- Debtor – marshallsssssanders@yahoo.com
- Employment Development Group – itcdbg@edd.ca.gov
- Franchise Tax Board – BKBNCNotices@ftb.ca.gov
- Internal Revenue Service – cio.bncmail@irs.gov

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) June 26, 2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

| **Debtor – Via Overnight Mail** | **Judge's Copy – Via Personal Service** |
|---|---|
| Marshall Samuel Sanders | Honorable Erithe A. Smith |
| 1621 Kensing Lane | United States Bankruptcy Court |
| Santa Ana, CA 92705-3074 | Ronald Reagan Federal Building |
| | 411 W. Fourth Street, Suite 5040 (by 5th Floor Elevator) |
| | Santa Ana, CA 92701 |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 26, 2015 | Antoinette Taylor | */s/ Antoinette Taylor* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                        **F 9013-3.1.PROOF.SERVICE**