United States Bankruptcy Court
Central District of California

In re:                                                                              Case No. 15-13011-ES
Marshall Samuel Sanders                                                             Chapter 13
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0973-8        User: admin              Page 1 of 1           Date Rcvd: Jul 10, 2015
                            Form ID: pdf042          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 12, 2015.
  NO NOTICES MAILED.

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
db              E-mail/PDF: marshallssanders@yahoo.com Jul 11 2015 01:57:23      Marshall Samuel Sanders,
                1621 Kensing Ln,   Santa Ana, CA  92705-3074
                                                                                                   TOTAL: 1

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 12, 2015                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 10, 2015 at the address(es) listed below:
              Amrane (SA)  Cohen (TR)    efile@ch13ac.com
              Daniel K Fujimoto    on behalf of Interested Party    Courtesy NEF wdk@wolffirm.com
              Gilbert R Yabes     on behalf of Interested Party    Courtesy NEF ecfcacb@aldridgepite.com,
               GRY@ecf.inforuptcy.com;gyabes@aldridgepite.com
              Shiva D. Beck    on behalf of Creditor    Select Portfolio Servicing, Inc. sdelrahim@lockelord.com
              Shiva D. Beck    on behalf of Creditor    Wells Fargo Bank, N.A., as Trustee, on Behalf of the
               Holders of Harborview Mortgage Loan Trust Mortage Loan Pass-Through Certificates, Series 2007-1
               sdelrahim@lockelord.com
              Shiva D. Beck    on behalf of Creditor    National Default Servicing Corporation
               sdelrahim@lockelord.com
              United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
                                                                                                   TOTAL: 7

**FILED & ENTERED**

**JUL 10 2015**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** duarte    **DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>Marshall Samuel Sanders<br><br><br><br>Debtor(s). | Case No.: 8:15-bk-13011-ES<br><br>CHAPTER 13<br><br>**ORDER DENYING MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY [DOCKET #4] AND EMERGENCY EX PARTE MOTION TO STRIKE ANY AND ALL OPPOSITION TO DEBTOR'S MOTION TO IMPOSE STAY [DOCKET #21]**<br><br>Date:    July 7, 2015<br>Time:    9:30 AM<br>Courtroom: 5A |

    The Court conducted a hearing on Debtor's "Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate" (the "Motion") on July 7, 2015 at 9:30 a.m., in Courtroom 5A, before the Honorable Erithe A. Smith, United States Bankruptcy Judge.  Marshall Samuel Sanders ("Debtor")

-1-

appeared *pro se* in support of the Motion; Shiva Beck, Esq. of Locke Lord LLP appeared on behalf of the responding parties, Select Portfolio Servicing, Inc., Wells Fargo Bank, N.A., as Trustee, on behalf of the holders of Harborview Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-1 and National Default Serving Corporation (collectively, "Opposing Parties").  In connection with the Motion, Debtor also filed an "Emergency Ex Parte Motion to Strike Any and All Opposition to Debtor's Motion to Impose Stay, Etc." ("Motion to Strike").

Based upon the court's review of the pleadings, the court's record, and applicable law, the Motion is hereby DENIED.  The basis for the denial of the Motion was set forth in the court's "Tentative Ruling" issued prior to the hearing and is hereby incorporated and set forth in the numbered paragraphs below.  At the hearing, Debtor stated that he objected both to the appearance of the Opposing Parties and to the court's tentative ruling.

The denial of the Motion is based upon the following:

1. Under § 362(c)(3)(B) provides the stay "may" be continued beyond the 30-day period prescribed by subparagraph (A) if four minimum requirements are met: (1) a motion is filed; (2) there is notice and a hearing; (3) the hearing is completed before the expiration of the 30-day stay; and (4) the debtor proves that the filing of the new case "is in good faith as to the creditors to be stayed." *In re Castaneda*, 342 B.R. 90, 94 (Bankr. S.D. Cal. 2006). (citations omitted).

2. Under Section 362(c)(3)(C), there is a presumption that the case is not filed in good faith (subject to being rebutted by clear and convincing evidence to the contrary) as to all creditors if  . . .  there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the prior case or

any other reason to conclude that the new case will result in a confirmed plan that will be fully performed. 362(c)(3)(C)(i)(III)(bb).

    3.  Courts look to the totality of the circumstances to determine whether the debtor has established the good faith required by § 362(c)(3). *In re Ball,* 336 B.R. 268, 274 (Bankr.M.D.N.C.2006); *In re Galanis*, 334 B.R. 685, 693 (Bankr.D.Utah 2005). Many of the relevant circumstances coincide with the factors for determining good faith in confirmation of a chapter 13 plan. See In re Warren, 89 B.R. 87, 93 (9th Cir. BAP 1988)(listing eleven good faith factors in the confirmation context). In addition, the objective futility of the case and the subjective bad faith of the debtor should be considered. *In re Mark*, 336 B.R. 260, 267 (Bankr.D.Md.2006).

    4.  In the Ninth Circuit, the "totality of circumstances" test for determining whether a debtor filed a chapter 13 case in good faith includes: 1) whether debtor misrepresented facts in the petition or the plan, unfairly manipulated the Code or otherwise filed the current chapter 13 plan or petition in an inequitable manner; 2) debtor's history of filings and dismissals; 3) whether debtor only intended to defeat state court litigation; and 4) whether egregious behavior is present. *In re Casteneda*, 342 B.R. 90, 93, citing In re Leavitt, 171 F.3d 1219, 1224 (9th Cir.1999); see also *In re Villanueva,* 274 B.R. 836, 841 (9th Cir.BAP 2002)(listing factors to evaluate whether a chapter 13 plan has been proposed in good faith).

    5. This is the <u>fifth</u> bankruptcy case filed by Debtor in the past 5 years.  Three of the four prior cases filed by Debtor were chapter 11 cases that were dismissed. In addition, Debtor's spouse has separately filed three bankruptcies within the same time frame, two of which were dismissed chapter 11 cases. Not including the

-3-

current case, Debtor and his spouse have filed a total of seven bankruptcies in the past five years, the most recent five of which were dismissed.

    6. Debtor's prior cases are summarized below:

- Case No. 10-14682, converted from a chapter 13 to a chapter 7, resulting in the entry of a discharge on Feb. 2, 2011.

- Case No. 11-24594, chapter 11. US Trustee's motion to dismiss the case was granted due to insufficient cash to pay substantial tax debt, the plan/disclosure statement were filed blank and Debtor had a negative monthly operating cash balance.

- Case No. 13-14049, chapter 11. Dismissed due to Debtor's failure to file a proper disclosure statement and plan.

- Case No. 14-11663 ("Prior Case"), chapter 11. Debtor's motion to dismiss granted based on Debtor's representations that he intended to refinance property to pay creditors in full and that he had insufficient income to fund a plan. Case dismissed with a 180-day bar against re-filing.

    7. In the Prior Case, several student loan creditors filed claims totaling in excess of $800,000.  Sallie Mae alone filed 12 separate proofs of claim totaling $714,502 (the original principal of which totaled more than $485,000). In an earlier case, No. 13-14049, Debtor listed more than $1,000,000 in student loans on his Schedule F.  However, in the current case, Debtor has listed no student loans and there is no explanation as to why such debt has been omitted from his current schedules. Though Debtor did receive a chapter 7 discharge in Case No. 10-14682, the student loans were not discharged. The student loan debt is important because, based on the claims filed in Prior Case, Debtor is ineligible to be a

chapter 13 debtor. 11 USC 109(e) (to be eligible to be a debtor under chapter 13, one may not have unsecured debt in excess of $383,175). This militates against a finding of good faith.

8.  Chapter 13 eligibility also requires that an individual "have regular income" sufficient to fund a plan. 11 USC 109(e). According to Debtor's Schedule J filed in the current case, Debtor has <u>negative</u> monthly income, i.e., a monthly deficit of $4,123.07. This circumstance militates against a finding of good faith.

9.  In the Prior Case, Debtor listed in his Schedule J, net monthly income of $16. Since the dismissal of the Prior Case, Debtor's financial condition has worsened to negative monthly income, resulting in no regular income from which to fund a chapter 13 plan. This circumstance militates against a finding of good faith.

10.  The chapter 13 plan filed in this case proposes to pay $527.44 per month for 54 months. However, this does not constitute payment from Debtor's net monthly income (of which there is none), but rather constitutes Debtor's regular current monthly payment on his automobile loan (which amount is included in Debtor's expenses on Schedule J). Indeed, the auto lender is the <u>only</u> claim being treated under the plan -- no other creditors (not even the chapter 13 trustee's administrative fees) are provided for under the plan. This circumstance renders the plan unconfirmable on its face and, therefore, militates against a finding of good faith.

11.  Debtor's failure to list <u>all</u> of his debts in and of itself is a sufficient ground to deny the motion on the basis of lack of good faith.

12.  Debtor's ineligiblity to be a chapter 13 debtor under Section 109(e) (either due to unreported debt in excess of the maximum unsecured debt or due to

lack of income to fund a plan) is a sufficient basis to deny the motion on the basis of lack of good faith.

13. The fact that Debtor moved to dismiss the Prior Case in part due to his inability to fund a plan and has filed the current case with the same inability to fund a plan is reason alone to deny the motion on the basis of lack of good faith.

13a. This case was filed less than two weeks after Debtor failed to post a bond for a preliminary injunction in Orange Co Superior Court Case No. 30-2014-00757782 and requested dismissal of the case, and just three days after the District Court, in case No. 8:15-cv-00935AG denied Debtor's request for a TRO. These circumstances, together with Debtor's history of unsuccessful reorganization cases, militates against a finding of good faith.

14. Debtor's reliance on the Supreme Court's decision in *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S.Ct. 790 for relevance in his dispute with the parties opposing the Motion, Select Portfolio Servicing et al ("Opposing Parties") is not convincing or persuasive to the court. Debtor admits that he served notice of the TILA rescission more than three years after the closing of the subject loan transaction -- Debtor signed the closing documents on December 26, 2006 and served the notice on February 17, 2010. First, the ruling in *Jesinoski* is narrow -- TILA only requires a borrower to provide written notice of his intent to rescind within the three-year period set forth in 15 USC 1635(f) for conditional rescission, rather than actually filing a lawsuit. Borrowers have an unconditional three-business day right to rescind a loan under 1635(a). Borrowers have an extended right to rescind if the lender fails to make certain disclosures (conditional right to rescind). The Supreme Court notes, however, "this conditional right to rescind does not last

forever. Even if the lender *never* makes the required disclosures, the 'right of rescission shall expire three years after the date of consummation of the transaction . . . ." *Id.* at 792. (emphasis in original). Nothing in the opinion suggests the expansive view of "consummation" asserted by Debtor in his Reply and Debtor has cited no authority to support his position that consummation occurs at any time other than at the time of the closing of the loan transaction.

15. Even if the notice was timely delivered, the contract is not deemed void until there has been a proper adjudication by a court of competent jurisdiction. Until that occurs, the Opposing Parties have standing to be heard in this matter. In *Jesinoski*, the trial court had dismissed the borrower's complaint for rescission based solely on its finding that the timely served notice was insufficient and that the lawsuit was filed after the three-year period. The Supreme Court did not itself make a finding that that the rescission notice had rendered the contract void, but merely concluded that the lawsuit had been improperly dismissed. In *Gilbert v. Residential Funding LLC,* 678 F.3d 271, 277-278 (4th Cir. 2012), the Fourth Circuit, in finding that a written letter providing notice of the borrower's intent to rescind was sufficient under Section 1635(f) (consistent with *Jesinoski* though decided three years earlier),  explained this very point as follows:

> "We must not conflate the issue of whether a borrower has exercised her right to rescind with the issue of whether the rescission has, in fact, been completed and the contract voided. The former is the concern of § 1635(f) and Regulation Z, and a borrower exercises her right of rescission by merely communicating in writing to her creditor her intention to rescind. *To complete the rescission and void the contract, however, more is required.* Either the creditor

-7-

must "acknowledge[ ] that the right of rescission is available" and the parties must unwind the transaction amongst themselves, *or the borrower must file a lawsuit so that the court may enforce the right to rescind. Shelton*, 486 F.3d at 821 (quoting *Large v. Conseco Fin. Servicing Corp.*, 292 F.3d 49, 54–55 (1st Cir.2002)) (internal quotation marks omitted). At this stage of the litigation, we are not concerned with whether the contract has been effectively voided. A court must make a determination on the merits as to whether that should occur. Instead, the question presented here is whether the Gilberts exercised their right to rescind with the April 5, 2009, letter. Based on  the plain meaning of the applicable statute and regulation, we answer that question in the affirmative." (emphasis added).

Accordingly, Debtor's motion to strike the Opposing Party's Opposition is denied.[1]

16.   To the extent Debtor argues that his chapter 7 discharge resulted in the elimination of a lien or liens against his property, he is incorrect.   "[I]n cases where the creditor holds a secured interest in property subject to a scheduled debt, a discharge extinguishes only the personal liability of the debtor," so the lien rides through unaffected. *Garske v. Arcadia Fin., Ltd. (In re Garske)*, 287 B.R. 537, 542

---

[1] The Tentative Ruling addressed the portion of the Motion to Strike regarding Debtor's primary argument that Opposing Parties lacked standing to appear in the case due to Debtor's contention that the underlying note and deed of trust had been rendered void by Debtor's notice of rescission.  Debtor also argued that the opposition should be stricken as untimely pursuant to this court's June 15, 2015 Order allowing the Motion to be heard on shortened time. The June 15, 2015 Order required that any opposition be filed with the court and served by June 26, 2015 by one of four methods: personal service, overnight mail, electronic mail, or facsimile. The Opposing Parties filed their opposition on June 26, 2015 and the proof of service attached thereto shows service to Debtor by overnight mail on June 26, 2015.[Docket #15].  In his Motion to Strike, Debtor contends that he discovered a FedEx package containing the opposition in his mailbox on June 29, 2015 and attaches as Exhibit D thereto a largely illegible copy of what appears to be the front of an express mail envelope.  This document alone does not refute the representation on the proof of service that the opposition was delivered to the express mailing company on June 26, 2015. Moreover, even if the opposition were stricken, the court would reach the same conclusion regarding lack of good faith.

(9th Cir. BAP 2002), quoting *Johnson v. Home State Bank,* 501 U.S. 78, 80, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991)("Notwithstanding the discharge, the secured creditor's right to proceed against [the debtor] in rem survived the Chapter 7 liquidation.").

Based upon all of the foregoing, Debtor has not satisfied his burden of proof that this case was filed in good faith. Accordingly, extension of the stay beyond 30 days is not warranted and the Motion is denied.

IT IS SO ORDERED.

###

Date: July 10, 2015

Erithe Smith
United States Bankruptcy Judge