1  Gilbert R. Yabes (SBN 267388)
   gyabes@aldridgepite.com
2  Joseph C. Delmotte (SBN 259460)
   jdelmotte@aldridgepite.com
3  **ALDRIDGE PITE, LLP**
   4375 Jutland Drive, Suite 200
4  P.O. Box 17933
   San Diego, CA 92177-0933
5  Telephone: (858) 750-7600
   Facsimile:  (619) 590-1385
6

7  Attorneys for
   BANK OF AMERICA, NATIONAL
8  ASSOCIATION

9        **UNITED STATES BANKRUPTCY COURT**

10    **CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| 11  In re | Case No. 8:15-bk-13011-ES |
| 12  MARSHALL SAMUEL SANDERS , | Chapter 13 |
| 13 | **OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN AND REQUEST FOR DISMISSAL** |
| 14         Debtor. | |
| 15 | 341(a) MEETING: |
| 16 | DATE:        July 28, 2015 |
|    | TIME:        2:00 PM |
| 17 | PLACE:       RM 1-154, 411 W Fourth St., Santa Ana, CA 92701 |
| 18 | CONFIRMATION HEARING: |
| 19 | DATE:        August 25, 2015 |
|    | TIME:        1:30 PM |
| 20 | CTRM:        5A |

21        BANK OF AMERICA, NATIONAL ASSOCIATION[1] (hereinafter "Creditor"), secured

22  creditor of the above-entitled debtor, Marshall Samuel Sanders (hereinafter "Debtor"), hereby

23  objects to the Chapter 13 Plan filed by Debtor in the above-referenced matter. The objection is based

24  on the authorities cited herein and on such additional submissions and argument as may be presented

25  at or before the confirmation hearing.

26

27  [1] This Objection to Confirmation of Chapter 13 Plan shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding
28  Aldridge Pite, LLP's participation in this proceeding. Moreover, the within party does not authorize Aldridge Pite, LLP, either expressly or impliedly through Aldridge Pite, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

# I. INTRODUCTION

Creditor respectfully requests that the Court deny confirmation of the Debtor's Chapter 13 Plan and dismiss the Debtor's case, or alternatively, convert the Debtor's case to one under Chapter 7 of the Bankruptcy Code as it fails to properly provide for Creditor's claim, as Debtor's Plan was not filed in good faith and because it is not feasible. Specifically, Debtor's Plan fails to provide for a cure of Creditor's pre-petition claim in full, the Debtor has filed four (4) prior bankruptcy petitions with no positive change in financial circumstances present in the current case, the Debtor lacks adequate disposable income to fund the Chapter 13 Plan proposed, the Debtor lacks regular income, and the Debtor's Chapter 13 Plan fails to provide for ongoing post-petition payments as required under the loan documents. For the reasons set forth herein, the Court should deny confirmation of the Debtor's Chapter 13 Plan and dismiss the Debtor's case, or alternatively, convert the Debtor's case to one under Chapter 7 of the Bankruptcy Code.

# II. STATEMENT OF FACTS

1.      Creditor's claim is evidenced by a promissory note executed by Lydia O. Sanders and Debtor (collectively the "Borrowers"), and dated June 16, 2003, in the original principal sum of $356,500.00 (the "Note"). A copy of the Note is attached hereto as **Exhibit A** and incorporated herein by reference.

2.      The Note is secured by a deed of trust (the "Deed of Trust[2]") encumbering the real property commonly known as 2041 Iroquois, Tustin, California 92782 (the "Subject Property"). A copy of the Deed of Trust is attached hereto as **Exhibit B** and incorporated herein by reference.

3.      Subsequently, the Note was indorsed in blank thereby converting the Note to a bearer instrument. Creditor, directly or through an agent, is in possession of the original promissory note indorsed in blank. See **Exhibit A**.

4.      On June 15, 2015, Debtor filed the instant Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, and was assigned case number 8:15-bk-13011-ES.

---

[2] The Note and Deed of Trust are collectively referred to herein as the "Subject Loan."

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN AND REQUEST FOR DISMISSAL**

5.   On April 12, 2010, Debtor filed a prior voluntary petition for relief under Chapter 13 of the Bankruptcy Code, and was assigned case number 10-bk-14682-ES; said case was discharged on February 2, 2011 for standard discharge. Subsequently, on October 20, 2011, Debtor filed another voluntary petition for relief under Chapter 11 of the Bankruptcy Code and was assigned case number 11-bk-24594-ES; said case was dismissed on August 21, 2012 for "Other Reason".  On May 7, 2013, Debtor filed a prior voluntary petition for relief under Chapter 11 of the Bankruptcy Code, and was assigned case number 13-bk-14049-ES; said case was dismissed on October 4, 2013 for Other Reason. Subsequently, on March 18, 2014, Debtor filed another voluntary petition for relief under Chapter 11 of the Bankruptcy Code and was assigned case number 14-bk-11663-ES; said case was dismissed on September 18, 2014 for "Other Reason". A copy of the bankruptcy court docket(s) for the aforementioned case(s) are attached hereto as **Exhibit C** and incorporated herein by reference.

6.   Pursuant to the Note and Deed of Trust, Borrowers are required to make ongoing monthly mortgage payments. However, according to Debtor's Chapter 13 Plan ("Plan") no pre-confirmation or post-confirmation payments will be made to Creditor.

7.   On June 29, 2015 the Debtor filed the Plan providing for monthly payments to the Trustee in the total amount of $527.44, for 54 months. Of the sum paid to the Chapter 13 Trustee, Creditor will not be paid any amount on its pre-petition arrears.

8.   Creditor is in the process of finalizing its proof of claim for this matter and estimates that its total secured claim is in the approximate amount of $482,046.74 and that its pre-petition arrearage claim is in the approximate amount of $194,945.84, representing: 68 pre-petition payments totaling $153,877.90; $421.76 in late charges; $15,890.25 in foreclosure fees and costs; $316.50 in property inspection fees; $25.00 in non-sufficient funds (NSF); and $24,414.43 in escrow shortage.

/././

/././

/././

/././

/././

/././

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN AND REQUEST FOR DISMISSAL**

# III. ARGUMENT

## A.    DEBTOR'S CHAPTER 13 PLAN CANNOT BE CONFIRMED AS PROPOSED.

The provisions of 11 United States Code ("US.C.") Section 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan. The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren), 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988). For the reasons detailed herein, the Debtor fails to meet this burden.

### 1.    Debtor's Chapter 13 Plan Cannot Be Confirmed Because It Was Not Proposed in Good Faith.

Bankruptcy Code Section 1325(a)(3) provides that a court shall confirm a plan if "*the plan has been proposed in good faith and not by and means forbidden by law. . . .*" (emphasis added). In deciding whether a Plan has been proposed in good faith, the court will look to the totality of the circumstances. Goeb v. Heid (In re Goeb), 675 F.2d 1386, 1390 (9th Cir. 1982). Furthermore, the burden of establishing that a plan is submitted in good faith is on the debtor. In re Warren, 89 B.R. at 93. In determining whether a plan has been proposed in good faith, the 9th Circuit Bankruptcy Appellate Court has developed a list of factors for the court to consider which include, but are not limited to:

(1)    the amount of the proposed payments and the amount of the debtor's surplus;

(2)    the debtor's employment history, ability to earn, and likelihood of future increases in income;

(3)    the probable or expected duration of the plan;

(4)    the accuracy of the plan's statements of the debts, expenses and percentage of repayment of unsecured debt, and whether any inaccuracies are an attempt to mislead the court;

(5)    the extent to which secured claims are modified;

(6)    the type of debt sought to be discharged, and whether any such debt is dischargeable in chapter 7;

(7)    the frequency with which the debtor has sought relief under the Bankruptcy

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN AND REQUEST FOR DISMISSAL**

1    (8)    the motivation and sincerity of the debtor in seeking chapter 13 relief; and

2    Considering the totality of the circumstances, it is evident that the Debtor's Plan was not

3 proposed in good faith. Debtor's Plan provides monthly payments to the Trustee in the amount of

4 $527.44, however, Debtor's Schedules I and J indicate that the Debtor will have a monthly surplus

5 of disposable income in the amount of ($4,123.07). Specifically, the Debtor's Plan: (1) provides for

6 no payments to be made to any creditors other than the creditor for Debtor's vehicle; (2) is proposed

7 in the instant bankruptcy case after four (4) prior Chapter bankruptcy petitions, three (3) of which

8 were dismissed; and (3) fails to indicate any positive change in financial circumstances in the

9 present bankruptcy case in comparison to the Debtor prior bankruptcy cases. The aforementioned

10 bad faith actions by the Debtor have prevented Creditor from lawfully exercising its state law

11 remedies. Creditor believes that the Plan proposed by Debtor in the instant bankruptcy case is in bad

12 faith, constitutes a misuse of the Bankruptcy Code, and was proposed solely for the purpose of

13 preventing Creditor from lawfully obtaining possession of its property, thereby prejudicing Creditor.

14 Based on the foregoing, the Debtor's Plan was not proposed in good faith and cannot be confirmed.

15

16    **2.    Debtor's Chapter 13 Plan Cannot Be Confirmed Because it Does Not Provide for the Full Value of Creditor's Claim.**

17    11 U.S.C. Section 1325(a)(5)(B)(ii) requires a debtor's Chapter 13 Plan to distribute at least

18 the allowed amount of a creditor's secured claim. See 11 U.S.C. § 1325(a)(5)(B)(ii). Furthermore,

19 the requirement that a debtor provide for the full value of a creditor's secured claim is mandatory for

20 plan confirmation. See Barnes v. Barnes (In re Barnes), 32 F.3d 405, 407 (9th Cir. 1994); see also In

21 re Lucas, 3 B.R. 252, 253 (Bankr. S.D. Cal. 1980)("In order to confirm any Chapter 13 Plan, the

22 court must be satisfied…that the plan meets all the requirements of § 1325(a)."). The burden lies

23 with the debtor in demonstrating compliance with section 1325(a). Chinichian v. Campolongo (In re

24 Chinichian), 784 F.2d 1440 (9th Cir. 1986).

25    The Debtor's Plan cannot be confirmed as proposed because it fails to properly provide for

26 the cure Creditor's pre-petition arrears and ongoing monthly post-petition payments. As previously

27 discussed, Creditor's claim for pre-petition arrears is in the total amount of $194,945.84. However,

28 the Debtor's Chapter 13 Plan fails to provide for payment of the pre-petition arrears on Creditor's

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN AND REQUEST FOR DISMISSAL**

1    secured claim and fails to provide for ongoing monthly post-petition payments. As the Debtor's Plan

2    fails to provide for a cure of Creditor's pre-petition arrears, it fails to satisfy 11 U.S.C. §

3    1325(a)(5)(B)(ii) and cannot be confirmed as proposed.

4    **3.  Debtor's Chapter 13 Plan Cannot Be Confirmed Because It Does Not Promptly
     Cure Creditor's Pre-Petition Arrears as Required Under 11 U.S.C. § 1322(b)(5).**

5

6    Section 1322(b)(5) of the Bankruptcy Code provides for the curing of any default on a

7    secured or unsecured claim on which the final payment is due after the proposed final payment under

8    the plan. Creditor's secured claim consists of $194,945.84 in pre-petition arrears, however, Debtor's

9    Plan provides for the cure of no arrears. Debtor will have to increase their monthly payment through

10   the Chapter 13 Plan to Creditor to approximately $3,776.54 in order to cure Creditor's pre-petition

11   arrears over a period not to exceed sixty (60) months. As the Debtor's Plan fails to promptly cure

12   Creditor's pre-petition arrears, it cannot be confirmed as proposed.

13   **4.  Debtor's Chapter 13 Plan Cannot Be Confirmed Because It Is Not Feasible.**

14   11 U.S.C. § 1325(a)(6) requires debtors to be able to make all plan payments and to comply

15   with the terms set forth in the plan. A reviewing court should confirm a plan only if it appears under

16   all circumstances that the plan has a reasonable likelihood of success. In re Craig, 112 B.R. 224, 225

17   (Bankr. N.D. Ohio 1990) (citing In re Anderson, 28 B.R. 628, 630 (Bankr. S.D. Ohio 1982). Here,

18   the Debtor has not provided sufficient evidence that his Chapter 13 Plan is feasible.

19   Debtor alleges that he has income from the operation of a real estate business, however, the

20   Debtor failed to provide a detailed statement of his business income as required by Official Form

21   B6I. Absent the aforementioned documentation, the Debtor's Chapter 13 Plan is speculative, does

22   not have a reasonable likelihood of success, and cannot be confirmed.

23   Further, Debtor's Schedule J indicates that the Debtor has disposable income of ($4,123.07)

24   per month.  However, the Debtor proposes to apply $524.77 per month to his Chapter 13 Plan which

25   does not even include the additional $3,251.77 Debtor will have to pay in order to provide for a

26   prompt cure of the pre-petition arrears owed to Creditor in sixty (60) months as required by 11

27   U.S.C. section 1322(b)(5). As the Debtor Plan payment exceeds his monthly disposable income, the

28   Debtor lacks sufficient monthly disposable income with which to fund the Plan. Accordingly,

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN AND REQUEST FOR DISMISSAL**

1    Debtor's Plan does not have a reasonable likelihood of success and cannot be confirmed as

2    proposed.

3         **5.**    **Debtor's Chapter 13 Plan Should Not Be Confirmed Because It Fails to Provide for Ongoing Post-Petition Payments.**

4

5         Section 1322(b)(5) of the Bankruptcy Code provides for the maintenance of post-petition

6    payments on a secured or unsecured claim on which the final payment is due after the proposed final

7    payment under the plan. 11 U.S.C. § 1322(b)(5). Here, the loan relating to Creditor's secured claim

8    matures July 1, 2033, which is after the term of the Debtor's Plan, yet the Plan makes no provision

9    for ongoing post-petition payments. As the Debtor's Plan fails to provide for the maintenance of

10   post-petition payments on Creditor's secured claim, it cannot be confirmed as proposed.

11       **B.**    **DEBTOR'S CHAPTER 13 CASE SHOULD BE DISMISSED, OR ALTERNATIVELY, CONVERTED TO CHAPTER 7.**

12

13       **1.**    **Debtor's Bankruptcy Case Should be Dismissed for Cause Under 11 U.S.C. §1307(c).**

14        Section 1307(c) of the Bankruptcy Code provides that, "on request of a party in interest…and

15   after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7

16   of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors

17   and the estate, for cause…." 11 U.S.C. § 1307(c). The Bankruptcy Code does not define "cause," but

18   provides a non-exhaustive list of grounds to dismiss or convert a Chapter 13 bankruptcy case,

19   including unreasonable delay by the debtor that is prejudicial to creditors. See 11 U.S.C. § 1307(c).

20   Furthermore, a lack of good faith is "cause" for a court to dismiss a Chapter 13 case. See Marrama v.

21   Citizens Bank of Mass., 549 U.S. 365, 373 (2007); In re Leavitt, 171 F.3d 1219, 1224-25 (9th Cir.

22   1999). A lack of good faith is determined on a case by case basis by looking at the totality of the

23   circumstances. Platinum Capital, Inc. v Sylmar Plaza, L.P. (In re Sylmar Plaza, L.P.), 314 F.3d 1070,

24   1074-75 (9th Cir. 2002); In re Marshall, 298 B.R. 670, 676 (C.D. Cal. 2003). In considering whether

25   to dismiss a debtor's case for lack of good faith the court should consider the following factors:

26        (1) whether the debtors misrepresented facts in the petition, unfairly manipulated the

27            code or filed the petition or plan in an inequitable manner;

28        (2) the history of filings and dismissals;

1    (3) whether the debtor filed the petition with the intent to defeat other litigation; and

2    (4) whether there is other egregious behavior.

3    In re Leavitt, 171 F.3d at 1224-25. "Neither malice nor actual fraud is required to find a lack of good

4    faith." Id. at 1224. Furthermore, in determining whether a bankruptcy petition "has been filed in bad

5    faith courts are guided by the standards used to evaluate whether a plan has been proposed in bad

6    faith." Eisen v. Curry (In re Eisen), 14 F.3d 469, 470 (9th Cir.1994) (per curiam).

7    **a. *Debtor's Unreasonable Delay Has Resulted in Prejudice to Creditor.***

8    Section 1307(c)(1) permits a party in interest to request dismissal of a debtor's Chapter 13

9    case if the debtor's unreasonable delay causes prejudice to  creditors. Nelson v. Meyer (In re

10   Nelson), 343 B.R. 671, 676 (9th Cir. BAP 2006). Failing to provide accurate financial information

11   constitutes an unwarranted delay prejudicial to creditors. Ellsworth v. Lifescape Medical Assoc. P.C.

12   (In re Ellsworth), 455 B.R. 904 (B.A.P. 9th Cir. 2011).

13   Debtor's instant bankruptcy petition is the fifth filing by the Debtor. Of the prior bankruptcy

14   filings, three (3) have been dismissed. The successive bankruptcy filings and failure to confirm a

15   Chapter 13 plan constitutes an unreasonable delay which has prejudiced Creditor by preventing

16   Creditor from seeking to enforce its state law rights and remedies and depriving creditor of its right

17   to payments under the Note and Deed of Trust. Based on the foregoing, this Court should dismiss the

18   Debtor's bankruptcy case, or in the alternative, convert the Debtor's case to Chapter 7.

19
     **b. *in Commencing the Instant Bankruptcy Petition and Proposing a Chapter
     13 Plan is "Cause" for Dismissal.***
20

21   As previously discussed, a lack of good faith is considered "cause" for dismissal under

22   Section 1307(c) in a Chapter 13 bankruptcy case. See In re Leavitt, 171 F.3d at 1224-25. A debtor's

23   history of previous bankruptcy filings in order to avoid a foreclosure sale has been deemed by courts

24   as bad faith which constitutes "cause" for dismissal and/or conversion. In re Smail, 129 B.R. 676,

25   678 (Bankr. M.D. Fla. 1991); In re Kinney, 51 B.R. 840 (Bankr. C.D. Cal. 1985). A lack of good

26   faith has also been found where a bankruptcy petition is filed for the sole purpose of frustrating or

27   defeat other litigation. See In re Leavitt, 171 F.3d at 1225; Chinichian v. Campolongo (In re

28   Chinichian), 784 F.2d 1440, 1444-46 (9th Cir. 1986); In re Eisen, 14 F.3d 469, 471 (9th Cir.

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN AND REQUEST FOR DISMISSAL**

1    1994)(per curiam). A lack of good faith and subsequent "cause" for dismissal has been found where

2    a debtor misrepresents facts in their petition and/or plan, files incomplete or false bankruptcy

3    schedules, or unfairly manipulates the bankruptcy code. See In re Leavitt, 171 F.3d at 1224; see also

4    Marrama, 549 U.S. at 369-70 (denying a debtor's motion to convert due to the filing of misleading

5    bankruptcy schedules to conceal assets from his creditors); In re Lavila, 425 B.R. 572, 576-77

6    (Bankr. E.D. Cal 2010)(in determining whether a debtor lacks good faith in proposing a plan, the

7    court must inquire whether the debtor has misrepresented facts in his plan, unfairly manipulated the

8    Bankruptcy Code, or otherwise proposed a plan in inequitable manner); In re Gonzalez, 2008 WL

9    5068837 (Bankr. E.D. Cal. Nov. 25, 2008) (finding a five-year chapter 13 plan was not filed in good

10    faith where the debtor was ineligible for a Chapter 7 or 13 discharge and proposed to pay only the

11    debtor's attorney with no payments to unsecured creditors until the third year of the plan).

12    Here, "cause" exists to dismiss and/or convert the Debtor's case because the Debtor's history

13    of bankruptcy filings evidences a scheme to hinder creditor from proceeding with foreclosure in

14    order to pursue its collateral.

15
16    WHEREFORE, Creditor respectfully requests:

17    1.    That confirmation of the Debtor's Chapter 13 Plan be denied with prejudice;

18    2.    That Debtor's case be dismissed with a 180-day bar against refiling under any

Chapter pursuant to Title 11 United States Code section 109(g);

19
20    3.    Alternatively, that the Plan be amended to provide for the pre-petition arrears listed in

21    Creditor's to be filed Proof of Claim to be paid within a period not to exceed sixty (60) months; and

22    4.    For such other and further relief as this Court deems just and proper.

23
24    Respectfully submitted,

Dated: 8/11/2015                    ALDRIDGE PITE, LLP

25
26    By:    /s/ Gilbert R. Yabes (SBN 267388)

27    GILBERT R. YABES (SBN 267388)
Attorneys for BANK OF AMERICA, NATIONAL

28    ASSOCIATION

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN AND REQUEST FOR DISMISSAL**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933

A true and correct copy of the foregoing document entitled (*specify*): <u>Objection to Confirmation</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>August 11, 2015</u>      I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**PRO SE**
**Chapter 13 Trustee:** Amrane (SA) Cohen (TR)  efile@ch13ac.com
**U.S Trustee:** ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) <u>August 11, 2015</u>      I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Debtor:**
Marshall Samuel Sanders
1621 Kensing Ln
Santa Ana, CA 92705

**Presiding Judge:**
Honorable Erithe A. Smith
Central District of California - Santa Ana Division
U.S. Bankruptcy Court, Ronald Reagan Federal Building, 411 West Fourth Street, Suite 5040/Courtroom 5A
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 11, 2015 | CIARA M. REBOYA | /s/ CIARA M. REBOYA |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# NOTE

June 16 , 2003                          TUSTIN              CALIFORNIA
    [Date]                              [City]               [State]


2041 IROQUOIS, TUSTIN, California 92782
                        [Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $     356,500.00   (this amount is called "Principal"),
plus interest, to the order of the Lender. The Lender is
National City Mortgage Co dba Commonwealth United Mortgage Company

I will make all payments under this Note in the form of cash, check or money order.
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled
to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate
of      5.875    %.
The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of
this Note.

## 3. PAYMENTS

(A) Time and Place of Payments
I will pay principal and interest by making a payment every month.
I will make my monthly payment on the   1st     day of each month beginning on   August 1 , 2003     . I will
make these payments every month until I have paid all of the principal and interest and any other charges described below that I
may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before
Principal. If, on   July 1, 2033            , I still owe amounts under this Note, I will pay those amounts in full on
that date, which is called the "Maturity Date."
I will make my monthly payments at    National City Mortgage Co.
P O Box 54828, Los Angeles, CA 90054-0828          or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments
My monthly payment will be in the amount of U.S. $     2,108.84 .

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a
"Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment
as a Prepayment if I have not made all the monthly payments due under the Note.
I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my
Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to
the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the
Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the
Note Holder agrees in writing to those changes.

**MULTISTATE FIXED RATE NOTE**-Single Family-**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**

VMP-5N (0207)            Form 3200 1/01
    VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 3            Initials:

Exhibit A

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of      15           calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be       5.00        % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

Exhibit A

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
MARSHALL S SANDERS                -Borrower

_____ (Seal)
LYDIA O SANDERS                   -Borrower

_____ (Seal)
                                  -Borrower

_____ (Seal)
                                  -Borrower

_____ (Seal)
                                  -Borrower

_____ (Seal)
                                  -Borrower

_____ (Seal)
PAY TO THE ORDER OF               -Borrower

_____ (Seal)
                                  -Borrower

WITHOUT RECOURSE
NATIONAL CITY MORTGAGE CO. /DBA COMMONWEALTH UNITED MORTGAGE COMPANY    [Sign Original Only]

SHARON L. WENGER
DELIVERY SHIPPER

Exhibit A

CAMALIN HOWCROFT

Return To:
NATIONAL CITY MORTGAGE CO
P.O. Box 8800
Dayton, OH 45401-8800

Recorded in Official Records, County of Orange
Tom Daly, Clerk-Recorder



119 92 D1
0.00  0.00  0.00  0.00  30.00  0.00  0.00  0.00
.00
/25/03

Prepared By:
CAMALIN HOWCROFT
NATIONAL CITY MORTGAGE CO
P.O. Box 8800
Dayton, OH 45401-8800

——— [Space Above This Line For Recording Data] ———

Sanders

9|18|03

## DEED OF TRUST

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated   June 16, 2003
together with all Riders to this document.
(B) "Borrower" is

MARSHALL S SANDERS and LYDIA O SANDERS Husband and Wife as Joint Tenants

Borrower's address is   2041 IROQUOIS TUSTIN, California 92782
. Borrower is the trustor under this Security Instrument.

(C) "Lender" is   National City Mortgage Co dba
       Commonwealth United Mortgage Company
Lender is a   corporation
organized and existing under the laws of   The State of Ohio

CALIFORNIA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3005 1/01

VMP -6(CA) (0207)
Page 1 of 15          Initials:

VMP MORTGAGE FORMS - (800)521-7291

Exhibit B

Lender's address is   **3232 Newmark Drive, Miamisburg, OH  45342**

Lender is the beneficiary under this Security Instrument.
**(D) "Trustee" is**   **NATIONAL CITY MORTGAGE CO**

**(E) "Note"** means the promissory note signed by Borrower and dated **June 16, 2003**
The Note states that Borrower owes Lender

    **THREE HUNDRED FIFTY SIX THOUSAND FIVE HUNDRED & 00/100**        Dollars
(U.S. $     **356,500.00** ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than    **July 1, 2033**
**(F) "Property"** means the property that is described below under the heading "Transfer of Rights in the
Property."

**(G) "Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.

**(H) "Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
|---|---|---|
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☐ 1-4 Family Rider |
| ☐ VA Rider | ☐ Biweekly Payment Rider | ☐ Other(s) [specify] |

**(I) "Applicable Law"** means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.

**(J) "Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners
association or similar organization.

**(K) "Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check,
draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument,
computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an
account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine
transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

**(L) "Escrow Items"** means those items that are described in Section 3.

**(M) "Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by
any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i)
damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property;
(iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or
condition of the Property.

**(N) "Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the
Loan.

**(O) "Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the
Note, plus (ii) any amounts under Section 3 of this Security Instrument.

**(P) "RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its
implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time,
or any additional or successor legislation or regulation that governs the same subject matter. As used in this
Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard

**-6(CA)** (0207)        Page 2 of 15        Initials:        **Form 3005  1/01**

# Exhibit B

to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(Q) "Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the **County** of **Orange** :

[Type of Recording Jurisdiction]          [Name of Recording Jurisdiction]

**AS PER LEGAL DESCRIPTION, ATTACHED HERETO AND MADE A PART HEREOF**

Parcel ID Number:                                                          which currently has the address of

**2041 IROQUOIS,**                                                                        [Street]
**TUSTIN**                                          [City], California    **92782**    [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S.

**-6(CA)** (0207)                          Page 3 of 15          Initials                          **Form 3005 1/01**

Exhibit B

currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all

 -6(CA) (0207)    Page 4 of 15    Initials:     Form 3005 1/01

Exhibit B

Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10


-6(CA) (0207)

Page 5 of 15


Initials

Form 3005 1/01

# Exhibit B

days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to

-6(CA) (0207)  Page 6 of 15  Initials:   Form 3005  1/01

# Exhibit B

the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable

 -6(CA) (0207)

Page 7 of 15

Initials 

Form 3005 1/01

# Exhibit B

attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

10. Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage



**-6(CA)** (0207)                    Page 8 of 15          Initials:                **Form 3005 1/01**

Exhibit B

Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

**11. Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or

-6(CA) (0207)

Page 9 of 15

Initials: 

Form 3005 1/01

Exhibit B

any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

13. Joint and Several Liability; Co-signers; Successors and Assigns Bound. Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

14. Loan Charges. Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

15. Notices. All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

16. Governing Law; Severability; Rules of Construction. This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall

 -6(CA) (0207)

Page 10 of 15

Initials: 

Form 3005 1/01

Exhibit B

not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a

 

Exhibit B

notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

 

# Exhibit B

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. Reconveyance. Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

24. Substitute Trustee. Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

25. Statement of Obligation Fee. Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

-6(CA) (0207)

Page 13 of 15

Initials 

Form 3005  1/01

Exhibit B

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider executed by Borrower and recorded with it.

Witnesses:

_____        _____ (Seal)
                                        **MARSHALL S SANDERS**          -Borrower

_____        _____ (Seal)
                                        **LYDIA O SANDERS**             -Borrower

_____ (Seal)          _____ (Seal)
                   -Borrower                                      -Borrower

_____ (Seal)          _____ (Seal)
                   -Borrower                                      -Borrower

_____ (Seal)          _____ (Seal)
                   -Borrower                                      -Borrower



# Exhibit B

State of California
County of **orange** } ss.

On **June 17, 2003** before me, **Aundrea Beissel**
personally appeared

**Marshall S. Sanders and Lydia O. Sanders**

, personally known to me
(or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to
the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of
which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.



AUNDREA BEISSEL
COMM. #1315007
NOTARY PUBLIC · CALIFORNIA
ORANGE COUNTY
My Comm. Expires July 26, 2005

(Seal)

-6(CA) (0207)            Page 15 of 15            Initials            **Form 3005  1/01**

# Exhibit B

**Exhibit "A"**

PARCEL 1:

LOT 48 OF TRACT 13044, IN THE CITY OF TUSTIN, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 579, PAGES 21 TO 27 INCLUSIVE, OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, GAS, MINERAL AND OTHER HYDROCARBON SUBSTANCES LYING BELOW A DEPTH OF 500 FEET WITHOUT ANY RIGHT TO ENTER UPON THE SURFACE OR THE SUBSURFACE OF SAID LAND ABOVE A DEPTH OF 500 FEET, AS PROVIDED IN INSTRUMENTS OF RECORD.

ALSO EXCEPT THEREFROM ALL WATER, WATER RIGHTS, CLAIMS OR TITLE TO WATER IN, ON OR UNDER SAID LAND.

PARCEL 2:

NON-EXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, DRAINAGE, MAINTENANCE, REPAIR AND FOR OTHER PURPOSES, ALL AS DESCRIBED IN THE AMENDED AND RESTATED DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR TUSTIN RANCH SHADOWBROOK ("DECLARATION") RECORDED DECEMBER 23, 1987 AS INSTRUMENT NO. 87-707169, OF OFFICIAL RECORDS OF ORANGE COUNTY, AND IN THAT CERTAIN NOTICE OF ADDITION OF TERRITORY AND SUPPLEMENTAL DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR PHASE 5 OF TUSTIN RANCH SHOWBROOK ("NOTICE"), RECORDED JULY 30, 1987 AS INSTRUMENT NO. 87-433576 AND RE-RECORDED FEBRUARY 4, 1988 AS INSTRUMENT NO. 88-053008, BOTH OF SAID OFFICIAL RECORDS.

PARCEL 3:

AN EXCLUSIVE EASEMENT FOR SIDEYARD PURPOSES OVER A PORTION OF OTHER ADJOINING LOT OF SAID TRACT 13044, AS DESCRIBED IN AND LIMITED BY THE DECLARATION AND NOTICE.

# Exhibit B

# 8:10-bk-14682 | Marshall Sanders

### U.S. Bankruptcy Court
### Central District Of California (Santa Ana)
### Bankruptcy Petition #: 8:10-bk-14682-ES

| | |
|---|---|
| | *Date filed:*   04/12/2010 |
| *Assigned to:* Erithe A. Smith | |
| Chapter 7 | *Date converted:*   04/26/2010 |
| Previous chapter 13 | |
| Voluntary | *Date reopened:*   04/26/2011 |
| Asset | |
| | *Date terminated:*   09/26/2011 |
| | |
| | *Debtor discharged:*   02/02/2011 |
| *Debtor disposition:*   Standard Discharge | |
| | *341 meeting:*   08/12/2010 |
| | |
| | *Deadline for objecting to discharge:*   08/16/2010 |
| | |
| | *Deadline for financial mgmt. course:*   08/02/2010 |

| | | |
|---|---|---|
| **Debtor** | represented | **Kenneth A Roberts** |
| **Marshall Sanders** | by | 23276 S Pointe Dr #208 |
| 1621 Kensing Lane | | Laguna Hills, CA 92653 |
| Santa Ana, CA 92705-3074 | | 949-583-7326 |
| ORANGE-CA | | Fax : 949-583-7565 |
| SSN / ITIN: xxx-xx-7338 | | |

*Trustee*

**Amrane (SA) Cohen (TR)**
770 The City Drive South Suite 8500
Orange, CA 92868
714-621-0200
*TERMINATED: 05/03/2010*

*Trustee*

**John M Wolfe (TR)**
5450 Trabuco Road
Irvine, CA 92620-5704
(800) 436-4646

*U.S. Trustee*

**United States Trustee (SA)**

# Exhibit C

Case 8:15-bk-13011-ES    Doc 48    Filed 08/11/15    Entered 08/11/15 12:32:18    Desc
Main Document     Page 31 of 58

411 W Fourth St., Suite 9041

Santa Ana, CA 92701-4593

| Date Filed | # | Docket Text |
|---|---|---|
| 12/22/2011 | 55 | Transcript regarding Hearing Held 10/20/11 RE: STATUS CONFERENCE. Remote electronic access to the transcript is restricted until 03/21/2012. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For transcriber contact information, call the applicable divisional office where the case was filed.]. Notice of Intent to Request Redaction Deadline Due By 12/29/2011. Redaction Request Due By 01/12/2012. Redacted Transcript Submission Due By 01/23/2012. Transcript access will be restricted through 03/21/2012. (Martens, Holly) (Entered: 12/22/2011) |
| 10/20/2011 | 54 | Order Denying Motion To Reopen Case (Related Doc # 53) Signed on 10/20/2011. ( I, deputy clerk who is making this entry, certify that service on all parties under Section II was completedDeramus, Glenda) (Entered: 10/20/2011) |
| 10/17/2011 | 53 | Motion to Reopen Chapter 7 Case With Request Fee Waiver. Fee Amount $260 Filed by Debtor Marshall Sanders (FEE NOT PAID) (Lyons, Maeve) (Entered: 10/20/2011) |
| 09/26/2011 | 52 | Bankruptcy Case Re-Closed - DISCHARGE (Allen, Gloria) (Entered: 09/26/2011) |
| 09/09/2011 | 51 | Amending Schedules F, Summary of Schedules, Statistical Summary, Statement of Intent with proof of service. Filed by Debtor Marshall Sanders . (Nguyen, Vi) (Entered: 09/12/2011) |
| 09/09/2011 | | Receipt of Amendment Filing Fee - $26.00 by 16. Receipt Number 80041745. (admin) (Entered: 09/12/2011) |
| 09/01/2011 | 50 | Notice to Filer of Error and/or Deficient Document**Document was filed in the incorrect case. This pleading is apparently a motion to dismiss an adversary proceeding. This is the main bankruptcy case.THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT IN THE CORRECT CASE IMMEDIATELY.Incorrect event code was used to file this document. This pleading is apparently more than a notice of motion/application.THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT EVENT.**(RE: related document(s) 49Notice of motion/application filed by Defendant KPMG LLP) (Reid, Rick) (Entered: 09/01/2011) |
| 08/29/2011 | 49 | Notice of motion/application*and Motion by KPMG LLP to Dismiss Complaint*Filed by Defendant KPMG LLP. (Attachments: 1Proof of Service) (Bates, William) Warning: Item subsequently amended by docket entry no: 50 Modified on 9/1/2011 (Reid, Rick). (Entered: 08/29/2011) |
| 07/25/2011 | 48 | Adversary case 8:11-ap-01318. Complaint by Marshall Sanders against Countrywide, Et al . (Fee Not Required). Nature of Suit: (21 (Validity, priority or extent of lien or other interest in property )) (Nguyen, Eileen) (Entered: 07/25/2011) |
| 04/22/2011 | 47 | Order Granting Motion To Reopen Case (Related Doc # 45) Signed on 4/22/2011. The Clerk Shall Re-Close The Case 90 Days Following The Entry of This Order. ( I, deputy clerk who is making this entry, certify that service on all parties under Section II was completed, Deramus, Glenda) (Ent |

Exhibit C

Case 8:15-bk-13011-ES    Doc 48   Filed 08/11/15   Entered 08/11/15 12:32:18   Desc
Main Document    Page 32 of 58

| Date Filed | # | Docket Text |
|---|---|---|
| | | ered: 04/26/2011) |
| 04/21/2011 | 46 | Amended Proof of service for order on motion to reopen; Filed by Debtor Marshall Sanders (RE: related document(s) 45Motion to Reopen Chapter 7 Case . Receipt Number 0, Fee Amount $260). (Deramus, Glenda) (Entered: 04/22/2011) |
| 04/20/2011 | 45 | Motion to Reopen Chapter 7 Case . Receipt Number , No Fee Paid; Filed by Debtor Marshall Sanders [ORDER TO CHAMBERS] (Deramus, Glenda) (Entered: 04/22/2011) |
| 04/07/2011 | | Receipt of Reopen Chapter 7 Filing Fee - $0.00 by 16. Receipt Number 80037919. (admin) (Entered: 04/08/2011) |
| 04/07/2011 | 44 | ORDER shortening time - DENIED, Signed on 4/7/2011 (RE: related document(s) 40Application shortening time filed by Debtor Marshall Sanders). The property is not longer property of the bankruptcy estate. Debtor needs to pursue whatever claims he believes he has against the foreclosing creditor in State Court (Duarte, Tina) (Entered: 04/07/2011) |
| 04/07/2011 | 43 | Ex Parte Emergency motion to extend date of discharge and to extend the automatic stay on property: Rule 4004(c)(2); Filed by Debtor Marshall Sanders (Duarte, Tina) (Entered: 04/07/2011) |
| 04/07/2011 | 42 | Declaration of Marshall Sanders in Support of Ex Parte Motion and Order Shortening Time, Motion and Order to Reopen, and Motion and Order Delaying Discharge and Extending the Automatic Stay; Filed by Debtor Marshall Sanders (RE: related document(s) 40Application shortening time, 41 Amended Motion (related document(s): 39Motion to Reopen Chapter 7 Case . Receipt Number 80037919, Fee Amount $260 filed by Debtor Marshall Sanders)). (Duarte, Tina) (Entered: 04/07/2011) |
| 04/07/2011 | 41 | Amended Motion and Notice of Motion to Reopen Case: LBR 5010-1 (related document(s): 39Motion to Reopen Chapter 7 Case . Receipt Number 80037919, Fee Amount $260 filed by Debtor Marshall Sanders); Filed by Debtor Marshall Sanders (Duarte, Tina) (Entered: 04/07/2011) |
| 04/06/2011 | 40 | Application shortening time; Filed by Debtor Marshall Sanders (Order to Chambers 4/7/2011) (Duarte, Tina) (Entered: 04/07/2011) |
| 04/06/2011 | 39 | Motion to Reopen Chapter 7 Case, Receipt Number 80037919, Fee Amount $0.00 (No Fee); Filed by Debtor Marshall Sanders (Order to Chlambers 4/7/2011) (Duarte, Tina) (Entered: 04/07/2011) |
| 03/31/2011 | 38 | Bankruptcy Case Closed - DISCHARGE (Joseph, Susan) (Entered: 03/31/2011) |
| 02/04/2011 | 37 | BNC Certificate of Notice (RE: related document(s) 36DISCHARGE OF DEBTOR - Chapter 7 (BNC)) No. of Notices: 38. Service Date 02/04/2011. (Admin.) (Entered: 02/04/2011) |
| 02/02/2011 | 36 | DISCHARGE OF DEBTOR(S): Debtor (BNC) (RE: related document(s) 10Meeting of Creditors Chapter 7 Asset) (Lyons, Maeve) (Entered: 02/02/2011) |

# Exhibit C

| Date Filed | # | Docket Text |
|---|---|---|
| 10/13/2010 | 35 | Order Denying Motion To Redeem Property Without Prejudice(Related Doc # 34) Signed on 10/13/2010. (I, deputy clerk who is making this entry, certify that service on all parties under Section II was completed, Reid, Rick) (Entered: 10/13/2010) |
| 09/27/2010 | 34 | Motion to Redeem Property as Exempt: Filed by Debtor Marshall Sanders (Order to Chambers) (Duarte, Tina) (Entered: 10/01/2010) |
| 09/15/2010 | 33 | Financial Management Course Certificate (Cert of Debtor Education) Filed by Debtor Marshall Sanders . (Shimizu, Tina) (Entered: 09/15/2010) |
| 08/27/2010 | 32 | Financial Management Course Certificate Filed Filed by Debtor Marshall Sanders (RE: related document(s) 10Meeting of Creditors Chapter 7 Asset). (Pineda, Anabel) (Entered: 08/31/2010) |
| 08/26/2010 | 31 | BNC Certificate of Notice - PDF Document. (RE: related document(s) 30Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF)) No. of Notices: 2. Service Date 08/26/2010. (Admin.) (Entered: 08/26/2010) |
| 08/24/2010 | 30 | Order Granting Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF) (Related Doc # 25) Signed on 8/24/201 (I, deputy clerk who is making this entry, certify that service on all parties under Section II was completed, Mccall, Audrey) (Entered: 08/24/2010) |
| 08/19/2010 | 29 | Chapter 7 Trustee's Report of No Distribution: I, John M Wolfe (TR), having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate: that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate: and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 4 months. Assets Abandoned (without deducting any secured claims): $ 1400659.60, Assets Exempt: Not Available, Claims Scheduled: $ 4249037.76, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 4249037.76. (Wolfe (TR), John) (Entered: 08/19/2010) |
| 08/10/2010 | | Hearing Held (RE: related document(s) 25Motion for Relief from the automatic stay - Real Property filed by Creditor PNC Mortgage, a division of PNC Bank, National Association, formerly known as National City Mortgage Co dba Commonwealth United Mortgage Company) - GRANT MOTION WITH 4001(a)(3) WAIVER. (cr:reid) (Wright, Jennifer) (Entered: 08/24/2010) |
| 08/04/2010 | 28 | 341 Meeting of Creditors Continued (Trustee's 341 Filings) on 8/12/2010 at 11:00 AM at RM 3-110, 411 W Fourth St., Santa Ana, CA 92701 (Wolfe, John) (Entered: 08/04/2010) |
| 07/22/2010 | 27 | ORDER discharging chapter 13 panel trustee and exonerate bond liability Signed on 7/22/2010. (Deramus, Glenda) (Entered: 07/28/2010) |

# Exhibit C

Case 8:15-bk-13011-ES    Doc 48    Filed 08/11/15    Entered 08/11/15 12:32:18    Desc
Main Document     Page 34 of 58

| Date Filed | # | Docket Text |
|---|---|---|
| 07/13/2010 | 26 | 341 Meeting of Creditors Continued (Trustee's 341 Filings) on 7/22/2010 at 11:00 AM at RM 3-1 10, 411 W Fourth St., Santa Ana, CA 92701 (Wolfe, John) (Entered: 07/13/2010) |
| 07/08/2010 | | Hearing Set (RE: related document(s) 25Motion for Relief from Stay - Real Property filed by Creditor PNC Mortgage, a division of PNC Bank, National Association, formerly known as National City Mortgage Co dba Commonwealth United Mortgage Company) The Hearing date is set for 8/10/2010 at 09:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Deramus, Glenda) (Entered: 07/22/2010) |
| 07/08/2010 | | Receipt of Motion for Relief from Stay - Real Property(8:10-bk-14682-ES) [motion,nmrp] ( 150.00) Filing Fee. Receipt number 15150519. Fee amount 150.00. (U.S. Treasury) (Entered: 07/08/2010) |
| 07/08/2010 | 25 | Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 2041 Iroquois, Tustin, California 92782*with Proof of Service*. Fee Amount $150, Filed by Creditor PNC Mortgage, a division of PNC Bank, National Association, formerly known as National City Mortgage Co dba Commonwealth United Mortgage Company (Attachments: 1Exhibit (s) 1 - 3) (Testan, Eric) (Entered: 07/08/2010) |
| 06/23/2010 | 24 | 341 Meeting of Creditors Continued (Trustee's 341 Filings) on 7/1/2010 at 11:00 AM at RM 3-110, 411 W Fourth St., Santa Ana, CA 92701 (Wolfe, John) (Entered: 06/23/2010) |
| 06/16/2010 | | Hearing Held On Confirmation Of Chapter 13 Plan - OFF CALENDAR - CASE CONVERTED TO CHAPTER 7 ON 4-26-10 - (cr:reid) (Bolte, Nickie) (Entered: 07/12/2010) |
| 06/15/2010 | 23 | Substitution of attorney - Kenneth A. Roberts, Esq., 23276 South Pointe Drive, Suite 208, Laguna Hills, CA 92653; Filed by Debtor Marshall Sanders . (Deramus, Glenda) (Entered: 06/22/2010) |
| 06/11/2010 | 22 | Amended Statement of related cases , Amended Summary of Schedules , Amended Statistical Summary of Certain Liabilities, Amended Schedule A , Amended Schedule B , Amended Schedule C , Amended Schedule D , Amended Schedule E , Amended Schedule F , Amended Schedule I , Amended Schedule J , Amended Verification of creditor matrix , Amended Matrix (Mailing List) Filed by Debtor Marshall Sanders . (Ortiz, Jose) Modified on 6/14/2010 (Ortiz, Jose). (Entered: 06/14/2010) |
| 06/11/2010 | 21 | Statement of Intent. , Disclosure of Compensation of Attorney for Debtor , Declaration of attorney's limited scope of appearance , Debtor's Certification of Employment Income , Chapter 7 Statement of Current Monthly Income and Means Test Calculation - Form 22A , Certificate of Credit Counseling Filed by Debtor Marshall Sanders . (Ortiz, Jose) (Entered: 06/14/2010) |
| 06/11/2010 | | Receipt of Amendment Filing Fee - $26.00 by 03. Receipt Number 80030165. (admin) (Entered: 06/14/2010) |
| 06/04/2010 | 20 | Proof of service Filed by Trustee Amrane Cohen (RE: related document(s) 19Chapter 13 Trustee's Final Report and Account (batch)). (Cohen, Amrane) (Entered: 06/04/2010) |

**Exhibit C**

Case 8:15-bk-13011-ES    Doc 48    Filed 08/11/15    Entered 08/11/15 12:32:18    Desc
Main Document     Page 35 of 58

| Date Filed | # | Docket Text |
|---|---|---|
| 06/04/2010 | 19 | Chapter 13 Trustee's Final Report and Account . (Cohen, Amrane) (Entered: 06/04/2010) |
| 06/04/2010 | 18 | Notice of Intent to File Trustees Final Report and Account - Chapter 13 Dismissed/Converted . (Cohen, Amrane) (Entered: 06/04/2010) |
| 05/20/2010 | 17 | Request for courtesy Notice of Electronic Filing (NEF) Filed by Ramesh Singh on behalf of Courtesy NEF. (Singh, Ramesh) (Entered: 05/20/2010) |
| 05/12/2010 | 16 | Trustee's Notice to the debtor(s) that the case may be dismiss or converted at the confirmation hearing (batch) . (Cohen, Amrane) (Entered: 05/12/2010) |
| 05/05/2010 | 14 | BNC Certificate of Notice (RE: related document(s) 9No action taken on Convert Case (Optional BNC)) No. of Notices: 3. Service Date 05/05/2010. (Admin.) (Entered: 05/05/2010) |
| 05/05/2010 | 13 | BNC Certificate of Notice (RE: related document(s) 11Notice of Requirement to Complete Course in Financial Management (BNC)) No. of Notices: 3. Service Date 05/05/2010. (Admin.) (Entered: 05/05/2010) |
| 05/05/2010 | 12 | BNC Certificate of Notice (RE: related document(s) 10Meeting of Creditors Chapter 7 Asset) No. of Notices: 6. Service Date 05/05/2010. (Admin.) (Entered: 05/05/2010) |
| 05/03/2010 | 11 | Notice of Requirement to Complete Course in Financial Management (BNC) . (Reid, Rick) (Entered: 05/03/2010) |
| 05/03/2010 | 10 | Meeting of Creditors 341(a) meeting to be held on 6/17/2010 at 11:00 AM at RM 3-110, 411 W Fourth St., Santa Ana, CA 92701. Cert. of Financial Management due by 8/2/2010. Last day to oppose discharge or dischargeability is 8/16/2010. Proofs of Claims due by 9/15/2010. (Reid, Rick) (Entered: 05/03/2010) |
| 05/03/2010 | 9 | Convert Case to Chapter 7 Trustee Amrane Cohen removed from the case. Trustee John M Wolfe added to the case. (Optional BNC) (Reid, Rick) (Entered: 05/03/2010) |
| 04/29/2010 | 15 | Debtor's Request for Voluntary Dismissal of Ch 13 Case; Filed by Debtor Marshall Sanders. (Duarte, Tina)- Per Debtor: Document filed in error. Case conversion to Chapter 7 is correct. Modified on 5/11/2010 (Allen, Gloria). (Entered: 05/10/2010) |
| 04/26/2010 | 8 | Debtor's Notice of Conversion to Chapter 7 Receipt Number 80028800, Fee Amount $25 (Reid, Rick) (Entered: 05/03/2010) |
| 04/26/2010 | | Receipt of Conversion Fee to Ch7 from Ch13 - $25.00 by 10. Receipt Number 80028800. (admin) (Entered: 04/27/2010) |
| 04/14/2010 | 7 | BNC Certificate of Notice (RE: related document(s) 1Voluntary Petition (Chapter 13) filed by Debtor Marshall Sanders) No. of Notices: 2. Service Date 04/14/2010. (Admin.) (Entered: 04/14/2010) |
| 04/14/2010 | 6 | BNC Certificate of Notice (RE: related document(s) 1Voluntary Petition (Chapter 13) filed by Deb |

# Exhibit C

| Date Filed | # | Docket Text |
|---|---|---|
| | | tor Marshall Sanders) No. of Notices: 2. Service Date 04/14/2010. (Admin.) (Entered: 04/14/2010) |
| 04/14/2010 | 5 | BNC Certificate of Notice (RE: related document(s) 2Meeting (AutoAssign Chapter 13)) No. of Notices: 6. Service Date 04/14/2010. (Admin.) (Entered: 04/14/2010) |
| 04/12/2010 | | Receipt of Chapter 13 Filing Fee - $274.00 by 01. Receipt Number 80028484. (admin) (Entered: 04/13/2010) |
| 04/12/2010 | 4 | Exhibit D Filed by Debtor Marshall Sanders . (Roque, Jewell). Judge's Instructions RE: temporary waiver of Credit Counseling. DENIED. A pending foreclosure is not an exigent circumstance. Modified on 4/15/2010 (Corona, Heidi). (Entered: 04/12/2010) |
| 04/12/2010 | 3 | Statement of Social Security Number(s) Form B21 Filed by Debtor Marshall Sanders . (Roque, Jewell) (Entered: 04/12/2010) |
| 04/12/2010 | 2 | Meeting of Creditors with 341(a) meeting to be held on 05/20/2010 at 04:00 PM at RM 1-154, 411 W Fourth St., Santa Ana, CA 92701. Confirmation hearing to be held on 06/16/2010 at 01:30 PM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. Proof of Claim due by 08/18/2010. (Roque, Jewell) (Entered: 04/12/2010) |
| 04/12/2010 | 1 | Chapter 13 Voluntary Petition . Receipt Number o, Fee Amount $274 Filed by Marshall Sanders Chapter 13 Plan due by 4/26/2010. Statement - Form 22C Due: 4/26/2010. Summary of schedules due 4/26/2010. Cert. of Credit Counseling due by 4/26/2010. Statistical Summary due 4/26/2010. Debtor Certification of Employment Income due by 4/26/2010. Incomplete Filings due by 4/26/2010. Section 316 due by 5/27/2010. (Roque, Jewell) (Entered: 04/12/2010) |

←    **1**    →

| PACER Service Center | |
|---|---|
| **Receipt:** | 08/10/2015 09:26:27 |
| **User:** | User's PACER account |
| **Client:** | |
| **Description:** | Docket Report |
| | 8:10-bk-14682-ES Fil or Ent: filed Doc From: 0 |
| | Doc To: 99999999 Term: included Format: html |
| | Page counts for documents: included |
| **Pages:** | 5 ($0.50) |

# Exhibit C

# 8:11-bk-24594 | Marshall Samuel Sanders

### U.S. Bankruptcy Court
### Central District Of California (Santa Ana)
### Bankruptcy Petition #: 8:11-bk-24594-ES

|  |  |
|---|---|
| *Date filed:* | 10/20/2011 |

*Assigned to:* Erithe A. Smith

Chapter 11

Voluntary

Asset

*Debtor disposition:* Dismissed for Other Reason

|  |  |
|---|---|
| *Date terminated:* | 11/25/2014 |
| *Debtor dismissed:* | 08/21/2012 |
| *341 meeting:* | 11/30/2011 |
| *Deadline for objecting to discharge:* | 01/30/2012 |

*Debtor*

**Marshall Samuel Sanders**

1621 Kensing Ln

Santa Ana, CA 92705

ORANGE-CA

SSN / ITIN: xxx-xx-7338

represented **Marshall Samuel Sanders**
by    PRO SE

*U.S. Trustee*

**United States Trustee (SA)**

411 W Fourth St., Suite 9041

Santa Ana, CA 92701-4593

represented **Nancy S Goldenberg**
by    411 W Fourth St Ste 9041

Santa Ana, CA 92701-8000

714-338-3416

Fax : 714-338-3421

Email: nancy.goldenberg@usdoj.gov

| Date Filed | # | Docket Text |
|---|---|---|
| 11/25/2014 | 72 | Bankruptcy Case Closed - DISMISSED. An Order dismissing the above referenced case was entered and notice was provided to parties in interest. Since it appears that no further matters are required that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the case is closed. (RE: related document(s) 59Transcript, 65Transcript, 66Transcript) (Allen, Gloria) (Entered: 11/25/2014) |
| 05/30/2013 | 71 | Memorandum BY BAP AFFIRMS THE DISMISSAL OF THE CHAPTER 11 CASE AND THE ADVERSARY PROCEEDING. WE FURTHER AFFIRM THE BANKRUPTCY COURT'S DECISION TO AWARD THE UST QUARTERLY FEES, BUT WE MODIFY THE AMOUNT AWARDED TO $977.06 - RE: BAP No. CC-12-1398-KiPaTa - filed at United States Bankruptcy Appellate Panel of the Ninth Circuit on 4/11/13) (RE: related document(s) 48Notice of Appeal To United States Bankruptcy Appellate Panel of the Ninth Circuit (BAP) Court. . Fee Amount $298 Filed by Debtor Marshall Samuel Sanders . Appella |

## Exhibit C

| Date Filed | # | Docket Text |
|---|---|---|
| | | nt Designation due by 8/22/2012. - ORDER NOT ENTERED YET -). (Bolte, Nickie) (Entered: 05/30/2013) |
| 05/30/2013 | 70 | BAP appeal judgment Re: Appeal BAP Number: CC-12-1398-KiPaTa, Ruling: Judgment of the Bankruptcy Court is: AFFIRMED AND MODIFIED, filed at United States Bankruptcy Appellate Panel of the Ninth Circuit on 4/11/13) (RE: related document(s) 48Notice of Appeal filed by Debtor Marshall Samuel Sanders). (Bolte, Nickie) (Entered: 05/30/2013) |
| 05/30/2013 | 69 | Proof Of Service Of Mandate - RE: BAP No. CC-12-1398-KiPaTa - filed at United States Bankruptcy Appellate Panel of the Ninth Circuit on 5/28/13) (RE: related document(s) 48Notice of Appeal To United States Bankruptcy Appellate Panel of the Ninth Circuit (BAP) Court. . Fee Amount $298 Filed by Debtor Marshall Samuel Sanders . Appellant Designation due by 8/22/2012. - ORDER NOT ENTERED YET -). (Bolte, Nickie) (Entered: 05/30/2013) |
| 11/02/2012 | 68 | Transmittal Of Certificate Of Readiness OF Record On Appeal To United States Bankruptcy Appellate Panel Of The Ninth Circuit - RE: BAP Case No. CC-12-1398 - (RE: related document(s) 48Notice of Appeal filed by Debtor Marshall Samuel Sanders) (Bolte, Nickie) (Entered: 11/02/2012) |
| 11/02/2012 | 67 | Certificate Of Readiness Of Record On Appeal To United States Bankruptcy Appellate Panel Of The Ninth Circuit - RE: BAP Case Number: CC-12-1398 (RE: related document(s) 48Notice of Appeal filed by Debtor Marshall Samuel Sanders) (Bolte, Nickie) (Entered: 11/02/2012) |
| 10/16/2012 | 66 | Transcript regarding Hearing Held 01/05/12 RE: STATUS CONFERENCE. Remote electronic access to the transcript is restricted until 01/14/2013. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For transcriber contact information, call the applicable divisional office where the case was filed.]. Notice of Intent to Request Redaction Deadline Due By 10/23/2012. Redaction Request Due By 11/6/2012. Redacted Transcript Submission Due By 11/16/2012. Transcript access will be restricted through 01/14/2013. (Martens, Holly) (Entered: 10/16/2012) |
| 10/16/2012 | 65 | Transcript regarding Hearing Held 04/09/12 RE: CONT'D STATUS CONFERENCE. Remote electronic access to the transcript is restricted until 01/14/2013. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For transcriber contact information, call the applicable divisional office where the case was filed.]. Notice of Intent to Request Redaction Deadline Due By 10/23/2012. Redaction Request Due By 11/6/2012. Redacted Transcript Submission Due By 11/16/2012. Transcript access will be restricted through 01/14/2013. (Martens, Holly) (Entered: 10/16/2012) |
| 10/12/2012 | 64 | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by U.S. Trustee United States Trustee (SA) (RE: related document(s) 48Notice of Appeal). (Goldenberg, Nancy) (Entered: 10/12/2012) |
| 10/05/2012 | 63 | Notice of Transcripts; hearing dates: 1/5/12 and 4/19/12 Filed by U.S. Trustee United States Trustee (SA). (Goldenberg, Nancy) Modified on 11/2/2012 (Bolte, Nickie). (Entered: 10/05/2012) |
| 10/01/2012 | 62 | Designation Of Record On Appeal, Statement of Issues; Transcript Order Notice RE: BAP No. CC-12-1398) - Filed by Debtor Marshall Samuel Sanders (RE: related document(s) 48Notice of Appeal). Appellee designation due by 10/15/2012. Transmission of Designation Due by 10/31/2012. ( |

# Exhibit C

| Date Filed | # | Docket Text |
|---|---|---|
| | | Bolte, Nickie) (Entered: 10/03/2012) |
| 10/01/2012 | **61** | Appellant Marshall Samuel Sanders'Designation Of Record And Hearing Transcripts And Audio Recordings And Statement Of Issues On Appeal - Filed by Debtor Marshall Samuel Sanders (RE: related document(s) 48Notice of Appeal). Appellee designation due by 10/15/2012. Transmission of Designation Due by 10/31/2012. (Bolte, Nickie) (Entered: 10/03/2012) |
| 08/23/2012 | **60** | BNC Certificate of Notice (RE: related document(s) 58Notice of dismissal (BNC)) No. of Notices: 19. Notice Date 08/23/2012. (Admin.) (Entered: 08/23/2012) |
| 08/23/2012 | **59** | Transcript regarding Hearing Held 08/07/12 RE: US TRUSTEE'S MOTION TO DISMISS DEBTOR PURSUANT TO 11 U.S.C. SECTION 1112(B) AND REQUEST FOR JUDGMENT FOR QUARTERLY FEES. Remote electronic access to the transcript is restricted until 11/21/2012. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For transcriber contact information, call the applicable divisional office where the case was filed.]. Notice of Intent to Request Redaction Deadline Due By 8/30/2012. Redaction Request Due By 09/13/2012. Redacted Transcript Submission Due By 09/24/2012. Transcript access will be restricted through 11/21/2012. (Martens, Holly) (Entered: 08/23/2012) |
| 08/21/2012 | **58** | Notice of dismissal (BNC) (Kent, Susan) (Entered: 08/21/2012) |
| 08/21/2012 | **57** | Order Dismissing Case pursuant to 11 U.S.C. Section 1112(b) and All Adversary Proceedings -**Debtor**Dismissed. Signed on 8/21/2012. (I, deputy clerk who is making this entry, certify that service on all parties under Section II was completed, Kent, Susan) (Entered: 08/21/2012) |
| 08/16/2012 | **56** | Notice*of Transcripts; hearing dates: August 7, 2012 at 10:30 a.m.* -Filed by U.S. Trustee United States Trustee (SA). (Goldenberg, Nancy) Modified on 11/2/2012 (Bolte, Nickie). (Entered: 08/16/2012) |
| 08/15/2012 | **55** | Notice RE: The Bankruptcy Appellate Panel has received and docketed the notice of appeal (RE: BAP Case No. CC-12-1398) - (filed at United States Bankruptcy Appellate Panel of the Ninth Circuit on 8/10/12) (RE: related document(s) 48Notice of Appeal To United States Bankruptcy Appellate Panel of the Ninth Circuit). (Bolte, Nickie) (Entered: 08/15/2012) |
| 08/15/2012 | **54** | Notice RE: Opening Letter - Notice of acknowledgement from United States Bankruptcy Appellate Panel of the Ninth Circuit of Notice of Appeal and Assignment of BAP Case No. CC-12-1398 (filed at United States Bankruptcy Appellate Panel of the Ninth Circuit on 8/10/12) (RE: related document(s) 48Notice of Appeal To United States Bankruptcy Appellate Panel of the Ninth Circuit). (Bolte, Nickie) (Entered: 08/15/2012) |
| 08/08/2012 | **50** | Notice Of Referral Of Appeal To United States Bankruptcy Appellate Panel Of The Ninth Circuit (BAP) With Certificate Of Mailing (RE: related document(s) 48Notice of Appeal filed by Debtor Marshall Samuel Sanders) (Bolte, Nickie) (Entered: 08/08/2012) |
| 08/07/2012 | 53 | Hearing Held - (Cont'd Status Conference Hearing RE: (1) Status of Chapter 11 Case; and (2) Requiring Report on Status of Chapter 11 Case - 1) - TAKE MATTER OFF CALENDAR IN LIGHT OF DI |

# Exhibit C

| Date Filed | # | Docket Text |
|---|---|---|
| | | SMISSAL OF THE CASE - (cr: Reid) - (Lyons, Maeve) (Entered: 08/13/2012) |
| 08/07/2012 | 52 | Hearing Held (RE: related document(s) 41Dismiss Debtor filed by U.S. Trustee United States Trustee (SA)) - (ALL PENDING ADVERSARY PROCEEDINGS WILL BE DISMISSED) GRANT MOTION TO DISMISS WITH JUDGMENT IN FAVOR OF UNITED STATES TRUSTEE FOR ANY UNPAID QUARTERLY FEES (cr: Reid) (Lyons, Maeve) (Entered: 08/13/2012) |
| 08/07/2012 | 51 | Opposition to (related document(s): 41Motion to Dismiss Debtor*Pursuant to 11 U.S.C. Section 1112(b); and, Request for Judgment for Quarterly Fees due and payable to the U.S. Trustee at the time of the hearing*filed by U.S. Trustee United States Trustee (SA)) Filed by Debtor Marshall Samuel Sanders (Deramus, Glenda) (Entered: 08/08/2012) |
| 08/07/2012 | 49 | Deficiency letter to Appellant: Appeal does not include entered stamped copy of Order, Judgment, or Decree (RE: related document(s) 48Notice of Appeal filed by Debtor Marshall Samuel Sanders) (Bolte, Nickie) (Entered: 08/08/2012) |
| 08/07/2012 | 48 | Notice of Appeal To United States Bankruptcy Appellate Panel of the Ninth Circuit (BAP) Court. . Fee Amount $298 Filed by Debtor Marshall Samuel Sanders . Appellant Designation due by 8/22/2012. - ORDER NOT ENTERED YET - (Bolte, Nickie) (Entered: 08/08/2012) |
| 08/07/2012 | | Receipt of Appeal Noticing Fee - $5.00 by 05. Receipt Number 80049560. (admin) (Entered: 08/08/2012) |
| 08/07/2012 | | Receipt of Appeal Filing Fee - $293.00 by 05. Receipt Number 80049560. (admin) (Entered: 08/08/2012) |
| 08/07/2012 | 47 | Adversary case 8:12-ap-01418. Complaint by Marshall Samuel Sanders against Countrywide, et al . (Fee Not Required). Nature of Suit: (11 (Recovery of money/property - 542 turnover of property)) ,(67 (Dischargeability - 523(a)(4), fraud as fiduciary, embezzlement, larceny)) ,(71 (Injunctive relief - reinstatement of stay)) ,(91 (Declaratory judgment)) (Nguyen, Eileen) (Entered: 08/07/2012) |
| 06/22/2012 | 45 | BNC Certificate of Notice - PDF Document. (RE: related document(s) 44Notice to creditors (BNC-PDF)) No. of Notices: 26. Notice Date 06/22/2012. (Admin.) (Entered: 06/22/2012) |
| 06/21/2012 | 46 | Hearing Continued (Hearing RE: (1) Status of Chapter 11 Case; and (2) Requiring Report on Status of Chapter 11 Case) - STATUS CONFERENCE HEARING CONTINUED TO 8/7/2012 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701, SAME DATE/TIME AS HEARING ON U.S. TRUSTEE'S MOTION TO DISMISS OR CONVERT CASE. (cr:reid) The case judge is Erithe A. Smith. (Bernson, Alicia) (Entered: 07/02/2012) |
| 06/20/2012 | 44 | Notice to creditors RE: Notice of Motion and Motion by us trustee to dismiss case pursuant to 11 USC Section 1112(b; and request for judgment for quarterly fees due and payable to the US Trustee at the time of hearing: Declaration of Terry Biers in support thereof; and exhibits (BNC-PDF) (Deramus, Glenda) (Entered: 06/20/2012) |

# Exhibit C

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 06/18/2012 | 42 | Notice to Filer of Error and/or Unavailable Date**Unavailable hearing date was selected. The he aring on this matter will be set for 8-7-12 at 10:30am in Courtroom 5A.THE COURT WIL L ISSUE NOTICE WITH THE CORRECT HEARING INFORMATION OF AUGUST 7, 2012 AT 1 0:30AM IN COURTROOM 5A.**(RE: related document(s) 41Dismiss Debtor filed by U.S. Trustee United States Trustee (SA)) (Reid, Rick) (Entered: 06/18/2012) |
| 06/14/2012 | 43 | Hearing Set (RE: related document(s) 41Dismiss Debtor filed by U.S. Trustee United States Trust ee (SA)) The Hearing date is set for 8/7/2012 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Deramus, Glenda) (Entered: 06/20/2012) |
| 06/14/2012 | 41 | Motion to Dismiss Debtor*Pursuant to 11 U.S.C. Section 1112(b); and, Request for Judgment for Quarterly Fees due and payable to the U.S. Trustee at the time of the hearing*Filed by U.S. Truste e United States Trustee (SA) (Goldenberg, Nancy) Warning: Item subsequently amended by doc ket entry no: 42 Modified on 6/18/2012 (Reid, Rick). (Entered: 06/14/2012) |
| 05/21/2012 | 40 | Individual Debtor's Disclosure Statement in support of Plan of Reorganization Filed by Debtor Mar shall Samuel Sanders . (Reid, Rick) (Entered: 05/23/2012) |
| 05/18/2012 | 39 | Individual Debtor's Chapter 11 Plan of Reorganization Filed by Debtor Marshall Samuel Sanders . (Reid, Rick) (Entered: 05/18/2012) |
| 04/26/2012 | 38 | BNC Certificate of Notice - PDF Document. (RE: related document(s) 36Order (Generic)) No. of N otices: 1. Notice Date 04/26/2012. (Admin.) (Entered: 04/26/2012) |
| 04/24/2012 | 36 | Chapter 11 Status Conference Order. (Related Doc # 1) Signed on 4/24/2012 (Steinberg, Elizabe th) (Entered: 04/24/2012) |
| 04/19/2012 | 37 | Hearing Continued Status hearing to be held on 6/21/2012 at 10:30 AM at Crtrm 5A, 411 W Four th St., Santa Ana, CA 92701. The case judge is Erithe A. Smith NEW DEADLINE FOR FILING DIS CLOSURE STATEMENT AND AMENDED PLAN: MAY 18, 2012;STATUS CONFERENCE CONTINUED T O JUNE 21, 2012 AT 10:30 A.M.; UPDATED STATUS REPORT TO BE FILED BY JUNE 14, 2012; [cr: reid] (Deramus, Glenda) (Entered: 04/24/2012) |
| 04/12/2012 | 35 | Main Case Status Conference report Filed by Debtor Marshall Samuel Sanders (RE: related docum ent(s) 1Voluntary Petition (Chapter 11)). (Deramus, Glenda) (Entered: 04/13/2012) |
| 03/30/2012 | 34 | Individual Debtor's Chapter 11 Plan of Reorganization Filed by Debtor Marshall Samuel Sanders . (Deramus, Glenda) (Entered: 04/02/2012) |
| 03/21/2012 | 33 | Monthly Operating Report. Operating Report Number: 5 . For the Month Ending February 29, 201 2 Filed by Debtor Marshall Samuel Sanders . (Reid, Rick) (Entered: 03/23/2012) |
| 02/16/2012 | 32 | Monthly Operating Report. Operating Report Number: 4 . For the Month Ending Janurary 2012 Fil ed by Debtor Marshall Samuel Sanders . (Deramus, Glenda) (Entered: 02/17/2012) |
| 01/30/2012 | 31 | Adversary case 8:12-ap-01038. Complaint by LBS Financial CU, a California corporation against Marshall Samuel Sanders. Fee Amount $293*with Unexecuted Summons*Nature of Suit: (68 (Disc |

# Exhibit C

| Date Filed | # | Docket Text |
|---|---|---|
| | | hargeability - 523(a)(6), willful and malicious injury)) (Prenovost, Thomas) (Entered: 01/30/201 2) |
| 01/19/2012 | 30 | Notice of Claims Bar Date Filed by Debtor Marshall Samuel Sanders . (Lyons, Maeve) (Entered: 0 1/23/2012) |
| 01/17/2012 | 29 | Notice of claims bar date Filed by Debtor Marshall Samuel Sanders . (Reid, Rick) (Entered: 01/20 /2012) |
| 01/12/2012 | 28 | BNC Certificate of Notice - PDF Document. (RE: related document(s) 26Order (Generic)) No. of N otices: 1. Notice Date 01/12/2012. (Admin.) (Entered: 01/12/2012) |
| 01/10/2012 | 26 | Chapter 11 Status Conference Order (Related Doc # 1) Signed on 1/10/2012 (I, deputy clerk wh o is making this entry, certify that service on all parties under Section II was completed, Reid, Ri ck) (Entered: 01/10/2012) |
| 01/05/2012 | 27 | Hearing Continued RE: (1) Status of Chapter 11 Case; and (2) Requiring Report on Status of Cha pter 11 Case) - CLAIMS BAR DATE OF MARCH 16, 2012 WITH NOTICE TO CREDITORS BY JANUA RY 17, 2012; DEADLINE TO FILE PLAN AND DISCLOSURE STATEMNT; DEADLINE TO FILE PLAN A ND DISCLOSURE STATEMENT IS MARCH 30, 2012; CONTINUED STATUS CONFERENCE TO 4/19/2 012 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701; UPDATED STATUS REPOR T TO BE FILED BY APRIL 12, 2012. (cr: tlaw) The case judge is Erithe A. Smith (Lyons, Maeve) (E ntered: 01/12/2012) |
| 01/05/2012 | 25 | Major Issues and Timetable Report Filed by Debtor Marshall Samuel Sanders. (Bernson, Alicia) (E ntered: 01/06/2012) |
| 01/05/2012 | 24 | Monthly Operating Report. Operating Report Number: 2. For the Month Ending 11/30/2011 Filed by Debtor Marshall Samuel Sanders. (Bernson, Alicia) (Entered: 01/06/2012) |
| 01/05/2012 | 23 | Monthly Operating Report. Operating Report Number: 1. For the Month Ending 10/31/2011 Filed by Debtor Marshall Samuel Sanders. (Bernson, Alicia) (Entered: 01/06/2012) |
| 01/03/2012 | 22 | Adversary case 8:12-ap-01003. Complaint by Marshall Samuel Sanders against Bank of America , Chex Systems Inc . (Charge To Estate). Nature of Suit: (68 (Dischargeability - 523(a)(6), willfu l and malicious injury)) ,(67 (Dischargeability - 523(a)(4), fraud as fiduciary, embezzlement, larc eny)) (Nguyen, Eileen) (Entered: 01/04/2012) |
| 12/27/2011 | 21 | Status report *for Chapter 11 Status Conference* Filed by U.S. Trustee United States Trustee (SA) ( RE: related document(s) 1Voluntary Petition (Chapter 11)). (Goldenberg, Nancy) (Entered: 12/2 7/2011) |
| 12/05/2011 | 20 | Request for courtesy Notice of Electronic Filing (NEF) Filed by Edward T Weber on behalf of Court esy NEF. (Weber, Edward) (Entered: 12/05/2011) |
| 11/09/2011 | | Receipt of Certification Fee - $33.00 by 02. Receipt Number 80043228. (admin) (Entered: 11/10 /2011) |

# Exhibit C

Case 8:15-bk-13011-ES    Doc 48    Filed 08/11/15    Entered 08/11/15 12:32:18    Desc
Main Document     Page 43 of 58

| Date Filed | # | Docket Text |
|---|---|---|
| 11/07/2011 | 19 | Request for courtesy Notice of Electronic Filing (NEF) Filed by Joseph C Delmotte on behalf of Courtesy NEF. (Delmotte, Joseph) (Entered: 11/07/2011) |
| 10/29/2011 | 18 | BNC Certificate of Notice - PDF Document. (RE: related document(s) 16Order (Generic)) No. of Notices: 1. Notice Date 10/29/2011. (Admin.) (Entered: 10/29/2011) |
| 10/28/2011 | 17 | BNC Certificate of Notice (RE: related document(s) 11Meeting of Creditors Chapter 11 & 12) No. of Notices: 17. Notice Date 10/28/2011. (Admin.) (Entered: 10/28/2011) |
| 10/27/2011 | | Hearing Set RE: (1) Status of Chapter 11 Case; and (2) Requiring Report on Status of Chapter 11 Case (related document # 1). Status Conference hearing to be held on 1/5/2012 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 10/27/2011) |
| 10/27/2011 | 16 | Order: (1) Setting Hearing on Status of Chapter 11 Case - January 5, 2012 at 10:30 a.m., Rm 5A; and (2) Requiring Report on Status of Chapter 11 Case (Related Doc # 1) Signed on 10/27/2011 ( I, deputy clerk who is making this entry, certify that service on all parties under Section II was completed, Deramus, Glenda) (Entered: 10/27/2011) |
| 10/26/2011 | 15 | Financial Management Course Certificate Filed by Debtor Marshall Samuel Sanders. (Pineda, Anabel) (Entered: 10/26/2011) |
| 10/26/2011 | 14 | Statement of related cases , Notice of available chapters , Summary of Schedules , Statistical Summary of Certain Liabilities, Schedule A , Schedule B , Schedule C , Schedule D , Schedule E , Schedule F , Schedule G , Schedule H , Schedule I , Schedule J , Declaration concerning debtor's schedules , Statement of Financial Affairs , Statement of assistance of non-attorney , Debtor's Certification of Employment Income , Chapter 11 Statement of Current Monthly Income (Form 22B), Verification of creditor matrix Filed by Debtor Marshall Samuel Sanders (RE: related document(s) 1Voluntary Petition (Chapter 11)). (Gomez, Iraida) (Entered: 10/26/2011) |
| 10/26/2011 | 13 | Exhibit D Filed by Debtor Marshall Samuel Sanders (RE: related document(s) 1Voluntary Petition (Chapter 11)). (Gomez, Iraida) (Entered: 10/26/2011) |
| 10/26/2011 | 12 | Certificate of Credit Counseling Filed by Debtor Marshall Samuel Sanders (RE: related document(s) 1Voluntary Petition (Chapter 11)). (Gomez, Iraida) (Entered: 10/26/2011) |
| 10/26/2011 | 11 | Meeting of Creditors 341(a) meeting to be held on 11/30/2011 at 01:30 PM at RM 1-159, 411 W Fourth St., Santa Ana, CA 92701. Last day to oppose discharge or dischargeability is 1/30/2012. (Beezer, Cynthia) (Entered: 10/26/2011) |
| 10/23/2011 | 10 | BNC Certificate of Notice (RE: related document(s) 6Notice of Requirement to Complete Course in Financial Management (BNC)) No. of Notices: 1. Notice Date 10/23/2011. (Admin.) (Entered: 10/23/2011) |
| 10/23/2011 | 9 | BNC Certificate of Notice (RE: related document(s) 5Amended Case Commencement Deficiency Notice (BNC)) No. of Notices: 1. Notice Date 10/23/2011. (Admin.) (Entered: 10/23/2011) |

# Exhibit C

Case 8:15-bk-13011-ES    Doc 48    Filed 08/11/15    Entered 08/11/15 12:32:18    Desc
Main Document     Page 44 of 58

| Date Filed | # | Docket Text |
|---|---|---|
| 10/22/2011 | 8 | BNC Certificate of Notice (RE: related document(s) 1Voluntary Petition (Chapter 11) filed by Debtor Marshall Samuel Sanders) No. of Notices: 1. Notice Date 10/22/2011. (Admin.) (Entered: 10/22/2011) |
| 10/22/2011 | 7 | BNC Certificate of Notice (RE: related document(s) 1Voluntary Petition (Chapter 11) filed by Debtor Marshall Samuel Sanders) No. of Notices: 1. Notice Date 10/22/2011. (Admin.) (Entered: 10/22/2011) |
| 10/21/2011 | | Receipt of Chapter 11 Filing Fee - $1039.00 by 01. Receipt Number 80042765. (admin) (Entered: 10/24/2011) |
| 10/21/2011 | 6 | Notice of Requirement to Complete Course in Financial Management (BNC) . (Nguyen, Eileen) (Entered: 10/21/2011) |
| 10/21/2011 | 5 | Amended Case Commencement Deficiency Notice (BNC) (RE: related document(s) 1Voluntary Petition (Chapter 11) filed by Debtor Marshall Samuel Sanders) (Nguyen, Eileen) (Entered: 10/21/2011) |
| 10/20/2011 | | Zero installment -No fee collected at the time of filing. (Pineda, Anabel) Filing Fee must be paid in full by 10/21/11 per Judge's order. Modified on 10/20/2011 (Joseph, Susan). Filing Fee PAID IN FULL, $1,039.00 80042765 by 01. Modified on 10/21/2011 (Joseph, Susan). (Entered: 10/20/2011) |
| 10/20/2011 | 4 | Order Denying Application To Pay Filing Fees In Installments (Related Doc # 3). Signed on 10/20/2011. (Pineda, Anabel) (Entered: 10/20/2011) |
| 10/20/2011 | 3 | Application to Pay Filing Fee in Installments Filed by Debtor Marshall Samuel Sanders (Pineda, Anabel) (Entered: 10/20/2011) |
| 10/20/2011 | 2 | Statement of Social Security Number(s) Form B21 Filed by Debtor Marshall Samuel Sanders . (Pineda, Anabel) (Entered: 10/20/2011) |
| 10/20/2011 | | Judge Erithe A. Smith added to case (Pineda, Anabel) (Entered: 10/20/2011) |
| 10/20/2011 | 1 | Chapter 11 Voluntary Petition. Fee Amount $1039 Filed by Marshall Samuel Sanders Schedule D due 11/3/2011. Schedule E due 11/3/2011. Schedule F due 11/3/2011. Schedule G due 11/3/2011. Schedule H due 11/3/2011. Statement of Financial Affairs due 11/3/2011. List of Equity Security Holders due 11/3/2011. Statement - Form 22B Due: 11/3/2011.Statement of Related Case due 11/3/2011. Notice of available chapters due 11/3/2011. Statement of assistance of non-attorney due 11/3/2011. Verification of creditor matrix due 11/3/2011. Summary of schedules due 11/3/2011. Declaration concerning debtors schedules due 11/3/2011. Statistical Summary due 11/3/2011. Cert. of Credit Counseling due by 11/3/2011. Debtor Certification of Employment Income due by 11/3/2011. Section 316 due 12/03/2011. Incomplete Filings due by 11/3/2011. (Pineda, Anabel) Exhibit D due 11/03/2011. Modified on 10/21/2011 (Nguyen, Eileen). (Entered: 10/20/2011) |

# Exhibit C

| **PACER Service Center** | |
|---|---|
| **Receipt:** | 08/10/2015 09:27:44 |
| **User:** | User's PACER account |
| **Client:** | |
| **Description:** | Docket Report |
| | 8:11-bk-24594-ES Fil or Ent: filed Doc From: 0 |
| | Doc To: 99999999 Term: included Format: html |
| | Page counts for documents: included |
| **Pages:** | 7 ($0.70) |

Exhibit C

# 8:13-bk-14049 | Marshall Samuel Sanders

### U.S. Bankruptcy Court
### Central District Of California (Santa Ana)
### Bankruptcy Petition #: 8:13-bk-14049-ES

|  |  |
|---|---|
| *Date filed:* | 05/07/2013 |

*Assigned to:* Erithe A. Smith

Chapter 11

Voluntary

Asset

*Debtor disposition:*  Dismissed for Other Reason

|  |  |
|---|---|
| *Date terminated:* | 05/23/2014 |
| *Debtor dismissed:* | 10/04/2013 |
| *341 meeting:* | 06/12/2013 |
| *Deadline for objecting to discharge:* | 08/12/2013 |

| **Debtor** | represented | **Marshall Samuel Sanders** |
|---|---|---|
| **Marshall Samuel Sanders** | by | PRO SE |
| 1621 Kensing Ln | | |
| Santa Ana, CA 92705 | | **Richard H Gibson** |
| ORANGE-CA | | Gibson Law, PC |
| SSN / ITIN: xxx-xx-7338 | | 21031 Ventura Blvd. |
| | | Suite 1006 |
| | | Woodland Hills, CA 91364 |
| | | 818-716-7950 |
| | | Fax : 818-716-7995 |
| | | Email: Rick@GibsonLawLA.Com |
| | | *TERMINATED: 07/26/2013* |

| **U.S. Trustee** | represented | **Nancy S Goldenberg** |
|---|---|---|
| **United States Trustee (SA)** | by | 411 W Fourth St Ste 9041 |
| 411 W Fourth St., Suite 9041 | | Santa Ana, CA 92701-8000 |
| Santa Ana, CA 92701-4593 | | 714-338-3416 |
| | | Fax : 714-338-3421 |
| | | Email: nancy.goldenberg@usdoj.gov |

| Date Filed | # | Docket Text |
|---|---|---|
| 05/23/2014 | 86 | Bankruptcy Case Closed - DISMISSED. An Order dismissing the above referenced case was entered and notice was provided to parties in interest. Since it appears that no further matters are required that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the case is closed. (Allen, Gloria) (Entered: 05/23/2014) |

# Exhibit C

| Date Filed | # | Docket Text |
|---|---|---|
| 04/11/2014 | 85 | USDC dismissal of appeal Re: Appeal USDC Number: 8:13-cv-01482-SVW, (filed at United States District Court On 4/1/14)(RE: related document(s) 65Notice of Appeal filed by Debtor Marshall Samuel Sanders). (Bolte, Nickie) (Entered: 04/11/2014) |
| 03/12/2014 | 84 | Notice RE: In Chambers - Order To Show Cause Why This Case Should Not Be Dismissed For Lack Of Prosecution - RE: USDC Case No. 8:13-cv-01482-SVW - (filed at United States District Court on 2/19/14 (RE: related document(s) 65Notice Of Appeal To United States District Court. . Fee Amount $298 NOT PAID - [ORDER NOT ENTERED AS OF 9-19-13] Filed by Debtor Marshall Samuel Sanders . Appellant Designation due by 10/3/2013. (Bolte, Nickie) - APPEAL FILING FEE OF $298 .00 PAID ON 9-20-13 - RECEIPT NO. 80056127 - Modified on 9/20/2013 .). (Bolte, Nickie) (Entered: 03/12/2014) |
| 11/06/2013 | 83 | Appeal Deficiency Letter To: United States District Court RE: USDC Case No. SACV13-01482-SVW : Appeal Is Deficient For: Statement Of Issues and Designation Of Record - (RE: related document(s) 65Notice of Appeal filed by Debtor Marshall Samuel Sanders) (copy of deficiency sent through U.S. Mail to Appellant) (Bolte, Nickie) (Entered: 11/06/2013) |
| 10/06/2013 | 82 | BNC Certificate of Notice - PDF Document. (RE: related document(s) 79Order Dismissing Case (BNC-PDF)) No. of Notices: 1. Notice Date 10/06/2013. (Admin.) (Entered: 10/06/2013) |
| 10/06/2013 | 81 | BNC Certificate of Notice (RE: related document(s) 80Notice of dismissal (BNC)) No. of Notices: 45. Notice Date 10/06/2013. (Admin.) (Entered: 10/06/2013) |
| 10/04/2013 | 80 | Notice of dismissal (BNC) (Reid, Rick) (Entered: 10/04/2013) |
| 10/04/2013 | 79 | Order Dismissing Case -**Debtor**Dismissed (BNC-PDF). Signed on 10/4/2013 (RE: related document(s) 1Voluntary Petition (Chapter 11) filed by Debtor Marshall Samuel Sanders, 5 Hearing (Bk Other) Set, 9Meeting of Creditors Chapter 11 & 12, 45 Hearing (Bk Other) Continued, 55 Hearing (Bk Other) Continued, 61 Hearing (Bk Motion) Set, 65Notice of Appeal filed by Debtor Marshall Samuel Sanders). (Reid, Rick) (Entered: 10/04/2013) |
| 09/28/2013 | 78 | BNC Certificate of Notice - PDF Document. (RE: related document(s) 75Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 09/28/2013. (Admin.) (Entered: 09/28/2013) |
| 09/26/2013 | 76 | Assignment notice of United States District Court case/judge to appeal - RE: USDC Case No. SACV13-01482-SVW (filed at United States District Court on 9/23/13) (RE: related document(s) 65Notice of Appeal filed by Debtor Marshall Samuel Sanders) (Bolte, Nickie) (Entered: 09/26/2013) |
| 09/24/2013 | 74 | Notice Of Transcripts; hearing date: September 19, 2013 - Filed by Debtor Marshall Samuel Sanders (RE: related document(s) 65Notice of Appeal). (Bolte, Nickie) (Entered: 09/24/2013) |
| 09/20/2013 | 75 | Order DENYING Motion for Stay Pending Appeal (BNC-PDF) Signed on 9/20/2013 (RE: related document(s) 72Document filed by Debtor Marshall Samuel Sanders). (I, deputy clerk who is making this entry, certify that service on all parties under Section II was completed, Duarte, Tina) (Entered: 09/26/2013) |

# Exhibit C

| Date Filed | # | Docket Text |
|---|---|---|
| 09/20/2013 | 73 | Monthly Operating Report. Operating Report Number: #4 . For the Month Ending August 31, 2013 Filed by Debtor Marshall Samuel Sanders . (Deramus, Glenda) (Entered: 09/23/2013) |
| 09/20/2013 | 72 | Motion for stay pending appeal Filed by Debtor Marshall Samuel Sanders [ORDER TO CHAMBERS] (Deramus, Glenda) (Entered: 09/23/2013) |
| 09/20/2013 | | Receipt of Appeal Noticing Fee - $5.00 by 16. Receipt Number 80056127. (admin) (Entered: 09/23/2013) |
| 09/20/2013 | | Receipt of Appeal Filing Fee - $293.00 by 16. Receipt Number 80056127. (admin) (Entered: 09/23/2013) |
| 09/20/2013 | 71 | APPEAL FILING FEE OF $298.00 PAID - RECEIPT NO. 80056127 - (RE: related document(s) 65Notice Of Appeal To United States District Court. (Bolte, Nickie) (Entered: 09/20/2013) |
| 09/20/2013 | 69 | Notice Of Referral Of Appeal To United States District Court with certificate of mailing (RE: related document(s) 65Notice of Appeal filed by Debtor Marshall Samuel Sanders) (Bolte, Nickie) (Entered: 09/20/2013) |
| 09/20/2013 | 68 | Deficiency Letter To Appellant: Appeal Does Not Include Entered Stamped Copy Of Order, Judgment, Or Decree; And Does Not State Opposing Party(ies) Telephone Numbers (RE: related document(s) 65Notice of Appeal filed by Debtor Marshall Samuel Sanders) (Bolte, Nickie) (Entered: 09/20/2013) |
| 09/19/2013 | 77 | Hearing Held RE: Individual Debtor's Disclosure Statement (related document # 60) - DENY APPROVAL OF THE DISCLOSURE STATEMENT (cr:pere) (Duarte, Tina) (Entered: 09/27/2013) |
| 09/19/2013 | 70 | STATUS CONFERENCE Hearing RE: (1) Status of Chapter 11 Case; and (2) Requiring Report on Status of Chapter 11 Case Held (related document # 1) - Dismiss this case due to failure of Debtor to file a plan and disclosure statement by September 9, 2013 pursuant to this court's order entered July 16, 2013 (docket #52). At the prior hearing, the court set a deadline of September 9, 2013 to file a plan and disclosure statement. The court thereafter entered its order on July 16, 2013 ordering Debtor to file his plan and disclosure statement by September 9, 2013 and indicating that the failure to do so would be grounds for the dismissal of the case. On September 9, 2013, Debtor filed a "plan and disclosure statement" that were both entirely blank as to the treatment of any claims. Debtor effectively filed no plan and disclosure statement in contravention of this court's order. (cr:pere) (Duarte, Tina) (Entered: 09/20/2013) |
| 09/19/2013 | 67 | Deficiency letter to Appellant - Appeal Does Not Include $298.00 Filing Fee For Appeal (RE: related document(s) 65Notice of Appeal filed by Debtor Marshall Samuel Sanders) (Bolte, Nickie) (Entered: 09/20/2013) |
| 09/19/2013 | 66 | Statement Of Election To Appeal To United States District Court Filed by Debtor Marshall Samuel Sanders (RE: related document(s) 65Notice of Appeal). (Bolte, Nickie) (Entered: 09/20/2013) |

# Exhibit C

| Date Filed | # | Docket Text |
|---|---|---|
| 09/19/2013 | 65 | Notice Of Appeal To United States District Court. . Fee Amount $298 NOT PAID - [ORDER NOT ENTERED AS OF 9-19-13] Filed by Debtor Marshall Samuel Sanders . Appellant Designation due by 10/3/2013. (Bolte, Nickie) - APPEAL FILING FEE OF $298.00 PAID ON 9-20-13 - RECEIPT NO. 80056127 - Modified on 9/20/2013 (Bolte, Nickie). (Entered: 09/20/2013) |
| 09/13/2013 | 64 | Objection (related document(s): 60Disclosure Statement filed by Debtor Marshall Samuel Sanders, 61 Hearing (Bk Motion) Set, 62Chapter 11 Plan filed by Debtor Marshall Samuel Sanders)*COMMENTS OF UNITED STATES TRUSTEE TO DEBTOR'S PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT*Filed by U.S. Trustee United States Trustee (SA) (Goldenberg, Nancy) (Entered: 09/13/2013) |
| 09/12/2013 | 63 | Status report Filed by Debtor Marshall Samuel Sanders (RE: related document(s) 1Voluntary Petition (Chapter 11)). (Reid, Rick) (Entered: 09/13/2013) |
| 09/09/2013 | 62 | Individual Debtor's Chapter 11 Plan of Reorganization; Filed by Debtor Marshall Samuel Sanders . [Hearing of 9/19/2013 at 10:30 a.m. Listed on Plan is for Disclosure Statement ONLY] (Duarte, Tina) (Entered: 09/11/2013) |
| 09/09/2013 | 61 | Hearing Set RE: Individual Debtor's Disclosure Statement filed by Debtor (related document # 60). The Hearing date is set for 9/19/2013 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 09/11/2013) |
| 09/09/2013 | 60 | Individual Debtor's Disclosure Statement in Support of Plan of Reorganization; Filed by Debtor Marshall Samuel Sanders . (Duarte, Tina) (Entered: 09/11/2013) |
| 08/19/2013 | 59 | Monthly Operating Report. Operating Report Number: 3 . For the Month Ending July 31, 2013 Filed by Debtor Marshall Samuel Sanders . (Reid, Rick) (Entered: 08/20/2013) |
| 07/25/2013 | 58 | Substitution of attorney Filed by Debtor Marshall Samuel Sanders. (Gibson, Richard) (Entered: 07/25/2013) |
| 07/24/2013 | 57 | Substitution of attorney*Marshall Sanders, Pro Se Debtor/Party*Filed by Debtor Marshall Samuel Sanders. (Gibson, Richard) (Entered: 07/24/2013) |
| 07/24/2013 | 56 | Substitution of attorney*Marshall Sanders Pro Se Debtor/Party*Filed by Debtor Marshall Samuel Sanders. (Gibson, Richard) (Entered: 07/24/2013) |
| 07/18/2013 | 53 | BNC Certificate of Notice - PDF Document. (RE: related document(s) 52Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 07/18/2013. (Admin.) (Entered: 07/18/2013) |
| 07/17/2013 | 54 | Monthly Operating Report. Operating Report Number: 2 . For the Month Ending June 30, 2013 Filed by Debtor Marshall Samuel Sanders . (Reid, Rick) (Entered: 07/19/2013) |
| 07/16/2013 | 55 | Hearing Continued Status hearing to be held on 9/19/2013 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. RULING: DEADLINE TO FILE PLAN AND DISCLOSURE STATEMENT IS SEPT 9, 2013 -- FAILURE TO TIMELY FILE THE SAME WILL BE GROUNDS FOR DISMISSAL OF THE CASE; CONTINUED STATUS CONFERENCE IS SEPTEMBER 19, 2013 AT 10:30 A.M.; UPDATED |

# Exhibit C

| Date Filed | # | Docket Text |
|---|---|---|
| | | STATUS REPORT TO BE FILED BY SEPT 12, 2013. The case judge is Erithe A. Smith (cr:reid) (Mccall, Audrey) (Entered: 07/22/2013) |
| 07/16/2013 | 52 | Chapter 11 Status Conference Order [S/C continued to 9/19/13 at 10:30am] (Related Doc # 1) Signed on 7/16/2013 (Reid, Rick) (Entered: 07/16/2013) |
| 07/02/2013 | 51 | Status report Filed by Debtor Marshall Samuel Sanders (RE: related document(s) 45 Hearing (Bk Other) Continued). (Gibson, Richard) (Entered: 07/02/2013) |
| 06/28/2013 | 50 | Request for courtesy Notice of Electronic Filing (NEF) Filed by McDermott, Christopher. (McDermott, Christopher) (Entered: 06/28/2013) |
| 06/27/2013 | 49 | Amended Schedule J Filed by Debtor Marshall Samuel Sanders. (Gibson, Richard) (Entered: 06/27/2013) |
| 06/27/2013 | 48 | Amended Schedule I Filed by Debtor Marshall Samuel Sanders. (Gibson, Richard) (Entered: 06/27/2013) |
| 06/27/2013 | 47 | Notice of Bar Date for Filing Proof of Claim in an Individual Chapter 11 (LBR 3001-1) Filed by Debtor Marshall Samuel Sanders. (Gibson, Richard) (Entered: 06/27/2013) |
| 06/21/2013 | 46 | Monthly Operating Report. Operating Report Number: 1 . For the Month Ending 5/31/2013 Filed by Debtor Marshall Samuel Sanders . (Reid, Rick) (Entered: 06/25/2013) |
| 06/16/2013 | 44 | BNC Certificate of Notice - PDF Document. (RE: related document(s) 43Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 06/16/2013. (Admin.) (Entered: 06/16/2013) |
| 06/14/2013 | 43 | Chapter 11 Status Conference Order [S/C July 16, 2013 at 10:30AM] (Related Doc # 1) Signed on 6/14/2013 (Reid, Rick) (Entered: 06/14/2013) |
| 06/13/2013 | 45 | Hearing Continued Status Conference hearing to be held on 7/16/2013 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith - CLAIMS BAR DATE: AUGUST 30, 2013 (NOTICE TO CREDITORS BY JUNE 28, 2013); DEBTOR TO FILE AMENDE SCHEDULES I AND J BY JUNE 28, 2013; CONTINUE STATUS CONFERENCE TO JULY 16,2013 AT 10:30 A.M.; UPDATED STATUS REPORT MUST BE FILED BY JULY 2, 2013 (INCLUDING CASH COLLATERAL ISSUES AND DISCUSSION OF ASSETS AVAILABLE FOR FUNDING A PLAN); [cr:reid] (Deramus, Glenda) (Entered: 06/21/2013) |
| 05/30/2013 | 42 | BNC Certificate of Notice (RE: related document(s) 40Notice of Deficiency of Filing Fees Required to Add Additional Creditors (BNC)) No. of Notices: 1. Notice Date 05/30/2013. (Admin.) (Entered: 05/30/2013) |
| 05/28/2013 | 41 | Notice to Filer of Deficient Document**Re Attorney's signature, Statement of Social Security Number, Electronic Filing Declaration.-**(RE: related document(s) 15Verification of List of Creditors (Mailing List) filed by Debtor Marshall Samuel Sanders) (Roque, Jewell) (Entered: 05/28/2013) |

Exhibit C

Case 8:15-bk-13011-ES    Doc 48    Filed 08/11/15    Entered 08/11/15 12:32:18    Desc
Main Document     Page 51 of 58

| Date Filed | # | Docket Text |
|---|---|---|
| 05/28/2013 | 40 | Notice of Deficiency of Filing Fees Required to Add Additional Creditors (BNC) (RE: related document(s) 30Schedule F - Creditors Holding Unsecured Nonpriority Claims filed by Debtor Marshall Samuel Sanders) (Roque, Jewell) (Entered: 05/28/2013) |
| 05/28/2013 | 39 | Notice to Filer of Error and/or Deficient Document**Document filed without holographic signature.THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE PROPER SIGNATURE.**(RE: related document(s) 14AMENDED Statement of Social Security Number(s) Form B21 filed by Debtor Marshall Samuel Sanders) (Roque, Jewell) (Entered: 05/28/2013) |
| 05/24/2013 | 38 | BNC Certificate of Notice - PDF Document. (RE: related document(s) 13Order on Motion to Extend Deadline to File Schedules (BNC-PDF)) No. of Notices: 1. Notice Date 05/24/2013. (Admin.) (Entered: 05/25/2013) |
| 05/24/2013 | 37 | Exhibit C Filed by Debtor Marshall Samuel Sanders. (Gibson, Richard) (Entered: 05/24/2013) |
| 05/24/2013 | 36 | Exhibit D Filed by Debtor Marshall Samuel Sanders. (Gibson, Richard) (Entered: 05/24/2013) |
| 05/24/2013 | 35 | Certificate of Credit Counseling Filed by Debtor Marshall Samuel Sanders (RE: related document(s) 1Voluntary Petition (Chapter 11)). (Gibson, Richard) (Entered: 05/24/2013) |
| 05/24/2013 | 34 | List of creditors holding 20 largest unsecured claims Filed by Debtor Marshall Samuel Sanders. (Gibson, Richard) (Entered: 05/24/2013) |
| 05/24/2013 | 33 | Statement of related cases Filed by Debtor Marshall Samuel Sanders (RE: related document(s) 1 Voluntary Petition (Chapter 11)). (Gibson, Richard) (Entered: 05/24/2013) |
| 05/24/2013 | 32 | Notice of available chapters Filed by Debtor Marshall Samuel Sanders (RE: related document(s) 1 Voluntary Petition (Chapter 11)). (Gibson, Richard) (Entered: 05/24/2013) |
| 05/24/2013 | 31 | Summary of Schedules Filed by Debtor Marshall Samuel Sanders (RE: related document(s) 1Voluntary Petition (Chapter 11)). (Gibson, Richard) (Entered: 05/24/2013) |
| 05/24/2013 | 30 | Schedule F Filed by Debtor Marshall Samuel Sanders (RE: related document(s) 1Voluntary Petition (Chapter 11)). (Gibson, Richard). FEE REQUIRED FOR ADDITIONAL CREDITORS. (Entered: 05/24/2013) |
| 05/24/2013 | 29 | Schedule A Filed by Debtor Marshall Samuel Sanders (RE: related document(s) 1Voluntary Petition (Chapter 11)). (Gibson, Richard) (Entered: 05/24/2013) |
| 05/24/2013 | 28 | Schedule B Filed by Debtor Marshall Samuel Sanders (RE: related document(s) 1Voluntary Petition (Chapter 11)). (Gibson, Richard) (Entered: 05/24/2013) |
| 05/24/2013 | 27 | Schedule C Filed by Debtor Marshall Samuel Sanders (RE: related document(s) 1Voluntary Petition (Chapter 11)). (Gibson, Richard) (Entered: 05/24/2013) |
| 05/24/2013 | 26 | Schedule D Filed by Debtor Marshall Samuel Sanders (RE: related document(s) 1Voluntary Petition (Chapter 11)). (Gibson, Richard) (Entered: 05/24/2013) |

# Exhibit C

Case 8:15-bk-13011-ES     Doc 48     Filed 08/11/15     Entered 08/11/15 12:32:18     Desc
Main Document          Page 52 of 58

| Date Filed | # | Docket Text |
|---|---|---|
| 05/24/2013 | 25 | Schedule E Filed by Debtor Marshall Samuel Sanders (RE: related document(s) 1Voluntary Petition (Chapter 11)). (Gibson, Richard) (Entered: 05/24/2013) |
| 05/24/2013 | 24 | Schedule G Filed by Debtor Marshall Samuel Sanders (RE: related document(s) 1Voluntary Petition (Chapter 11)). (Gibson, Richard) (Entered: 05/24/2013) |
| 05/24/2013 | 23 | Schedule H Filed by Debtor Marshall Samuel Sanders (RE: related document(s) 1Voluntary Petition (Chapter 11)). (Gibson, Richard) (Entered: 05/24/2013) |
| 05/24/2013 | 22 | Schedule I Filed by Debtor Marshall Samuel Sanders (RE: related document(s) 1Voluntary Petition (Chapter 11)). (Gibson, Richard) (Entered: 05/24/2013) |
| 05/24/2013 | 21 | Schedule J Filed by Debtor Marshall Samuel Sanders (RE: related document(s) 1Voluntary Petition (Chapter 11)). (Gibson, Richard) (Entered: 05/24/2013) |
| 05/24/2013 | 20 | Declaration concerning debtor's schedules Filed by Debtor Marshall Samuel Sanders (RE: related document(s) 1Voluntary Petition (Chapter 11)). (Gibson, Richard) (Entered: 05/24/2013) |
| 05/24/2013 | 19 | Statement of Financial Affairs Filed by Debtor Marshall Samuel Sanders (RE: related document(s) 1Voluntary Petition (Chapter 11)). (Gibson, Richard) (Entered: 05/24/2013) |
| 05/24/2013 | 18 | Disclosure of Compensation of Attorney for Debtor Filed by Debtor Marshall Samuel Sanders (RE: related document(s) 1Voluntary Petition (Chapter 11)). (Gibson, Richard) (Entered: 05/24/2013) |
| 05/24/2013 | 17 | Debtor's Certification of Employment Income Filed by Debtor Marshall Samuel Sanders (RE: related document(s) 1Voluntary Petition (Chapter 11)). (Gibson, Richard) (Entered: 05/24/2013) |
| 05/24/2013 | 16 | Chapter 11 Statement of Current Monthly Income (Form 22B) Filed by Debtor Marshall Samuel Sanders (RE: related document(s) 1Voluntary Petition (Chapter 11)). (Gibson, Richard) (Entered: 05/24/2013) |
| 05/24/2013 | 15 | Verification of List of Creditors (Mailing List) Filed by Debtor Marshall Samuel Sanders (RE: related document(s) 1Voluntary Petition (Chapter 11)). (Gibson, Richard) WARNING: Item subsequently amended by docket entry number 41. STILL DEFICIENT FOR: Addendum to Voluntary Petition Re Attorney's signature, Statement of Social Security Number (missing debtor's signature), Electronic Filing Declaration. Modified on 5/28/2013 (Roque, Jewell). (Entered: 05/24/2013) |
| 05/24/2013 | 14 | AMENDED Statement of Social Security Number(s) Form B21 Filed by Debtor Marshall Samuel Sanders. (Gibson, Richard) WARNING: Item subsequently amended by docket entry number 39. Document MISSING DEBTOR'S HOLGRAPHIC SIGNATURE. Modified on 5/28/2013 (Roque, Jewell). (Entered: 05/24/2013) |
| 05/23/2013 | | Receipt of Certification Fee - $11.00 by 04. Receipt Number 80054444. (admin) (Entered: 05/24/2013) |
| 05/22/2013 | 13 | Order Granting Motion To Extend Deadline to File Schedules or Provide Required Information (BNC-PDF) (Related Doc # 12) Signed on 5/22/2013. 1) The motion of Marshall Sanders to extend ti |

Exhibit C

| Date Filed | # | Docket Text |
|---|---|---|
| | | me to file his schedules and statements is granted; 2) Marshall Sanders has until May 24, 2013 to file his schedules and statements (Deramus, Glenda) (Entered: 05/22/2013) |
| 05/21/2013 | 12 | Motion to Extend Deadline to File Schedules or Provide Required Information Filed by Debtor Marshall Samuel Sanders (Gibson, Richard) (Entered: 05/21/2013) |
| 05/21/2013 | 11 | Request for special notice Filed by Creditor Wells Fargo Bank, N.A., as trustee, on behalf of the holders of the HarborView Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-1, its assignees and/or successors, by and throu. (Raftery, Kelly) (Entered: 05/21/2013) |
| 05/16/2013 | 10 | BNC Certificate of Notice (RE: related document(s) 9Meeting of Creditors Chapter 11 & 12) No. of Notices: 42. Notice Date 05/16/2013. (Admin.) (Entered: 05/17/2013) |
| 05/14/2013 | 9 | Meeting of Creditors 341(a) meeting to be held on 6/12/2013 at 11:00 AM at RM 1-159, 411 W Fourth St., Santa Ana, CA 92701. Last day to oppose discharge or dischargeability is 8/12/2013. (Beezer, Cynthia) (Entered: 05/14/2013) |
| 05/13/2013 | | Notice of Debtor's Prior Filings for debtor Marshall Samuel Sanders Case Number 11-24594, Chapter 11 filed in California Central Bankruptcy on 10/20/2011 , Dismissed for Other Reason on 08/21/2012; Case Number 10-14682, Chapter 7 filed in California Central Bankruptcy on 04/12/2010 , Standard Discharge on 02/02/2011.(Admin) (Entered: 05/13/2013) |
| 05/10/2013 | 8 | BNC Certificate of Notice - PDF Document. (RE: related document(s) 4Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 05/10/2013. (Admin.) (Entered: 05/12/2013) |
| 05/10/2013 | 7 | BNC Certificate of Notice (RE: related document(s) 3Case Commencement Deficiency Notice (BNC)) No. of Notices: 1. Notice Date 05/10/2013. (Admin.) (Entered: 05/12/2013) |
| 05/10/2013 | 6 | BNC Certificate of Notice (RE: related document(s) 1Voluntary Petition (Chapter 11) filed by Debtor Marshall Samuel Sanders) No. of Notices: 1. Notice Date 05/10/2013. (Admin.) (Entered: 05/12/2013) |
| 05/10/2013 | | Notice of Debtor's Prior Filings for debtor Marshall Samuel Sanders Case Number 11-24594, Chapter 11 filed in California Central Bankruptcy on 10/20/2011 , Dismissed for Other Reason on 08/21/2012; Case Number 10-14682, Chapter 7 filed in California Central Bankruptcy on 04/12/2010 , Standard Discharge on 02/02/2011.(Admin) (Entered: 05/10/2013) |
| 05/09/2013 | | Notice of Debtor's Prior Filings for debtor Marshall Samuel Sanders Case Number 11-24594, Chapter 11 filed in California Central Bankruptcy on 10/20/2011 , Dismissed for Other Reason on 08/21/2012; Case Number 10-14682, Chapter 7 filed in California Central Bankruptcy on 04/12/2010 , Standard Discharge on 02/02/2011.(Admin) (Entered: 05/09/2013) |
| 05/08/2013 | | Notice of Debtor's Prior Filings for debtor Marshall Sanders Case Number 11-24594, Chapter 11 filed in California Central Bankruptcy on 10/20/2011 , Dismissed for Other Reason on 08/21/2012; Case Number 10-14682, Chapter 7 filed in California Central Bankruptcy on 04/12/2010 , Standard Discharge on 02/02/2011.(Admin) (Entered: 05/08/2013) |

**Exhibit C**

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 05/08/2013 | 5 | Hearing Set re: (1) Status of Chapter 11 Case; and (2) Requiring Report on Status of Chapter 11 Case (related document # 1). Status Conference hearing to be held on 6/13/2013 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 05/08/2013) |
| 05/08/2013 | 4 | Order: 1) Setting hearing on status of Chapter 11 case; and 2) Requiring report on status of Chapter 11 case [S/C June 13, 2013 at 10:30am] (Related Doc # 1) Signed on 5/8/2013 (Reid, Rick) (Entered: 05/08/2013) |
| 05/08/2013 | 3 | Case Commencement Deficiency Notice (BNC) (RE: related document(s) 1Voluntary Petition (Chapter 11) filed by Debtor Marshall Samuel Sanders) (Cetulio, Julie) (Entered: 05/08/2013) |
| 05/08/2013 | | Notice of Debtor's Prior Filings for debtor Marshall Sanders Case Number 11-24594, Chapter 11 filed in California Central Bankruptcy on 10/20/2011 , Dismissed for Other Reason on 08/21/2012; Case Number 10-14682, Chapter 7 filed in California Central Bankruptcy on 04/12/2010 , Standard Discharge on 02/02/2011.(Admin) (Entered: 05/08/2013) |
| 05/07/2013 | 2 | Statement of Social Security Number(s) Form B21 Filed by Debtor Marshall Sanders. (Gibson, Richard) (Entered: 05/07/2013) |
| 05/07/2013 | | Receipt of Voluntary Petition (Chapter 11)(8:13-bk-14049) [misc,volp11] (1213.00) Filing Fee. Receipt number 32939545. Fee amount 1213.00. (re: Doc# 1) (U.S. Treasury) (Entered: 05/07/2013) |
| 05/07/2013 | 1 | Chapter 11 Voluntary Petition. Fee Amount $1213 Filed by Marshall Sanders Schedule A due 05/21/2013. Schedule B due 05/21/2013. Schedule C due 05/21/2013. Schedule D due 05/21/2013. Schedule E due 05/21/2013. Schedule F due 05/21/2013. Schedule G due 05/21/2013. Schedule H due 05/21/2013. Schedule I due 05/21/2013. Schedule J due 05/21/2013. Statement of Financial Affairs due 05/21/2013. List of Equity Security Holders due 05/21/2013. Statement - Form 22B Due: 05/21/2013. Incomplete Filings due by 05/21/2013. (Attachments: # 1List of 20 Largest Creditors # 2Master Mailing List - pdf) (Gibson, Richard) (Entered: 05/07/2013) |

← **1** →

Exhibit C

# 8:14-bk-11663 | Marshall Samuel Sanders

### U.S. Bankruptcy Court
### Central District Of California (Santa Ana)
### Bankruptcy Petition #: 8:14-bk-11663-ES

|  |  |
|---|---|
| *Assigned to:* Erithe A. Smith | *Date filed:*    03/18/2014 |
| Chapter 11 | *Date terminated:*    10/30/2014 |
| Voluntary | *Debtor dismissed:*    09/18/2014 |
| Asset | *341 meeting:*    05/09/2014 |
| *Debtor disposition:*   Dismissed for Other Reason | *Deadline for objecting to discharge:*    07/08/2014 |

| | |
|---|---|
| **Debtor** | represented **Marshall Samuel Sanders** |
| **Marshall Samuel Sanders** | by    PRO SE |
| 1621 Kensing Ln | |
| Santa Ana, CA 92705 | |
| ORANGE-CA | |
| SSN / ITIN: xxx-xx-7338 | |

| | |
|---|---|
| **U.S. Trustee** | represented **Nancy S Goldenberg** |
| **United States Trustee (SA)** | by    411 W Fourth St Ste 9041 |
| 411 W Fourth St., Suite 9041 |    Santa Ana, CA 92701-8000 |
| Santa Ana, CA 92701-4593 |    714-338-3416 |
| |    Fax : 714-338-3421 |
| |    Email: nancy.goldenberg@usdoj.gov |

| Date Filed | # | Docket Text |
|---|---|---|
| 10/30/2014 | 68 | Bankruptcy Case Closed - DISMISSED. An Order dismissing the above referenced case was entered and notice was provided to parties in interest. Since it appears that no further matters are required that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the case is closed. (Allen, Gloria) (Entered: 10/30/2014) |
| 09/29/2014 | 67 | Monthly Operating Report. Operating Report Number: 7 . For the Month Ending 9/11/14 Filed by Debtor Marshall Samuel Sanders . (Reid, Rick) |
| 09/24/2014 | 66 | BNC Certificate of Notice - PDF Document. (RE: related document(s)[65] Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF)) No. of Notices: 0. Notice Date 09/24/2014. (Admin.) |

# Exhibit C

| Date Filed | # | Docket Text |
|---|---|---|
| 09/22/2014 | 65 | Order Denying Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF) (Related Doc # [49]) Signed on 9/22/2014 (Duarte, Tina) |
| 09/20/2014 | 64 | BNC Certificate of Notice - PDF Document. (RE: related document(s)[61] ORDER of dismissal with special restriction-period against re-filing a new bankruptcy case (BNC-PDF)) No. of Notices: 0. Notice Date 09/20/2014. (Admin.) |
| 09/20/2014 | 63 | BNC Certificate of Notice (RE: related document(s)[62] Notice of dismissal with restriction for against debtor's refiling (BNC)) No. of Notices: 13. Notice Date 09/20/2014. (Admin.) |
| 09/18/2014 | 62 | Notice of dismissal with restriction against debtor's refiling (BNC) (Reid, Rick) |
| 09/18/2014 | 61 | Order dismissing case with 180-day bar to re-filing and awarding United States Trustee Quarterly Fees in the amount of $650.00 - Debtor Dismissed for 180 Days. (BNC-PDF) Barred Debtor Sanders, Marshall Samuel starting 9/18/2014 to 3/17/2015 Signed on 9/18/2014 (RE: related document(s)[1] Voluntary Petition (Chapter 11) filed by Debtor Marshall Samuel Sanders, [7] Hearing (Bk Other) Set, [8] Meeting of Creditors Chapter 11 & 12, [29] Order (Generic) (BNC-PDF), [32] Hearing (Bk Other) Continued, [46] Dismiss Debtor filed by Debtor Marshall Samuel Sanders, [48] Hearing (Bk Other) Continued). (Reid, Rick) |
| 09/17/2014 | 60 | Hearing Held (RE: related document(s)[49] Motion for Relief from Stay - Real Property filed by Creditor Wells Fargo Bank, N.A., as trustee, on behalf of the holders of the HarborView Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-1, its assignees and/or successors, by and throu) - DENY MOTION AS MOOT -- CASE DISMISSED WITH 180-DAY BAR TO RE-FILING PER 109(g)(2) - (cr:reid) (Law, Tamika) |
| 09/12/2014 | 59 | Hearing Held RE: (1) Status of Chapter 11 Case; and (2) Requiring Report on Status of Chapter 11 Case (related document [1]) - TAKE MATTER OFF CALENDAR IN LIGHT OF THE GRANTING OF DEBTOR'S MOTION TO DISMISS CASE - (cr:jale) (Law, Tamika) |
| 09/12/2014 | 58 | Hearing Held (RE: related document(s)[46] Dismiss Debtor filed by Debtor Marshall Samuel Sanders) - GRANT MOTION TO DISMISS CASE WITH 180-DAY BAR AGAINST RE-FILING (THE RESTRICTION IS MANDATED BY 11 USC 109 (g) (2)); JUDGMENT IN FAVOR OF US TRUSTEE FOR ANY UNPAID QUARTERLY FEES (UST TO PREPARE ORDER) -- PENDING ADVERSARY PROCEEDING WILL BE DISMISSED - (cr:jale) (Law, Tamika) |
| 09/09/2014 | 57 | Monthly Operating Report. Operating Report Number: 6 . For the Month Ending August 2014 Filed by Debtor Marshall Samuel Sanders . (Reid, Rick) |
| 09/05/2014 | 56 | Status report; Filed by Debtor Marshall Samuel Sanders (RE: related document(s)[1] Voluntary Petition (Chapter 11)). (Daniels, Sally) |
| 09/05/2014 | 55 | Status report; Filed by Debtor Marshall Samuel Sanders (RE: related document(s)[1] Voluntary Petition (Chapter 11)). (Daniels, Sally) |

# Exhibit C

| Date Filed | # | Docket Text |
|---|---|---|
| 08/29/2014 | 54 | BNC Certificate of Notice - PDF Document. (RE: related document(s)[51] Order (Generic) (BNC-PDF)) No. of Notices: 0. Notice Date 08/29/2014. (Admin.) |
| 08/28/2014 | 53 | Monthly Operating Report. Operating Report Number: 5 . For the Month Ending July 2014 Filed by Debtor Marshall Samuel Sanders . (Reid, Rick) |
| 08/27/2014 | 52 | Monthly Operating Report. Operating Report Number: 4 . For the Month Ending June 30, 2014 Filed by Debtor Marshall Samuel Sanders . (Reid, Rick) |
| 08/27/2014 | 51 | Chaper 11 Status Conference Order. This Status Conference is Continued to September 11, 2014 at 10:30 a.m. same date and time set for hearing on Debtor's Motion to Dismiss Case. (BNC-PDF) (Related Doc # [1]) Signed on 8/27/2014 (Steinberg, Elizabeth) |
| 08/27/2014 | 50 | Hearing Set (RE: related document(s)[49] Motion for Relief from Stay - Real Property filed by Creditor Wells Fargo Bank, N.A., as trustee, on behalf of the holders of the HarborView Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-1, its assignees and/or successors) The Hearing date is set for 9/16/2014 at 09:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Reid, Rick) |
| 08/26/2014 | | Receipt of Motion for Relief from Stay - Real Property(8:14-bk-11663-ES) [motion,nmrp] ( 176.00) Filing Fee. Receipt number 37864433. Fee amount 176.00. (re: Doc[49]) (U.S. Treasury) |
| 08/26/2014 | 49 | Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 1621 Kensing Lane, Santa Ana, CA 92705 . Fee Amount $176, Filed by Creditor Wells Fargo Bank, N.A., as trustee, on behalf of the holders of the HarborView Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-1, its assignees and/or successors, by and throu (Attachments: # (1) Exhibit) (Raftery, Kelly) |
| 08/22/2014 | 48 | Hearing Continued RE: (1) Status of Chapter 11 Case; and (2) Requiring Report on Status of Chapter 11 Case (related document [1]) - STATUS CONFERENCE HEARING CONTINUED TO 9/11/2014 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701 - SAME DATE/TIME SET FOR HEARING ON DEBTOR'S MOTION TO DISMISS CASE - The case judge is Erithe A. Smith (cr:reid) (Law, Tamika) |
| 08/21/2014 | 47 | Hearing Set (RE: related document(s)[46] Motion to Dismiss Chapter 11 Pursuant to 11 U.S.C. Section 1112(b), filed by Debtor Marshall Samuel Sanders). The Hearing date is set for 9/11/2014 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Duarte, Tina) |
| 08/21/2014 | 46 | Motion and Notice of Motion to Dismiss Chapter 11 Pursuant to 11 U.S.C. Section 1112(b); Memorandum of Points and Authorities; and Declaration of Marshall Samuel Sanders in Support Thereof; Filed by Debtor Marshall Samuel Sanders (Duarte, Tina) |
| 08/14/2014 | 45 | Status report Filed by Debtor Marshall Samuel Sanders (RE: related document(s)[1] Voluntary Petition (Chapter 11)). (Reid, Rick) |

# Exhibit C

Case 8:15-bk-13011-ES    Doc 48    Filed 08/11/15    Entered 08/11/15 12:32:18    Desc
Main Document        Page 58 of 58

| Date Filed | # | Docket Text |
|---|---|---|
| 07/16/2014 | 44 | BNC Certificate of Notice - PDF Document. (RE: related document(s)[43] Order (Generic) (BNC-PDF)) No. of Notices: 0. Notice Date 07/16/2014. (Admin.) |
| 07/14/2014 | 43 | Order Denying Debtor's Motion to Dismiss Without Prejudice (BNC-PDF) Signed on 7/11/2014 (RE: related document(s)[40] Dismiss Debtor filed by Debtor Marshall Samuel Sanders). (Reid, Rick) |
| 07/08/2014 | 42 | Adversary case 8:14-ap-01207. Complaint by LBS Financial CU, a California corporation against Marshall Samuel Sanders. Fee Amount $350 Nature of Suit: (67 (Dischargeability - 523(a)(4), fraud as fiduciary, embezzlement, larceny)),(68 (Dischargeability - 523(a)(6), willful and malicious injury)) (Rocha, Karel) (Entered: 07/08/2014) |
| 07/02/2014 | 41 | BNC Certificate of Notice - PDF Document. (RE: related document(s) 39Order on Motion To Dismiss Debtor - Joint Debtor (BNC-PDF)) No. of Notices: 0. Notice Date 07/02/2014. (Admin.) (Entered: 07/02/2014) |
| 07/01/2014 | 40 | Motion to Dismiss Filed by Debtor Marshall Samuel Sanders [No hearing requested; Order to chambers] (Reid, Rick) (Entered: 07/02/2014) |
| 06/27/2014 | 39 | Order Denying Motion to Dismiss Case Without Prejudice (BNC-PDF). (Related Doc # 38) Signed on 6/27/2014. (Reid, Rick) (Entered: 06/30/2014) |
| 06/27/2014 | 38 | Motion for Voluntary Dismissal Filed by Debtor Marshall Samuel Sanders [No hearing; Order to chambers] (Reid, Rick) (Entered: 06/30/2014) |
| 06/19/2014 | 37 | Monthly Operating Report. Operating Report Number: 3 . For the Month Ending 5/31/14; Filed by Debtor Marshall Samuel Sanders . (Daniels, Sally) (Entered: 06/20/2014) |

←   **1**   →

Exhibit C