LOCKE LORD LLP
Conrad V. Sison (SBN: 217197)
csison@lockelord.com
Shiva Delrahim Beck (SBN: 228841)
sdelrahim@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071
Telephone: (213) 485-1500
Facsimile: (213) 485-1200

Attorneys for WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF OF THE HOLDERS OF HARBORVIEW MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2007-1

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>**MARSHALL SAMUEL SANDERS**,<br><br>Debtor. | Case No. 8:15-bk-13011-ES<br><br>Chapter 13<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF OF THE HOLDERS OF HARBORVIEW MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2007-1 FOR RELIEF FROM THE AUTOMATIC STAY [REAL PROPERTY]**<br><br>**[1621 Kensing Ln., Santa Ana, CA]**<br><br>Hearing<br>Date: September 8, 2015<br>Time: 9:30 a.m.<br>Ctrm: 5A<br>411 West Fourth Street<br>Santa Ana, CA 92701 |

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, THE CHAPTER 13 TRUSTEE, AND OTHER PARTIES IN INTEREST:**

**MEMORANDUM OF POINTS AND AUTHORITIES**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................................ 1

JURISDICTION AND VENUE ....................................................................................................... 2

RELEVANT FACTS ........................................................................................................................ 2

    **A.**    Wells Fargo Trustee's Loan. ............................................................................................ 2

    **B.**    Multiple Bankruptcy Cases to Delay, Hinder, or Defraud Wells Fargo Trustee. ........... 3

RELIEF REQUESTED ..................................................................................................................... 6

BASIS FOR RELIEF ........................................................................................................................ 6

    **A.**    Relief From Stay is Mandatory Under Section 362(d)(2) .............................................. 6

    **B.**    Cause Exists to Lift the Automatic Stay. ........................................................................ 8

    **C.**    In Rem Stay Relief Is Warranted. .................................................................................. 11

    **D.**    Bankruptcy Rule 4001(a)(3) Should be Waived. ......................................................... 11

CONCLUSION ............................................................................................................................... 12

**Locke Lord LLP**
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

# **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Baldino v. Wilson (In re Wilson)*,
  116 F.3d 87 (3d Cir. 1997) .................................................................................................. 8

*Benedor Corp. v. Conejo Enters., Inc. (In re Conejo Enters., Inc.)*,
  96 F.3d 346 (9th Cir. 1996) ................................................................................................. 8

*C-TC 9th Avenue Partnership v. Norton Company (In re C-TC 9th Avenue Partnership)*,
  113 F.3d 1304 (2d Cir. 1997) .............................................................................................. 9

*California Federal Bank, F.S.B. v. y Avenue (In re Moorpark Adventure)*,
  161 B.R. 254 (Bankr. C.D. Cal. 1993) ................................................................................ 7

*California Mortgage Service v. Yukon Enterprises, Inc. (In re Yukon Enterprises, Inc.)*,
  39 B.R. 919 (Bankr. C.D. Cal. 1984) .................................................................................. 9

*In re Paxson Elec. Co.*,
  242 B.R. 67 (Bankr. M.D. Fla. 1999) ................................................................................. 8

*In re San Clemente Estates*,
  5 B.R. 605 (Bankr. S.D. Cal. 1980) .................................................................................... 7

*Jesinoski v. Countrywide Home Loans, Inc.*
  (No. 13-684) 574 U.S. ___ (Jan. 13, 2015) ........................................................................ 6

*La Jolla Mortgage Fund v. Rancho El Cajon Associates,*
  18 B.R. 283 (Bankr. S.D. Cal. 1982) .................................................................................. 7

*Marsch v. Marsch (In re Marsch)*,
  36 F.3d 825 (9th Cir. 1994) ................................................................................................. 9

*Reitnauer v. Texas Exotic Feline Found., Inc. (In re Reitnauer)*,
  152 F. 3d 341 (5th Cir. 1998) .............................................................................................. 8

*Soliman v. Spencer (In re Spencer)*,
  115 B.R. 471 (D. Del. 1990) ............................................................................................... 8

*Stewart v. Gurley*,
  745 F.2d 1194 (9th Cir. 1984) ............................................................................................ 7

**STATE CASES**

*Alakozai v. Citizens Equity First Credit Union (In re Alakozai)*,
  No. NC-12-1470, slip op. (9th Cir. BAP Oct. 2, 2013) .....................................................11

**FEDERAL STATUTES**

11 U.S.C. § 362(c)(3)(C)(i) ........................................................................................................ 6

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

11 U.S.C. § 362(c)(3)(C)(ii) ................................................................................................. 6

11 U.S.C. § 362(d)(1) .............................................................................................6, 8, 9

11 U.S.C. § 362(d)(4) ............................................................................... 6, 7, 11, 12

11 U.S.C. § 362(g) ........................................................................................................ 8

28 U.S.C. §§ 157 and 1334 .......................................................................................... 2

28 U.S.C. § 157(b)(2) ................................................................................................... 2

28 U.S.C. §§ 1408 and 1409 ........................................................................................ 2

**FEDERAL AND LOCAL RULES**

F.R.Civ.P. 5 ................................................................................................................... 2

FRBP Rule 4001 ......................................................................................................2, 11

Local Bankruptcy Rule 4001-1 .................................................................................... 2

**Locke Lord LLP**
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

Wells Fargo Bank, N.A., as Trustee, on behalf of the holders of the Harborview Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-1 ("Wells Fargo Trustee"), by and through its undersigned attorneys, submits its Memorandum of Points and Authorities in support of the Motion For Relief from the Automatic Stay (the "Motion") pursuant to section 362(d) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") for an order for relief from the automatic stay as to Wells Fargo Trustee, or any further assignee, in connection with the foreclosure of its first priority deed of trust against the real property located at 1621 Kensing Lane, Santa Ana, CA 92705 (the "Property"), filed concurrently herewith. In support of the Motion, Wells Fargo Trustee concurrently herewith (i) submits the Declaration of Matthew Pietramali (the "Pietramali Decl.") and (ii) files the Request for Judicial Notice ("RJN") and respectfully states and represents as follows:

## PRELIMINARY STATEMENT

This is Debtor's fifth bankruptcy case in five years and last-gasp attempt at delaying a long overdue foreclosure on the Property. Debtor filed a bankruptcy case in 2010, another one in 2011 (dismissed), a third bankruptcy case in 2013 (dismissed), a fourth bankruptcy case in 2014 (dismissed with 180-day bar to filing bankruptcy), a suit in Orange County Superior Court in 2014, and another suit filed in 2015 in federal district court to obtain a preliminary injunction (failed). Debtor's scheme is that he commences an action and as soon as a decision will be entered against him, he seeks to voluntarily dismiss the case to avoid the imposition of a judgment and then starts all over again. Through these actions, Debtor has hindered, delayed, and harassed Opposing Parties from rightfully enforcing their remedies under applicable non-Bankruptcy law for over 4 years!

Now, Debtor is again abusing the Bankruptcy Code and Bankruptcy Court's docket to seek the continuation of the automatic stay. This most recent case is clearly a ploy by Debtor to further hinder, delay, or frustrate Wells Fargo Trustee's rights and remedies under applicable state law. By this Motion, Wells Fargo Trustee respectfully requests that the Court enter an order granting relief from stay with in rem relief as to the Property.

**JURISDICTION AND VENUE**

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The predicate for the relief requested herein is 11 U.S.C. § 362(d), Rule 4001 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 4001-1.

**RELEVANT FACTS**

1. On June 15, 2015, on the eve of the latest scheduled non-judicial trustee's sale, (the "Petition Date"), Marshall Samuel Sanders ("Debtor") filed for relief under chapter 13 title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California, Santa Ana (the "Bankruptcy Court"), Case No. 8:15-bk-13011-ES (the "Fifth Bankruptcy Case"). (RJN, Ex.18).

2. On June 29, 2015, Debtor filed his Chapter 13 Plan [Doc 18], with no provision for Wells Fargo Trustee's loan. (RJN, Ex. 19).

3. On June 29, 2015, Debtor files his summary of schedules of assets and liabilities [Doc 19]. (RJN, Ex. 20). Debtor indicates that Wells Fargo Trustee has a zero secured claim as a result of an alleged "TILA Rescission" and that the Property has a value of $750,000. (*Id.*).

**A.     Wells Fargo Trustee's Loan.**

4. On or about December 22, 2006, Debtor and Lydia O Sanders, Trustees of the Marshall and Lydia Sanders Trust dated April 20, 1990 executed a Monthly Adjustable Rate Pay option Note in the original principal amount of $1,400,000 ("Note") for the purchase of the Property. (Pietramali Decl., ¶, Ex. 1).

5. On or about December 22, 2007, Debtor and Lydia O Sanders, Trustees of the Marshall and Lydia Sanders Trust dated April 20, 1990 executed a Deed of Trust relating to the Property, which Deed of Trust was recorded on January 5, 2007 in the Official Records of Orange County as Document No. 2007000008779 (the "Deed of Trust"). (RJN, Ex. 1).

Locke Lord LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

6. A Corporation Assignment of Deed of Trust was executed on November 17, 2009 and recorded on December 30, 2009 in the Orange County Recorder's Office assigning the Deed of Trust, together with all rights therein and thereto to Wells Fargo Trustee. (RJN, Ex. 2). On November 28, 2011, an Assignment of Deed of Trust was executed and subsequently recorded in the Orange County Recorder's Office on December 6, 2011. (*Id.*). The effect of this assignment was to transfer all beneficial interest in the Deed of Trust, together with all rights therein and thereto, to Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, L.P. (*Id.*). On June 25, 2014, a Corporate Assignment of Deed of Trust was executed, the effect of which assigned all beneficial interest in the Deed of Trust to Wells Fargo Trustee. (*Id.*).

7. After Debtor fell behind on his payment obligations under the Note, Wells Fargo Trustee caused to be recorded a Notice of Default and Election to Sell Under Deed of Trust ("Notice of Default"), which was recorded in the Official Records of Orange County on March 6, 2013 as Document No. 2013000138230 (RJN, Ex. 3).

8. On October 29, 2014, Wells Fargo Trustee caused to be recorded a Notice of Trustee's Sale, which was recorded in the Official Records of Orange County as Document No. 2014000438612, which set a foreclosure date of November 24, 2014. (RJN, Ex. 4).

**B.    Multiple Bankruptcy Cases to Delay, Hinder, or Defraud Wells Fargo Trustee.**

9. Debtor originally defaulted on the loan in 2009. As a result, a notice of default and notice of trustee's sale was recorded on November 24, 2009. (RJN, Ex. 5).

10. On April 12, 2010, Debtor filed for relief under chapter 13 of the Bankruptcy Code in the Bankruptcy Court, Case No. 8:10-bk-14682-ES (the "First Bankruptcy Case"). (RJN, Ex. 6). The First Bankruptcy Case was converted to a case under chapter 7 on April 26, 2010 and Debtor obtained a discharge on February 2, 2011. (*Id.*). The First Bankruptcy Case was closed on September 9, 2011. (*Id.*).

11. Approximately a month after the closure of the First Bankruptcy Case, Debtor filed for relief again, this time under chapter 11 of the Bankruptcy Code, in the Bankruptcy Court, Case No. 8:11-bk-24594-ES (the "Second Bankruptcy Case"). (RJN, Ex. 7). The Second Bankruptcy Case was dismissed on August 21, 2013 pursuant to 11 U.S.C. § 1112(b) by order entered by the Bankruptcy Court. (*Id.*). 5. Debtor appealed the dismissal of the Second Bankruptcy Case, which decision of the Bankruptcy Court was affirmed by the Bankruptcy Appellate Panel on May 30, 2013. (*Id.*).

12. Prior to the decision of the BAP, on May 7, 2013, Debtor filed for relief again under chapter 11 of the Bankruptcy Code in the Bankruptcy Court, Case No. 8:13-bk-14049-ES (the "Third Bankruptcy Case"), which case was dismissed on October 4, 2013. (RJN, Ex. 8). The dismissal of the Third Bankruptcy Case was also appealed, this time to the United States District Court. (*Id.*). The District Court dismissed the appeal on April 11, 2014. (*Id.*).

13. Approximately a month prior to the dismissal of the appeal by the District Court, on March 18, 2014, Debtor again filed for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court, Case No. 8:14-bk-11663-ES (the "Fourth Bankruptcy Case"). (RJN, Ex. 9).

14. On August 26, 2014, Wells Fargo, as Trustee filed a motion for relief from the automatic stay (the "Motion for Relief") in the Fourth Bankruptcy Case. (RJN, Ex.10).

15. The Fourth Bankruptcy Case was dismissed on September 18, 2014. (RJN, Ex. 11). Additionally, the Bankruptcy Court barred the Debtor from filing another bankruptcy case for 180 days. (RJN, Ex. 11). As a result of the dismissal of the Fourth Bankruptcy Case, the Bankruptcy Court denied the Motion for Relief as moot. (RJN, Ex. 12).

16. Upon the dismissal of the Fourth Bankruptcy Case, on November 21, 2014, Debtor filed a complaint against Select Portfolio Servicing, Inc. ("SPS"), National Default Servicing Corporation ("NDSC"), and Bank of America, N.A. relating to a mortgage loan that is secured by the Property in the Orange County Superior Court, Case No. 30-2014-00757782 (the "State Court Action"). (RJN, Ex. 13). The Superior Court granted Debtor's request for a preliminary injunction,

Locke Lord LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

but required that he post a bond by June 2, 2015. (RJN, Ex. 15). Debtor failed to post the requisite bond. (RJN, Ex. 14). Instead, Debtor filed a request for dismissal of the State Court Action without prejudice. (RJN, Ex. 13).

17. Despite seeking dismissal of the State Court Action, immediately thereafter, on June 11, 2015, Debtor commenced an action in the U.S. District Court for the Central District of California, Case No. 8:15-cv-00935-AG-AS alleging the same causes of action as in the State Court Action, but coupling the request with an *ex parte* application for a temporary injunction to prevent foreclosure of the Property at the trustee sale, which was scheduled for June 15, 2015. (RJN, Ex. 16). This was yet another attempt to forum shop.

18. On June 12, 2015, the U.S. District Court denied Debtor's request for the temporary injunction and issued an order to show cause within 14 days as to why sanctions should not be issued to Debtor as a result of Debtor's "apparent misrepresentations in the civil cover sheet and his actions concerning filing what appears to be an action already remanded by the Court. Sanctions to be considered include monetary sanctions and dismissal." (RJN, Ex. 17).

19. As a result of the District Court's ruling, Debtor seeks to abuse the Bankruptcy Court's process once again by filing for relief, this time the Fifth Bankruptcy Case. (RJN, Ex. 18). In the voluntary petition (nothing more than a skeleton petition filed on the eve of foreclosure), Debtor asserts, under penalty of perjury, that his assets and liabilities do not exceed $50,000 (RJN, Ex. 18), despite making this entire case about the Property, on which the secured debt exceeds at least $1.5 million, well above the threshold limits of section 109(e) of the Bankruptcy Code. (RJN, Ex. 10).

20. Additionally, Debtor fails to disclose all of his prior bankruptcy cases within the past 8 years in his voluntary petition, again, under penalty of perjury. (RJN, Ex. 18). Importantly, Debtor fails to include the Third Bankruptcy Case and the Fourth Bankruptcy Case, the latter of which was dismissed with a 180 day bar from refiling by this Court.

5

**MEMORANDUM OF POINTS AND AUTHORITIES**

Locke Lord LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

21. On June 16, 2015, Debtor filed a *Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate* [Doc 4] (the "Motion to Reimpose Stay") with an *ex parte* application for an order shortening time [Doc 5]. The Court granted the *ex parte* application [Doc 7] and set a hearing date of July 7, 2015.

22. In the Motion to Reimpose Stay, which includes a Declaration from the Debtor, Debtor testified, under penalty of perjury, that a substantial change in the personal or financial affairs of the Debtor has taken place since the dismissal of the Fourth Bankruptcy Case as a result of the *Jesinoski* decision by the Supreme Court issued in January 2015. (Doc 4 at p. 8). *See Jesinoski v. Countrywide Home Loans, Inc., et al.*, (No. 13-684), 574 U.S. ____ (Jan. 13, 2105) (slip. op.). Additionally, Debtor argues that the Secured Creditor's interest is adequately protected because there is "no first lien per ch. 7 dishg [sic] 2010 and TILA Rescission Voids Note and T.D." (Doc 4 at p. 5). Debtor fails to disclose his prior bankruptcy cases and the fact that Wells Fargo Trustee filed for relief from stay in the Fourth Bankruptcy Case.

### RELIEF REQUESTED

Wells Fargo Trustee respectfully requests relief from the automatic stay pursuant to Sections 362(d)(1) and (d)(2), of the Bankruptcy Code to permit Wells Fargo Trustee, and any further assignee or representative, to exercise all rights and remedies under the loan documents and applicable law, including, without limitation, foreclosure of the Deed of Trust against and with respect to the Property.

Additionally, Wells Fargo Trustee respectfully requests that relief be granted in accordance with section 362(d)(4) of the Bankruptcy Code and that the Court make a finding that the multiple bankruptcy filings to stay the foreclosure was part of a scheme to delay, hinder, or defraud creditors.

### BASIS FOR RELIEF

**A.    Relief From Stay is Mandatory Under Section 362(d)(2)**

Wells Fargo Trustee respectfully requests that the automatic stay be lifted. Section 362(d)(2) provides that the "Court *shall* grant [a party] relief from the [automatic] stay . . . if (A) the debtor

6

**MEMORANDUM OF POINTS AND AUTHORITIES**

does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." (Emphasis added). In *In re San Clemente Estates*, 5 B.R. 605 (Bankr. S.D. Cal. 1980), the court stated:

> [Section] 362(d)(2) reflects congressional intent to allow creditors to immediately proceed against the property where the debtor has no equity and it is unnecessary to the reorganization, <u>even where</u> the debtor can provide adequate protection under § 362(d)(1).

*Id.* at 610 (emphasis added).

In determining whether equity exists in the Property for purposes of section 362(d)(2), all encumbrances are included. *Stewart v. Gurley*, 745 F.2d 1194 (9th Cir. 1984) (equity is the amount by which the property's value exceeds the total amount of the liens against it). Furthermore, an appropriate cost of sale factor should also be added to determine if the debtor has an equity in the property. *La Jolla Mortgage Fund v. Rancho El Cajon Associates,* 18 B.R. 283, 289 (Bankr. S.D. Cal. 1982). In a relief from stay hearing, the movant has the burden of proof on the issue of the debtor's equity in the property, but the debtor has the burden of proof on all other issues. 11 U.S.C. § 362(g).

Once Wells Fargo Trustee proves lack of equity, the burden of proof shifts to the debtors to demonstrate that the property is necessary to an effective reorganization in prospect. *California Federal Bank, F.S.B. v. Moorpark Avenue (In re Moorpark Adventure)*, 161 B.R. 254 (Bankr. C.D. Cal. 1993).

<u>Lack of Equity</u>:  As of the Petition Date, the Debtor concedes that the Property has a value of $750,000 with no secured claims against the Property. (RJN, Ex. 20). Indeed, Wells Fargo Trustee's secured claim against the Property is at least $1,877, 211.59 as of the Petition Date. (Pietramali Decl., ¶ 8). Taking Wells Fargo Trustee's secured claim against the Property, there is no equity in the Property. Debtor's argument that the loan was rescinded pursuant to TILA does not have any merit as neither the Superior Court nor the District Court ruled in his favor. Indeed, the District Court issued an OSC as to why Debtor should not be sanctioned.

7
**MEMORANDUM OF POINTS AND AUTHORITIES**

No reasonable prospect of Reorganization: This is a chapter 13 bankruptcy case, but Debtor will not be able to reorganize. Debtor's Plan, filed on or about June 29, 2015 is unconfirmable. Importantly, the Plan does not provide for a single payment to Debtor's secured claims in contravention to section 1322 of the Bankruptcy Code. The Debtor does not even mention a claim held by Wells Fargo Trustee; instead, asserting in his schedules of assets, that the loan has been rescinded. There is no basis for such an allegation and there has been no finding by the Superior Court or the U.S. District Court that the loan has been rescinded. The Fifth Bankruptcy Case was yet another halting of Wells Fargo Trustee's rights to enforce its loan under applicable State law.

### B. Cause Exists to Lift the Automatic Stay

The Court must grant relief from the automatic stay, on request of a party in interest and after notice and a hearing, for cause. 11 U.S.C. § 362(d)(1). Because the Code does not define "cause," courts must consider whether cause exists on a case-by-case basis. *Reitnauer v. Texas Exotic Feline Found., Inc. (In re Reitnauer)*, 152 F. 3d 341, 343 n.4 (5th Cir. 1998); *Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997); *Benedor Corp. v. Conejo Enters., Inc. (In re Conejo Enters., Inc.)*, 96 F.3d 346, 352 (9th Cir. 1996) ("'Cause' has no clear definition and is determined on a case-by-case basis.'") (quoting *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990)). "Cause" may encompass several situations. *Soliman v. Spencer (In re Spencer)*, 115 B.R. 471, 476 (D. Del. 1990). In determining whether "cause" exists to modify the stay, courts balance the interests of the estate against the hardships to the movant. "In making a determination of whether 'cause' has been shown, a court must balance the potential hardship that will be incurred by the party seeking relief if the automatic stay is not lifted, against the potential prejudice to the debtor and the debtor's estate." *In re Paxson Elec. Co.*, 242 B.R. 67, 70 (Bankr. M.D. Fla. 1999). When cause exists, a court is to grant a party in interest relief from the automatic stay. 11 U.S.C. § 362(d)(1).

First, this is at least the fifth bankruptcy case to affect the Property. Additionally, these bankruptcy cases were commenced one after another, for the sole reason to delay, hinder, and defraud creditors from exercising their remedies under applicable state law. Indeed, this Court has

Locke Lord LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

already ruled in Debtor's Fourth Bankruptcy Case that Debtor was subject to a 180-day bar from filing a further bankruptcy case. (RJN, Ex. 9). Not only has Debtor filed multiple bankruptcy cases to avoid foreclosure on this Property, she has forum shopped in the California State Superior Court and the U.S. District to stop a valid non-judicial trustee's sale for years. This Fifth Bankruptcy Case is just the last straw in Debtor's egregious abuse of the Bankruptcy Code and this Court to hinder, delay and defraud creditors by using other bankruptcy cases to obtain the benefit of the automatic stay. *Marsch v. Marsch (In re Marsch)*, 36 F.3d 825, 828 (9th Cir. 1994); *see also California Mortgage Service v. Yukon Enterprises, Inc. (In re Yukon Enterprises, Inc.)*, 39 B.R. 919, 922 (Bankr. C.D. Cal. 1984) ("A bad faith filing is an abuse of the bankruptcy process and is offensive to the integrity of the bankruptcy system.").

In this case, it is clear that the sole reason for the multiple bankruptcy cases is to unreasonably deter and harass Wells Fargo Trustee and that Debtor is abusing the Bankruptcy Court and its process by filing action after action and avoiding orders in other courts (i.e., Order to Show Cause in U.S. District Court). Debtor's predominant motivation in filing action after action immediately prior to a foreclosure sale date is a mere "litigation tactic" and constitutes a scheme to delay, hinder, and defraud Wells Fargo Trustee from exercising its rights and remedies under applicable law. The use of the Bankruptcy Code "for this purpose doesn't comport with the objectives of the bankruptcy laws" and courts have found that the filing of bankruptcy petition for improper purposes constitutes bad faith. *In re Marsch*, 36 F.3d at 828; *C-TC 9th Avenue Partnership v. Norton Company (In re C-TC 9th Avenue Partnership)*, 113 F.3d 1304, 1311 (2d Cir. 1997).

Second, the Fifth Bankruptcy Case was filed in bad faith. In determining whether a bankruptcy case was filed in bad faith, the Ninth Circuit has held that courts must take into consideration the "totality of circumstances," which includes the following factors: (i) whether the debtor misrepresented facts in his petition, unfairly manipulated the Bankruptcy Code, or otherwise filed the bankruptcy case in an inequitable manner; (ii) the history of the debtor's filings and

dismissals; (iii) whether the debtor intended to defeat state court litigation; and (iv) where there is egregious behavior on the part of the debtor. *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1224 (9th Cir. 1999). In this case, the totality of circumstances weigh in favor of a finding that the Fifth Bankruptcy Case was filed in bad faith. Debtor's voluntary petition and Motion are replete with misrepresentations (as well as failure to disclose) and inaccuracies. For example, Debtor asserts, under penalty of perjury, in the voluntary petition that his assets and liabilities are not greater than $50,000. This assertion is made despite the fact that this entire Fifth Bankruptcy Case is about the foreclosure of the Property, which has at least $1.5 million of secured debt against it. Additionally, Debtor fails to disclose at least two other prior bankruptcy cases (i.e., the Third Bankruptcy Case and the Fourth Bankruptcy Case) in both the voluntary petition (under penalty of perjury) and the Motion. Debtor has also manipulated the Bankruptcy Code by filing a voluntary motion to dismiss in the Fourth Bankruptcy Case upon Wells Fargo, as Trustee's filing of the Motion for Relief. Moreover, Debtor only filed this Fifth Bankruptcy Case after the State Court Action was not going in his direction (because he failed to post the bond required by the Superior Court and the preliminary injunction would be lifted) and the District Court issued an order to show cause as to why sanctions should not be awarded against Debtor. Debtor has forum shopped in both state court and federal court and both courts have found in Wells Fargo Trustee's favor.

Third, Debtor has not been honest in his voluntary petition by failing to disclose all of his prior bankruptcy cases, notably the case in which this Court ruled a 180-day bar was necessary. Additionally, Debtor has failed to provide pertinent information to this Court in his Motion to Continue Stay by informing the Court of Wells Fargo Trustee's prior motion for relief. Although an order granting the motion for relief was not entered, the only reason that it was denied as moot was that Debtor filed a motion to voluntarily dismiss the Fourth Bankruptcy Case, for the very reason of avoiding an order on the motion for relief from stay.

Debtor's actions are egregious. At every turn, Debtor has avoided foreclosure – for over four years, by filing bankruptcy after bankruptcy and applications for temporary injunctions. Enough is

enough. The 180-day bar was not enough to bar Debtor from hindering, delaying and harassing creditors. The Debtor should not be permitted to unfairly manipulate the Bankruptcy Code. The Court should grant relief from the automatic stay for cause and because the multiple bankruptcy cases are part of a scheme to delay, hinder, or defraud creditors. The risks, expense, and delay faced by Wells Fargo Trustee far outweigh the interests of the Debtor's estate. As a result, there is no prejudice to this Debtor's estate in entering an order granting relief from stay.

### C.  In Rem Stay Relief Is Warranted.

As a result of debtors resorting to "filing tactical, serial bankruptcy cases to prevent creditors from enforcing liens against their property," in 2005, Congress amended the Bankruptcy Code to permit courts to grant "in rem" relief from the automatic stay to the creditor "to address schemes using bankruptcy to thwart legitimate foreclosure efforts through one or more transfers of interest in real property or by way of multiple bankruptcy filings affecting the subject in rem property." *Alakozai v. Citizens Equity First Credit Union (In re Alakozai)*, No. NC-12-1470, slip op. at 6-7 (9th Cir. BAP Oct. 2, 2013).

As set forth above, this is at least the fifth bankruptcy case in which the Property was subjected to the automatic stay and Wells Fargo Trustee was prevented from enforcing its rightful remedies under applicable law. Additionally, this Court has entered an order prohibiting Debtor from filing bankruptcy for 180 days – that was not enough as he continued his actions in State Court and U.S. District. For the foregoing reasons, Wells Fargo Trustee respectfully requests that relief from the automatic stay be granted immediately and that the provisions of section 362(d)(4) be made applicable to this Property so that future bankruptcies do not have an effect on this Property.

### D.  Bankruptcy Rule 4001(a)(3) Should be Waived.

Bankruptcy Rule 4001(a)(3) stays "[a]n order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Based upon the circumstances of this case, Wells

Fargo Trustee requests that the entry of an order granting this Motion be effective immediately so that it can proceed with the foreclosure sale as soon as possible.

## **CONCLUSION**

WHEREFORE, Wells Fargo Trustee respectfully requests that the Court enter an order granting this Motion; modify and terminate the automatic stay to permit Wells Fargo Trustee and any assignee or representative to exercise all rights and remedies under applicable law, including, without limitation, foreclosure of the Deed of Trust against and with respect to the Property.

Additionally, Wells Fargo Trustee respectfully requests that relief be granted in accordance with section 362(d)(4) of the Bankruptcy Code and that the Court make a finding that the multiple bankruptcy cases and the use of this Fifth Bankruptcy Case was part of a scheme to delay, hinder, or defraud creditors.

Dated: August 12, 2015

Respectfully submitted,

LOCKE LORD LLP

By: */s/ Shiva Delrahim Beck*

Shiva Delrahim Beck
Attorneys for WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE HARBORVIEW MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2006-12

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 300 S. Grand Avenue, Suite 2600, California 90071

**A true and correct copy of the foregoing document described as** MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF OF THE HOLDERS OF HARBORVIEW MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2007-1 FOR RELIEF FROM THE AUTOMATIC STAY [REAL PROPERTY] will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On August 12, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) stated below:

- *efile@ch13ac.com* – Chapter 13 Trustee
- *ustpregion16.sa.ecf@usdoj.gov* – US Trustee
- *wdk@wolffirm.com* – Interested Party
- *ecfcacb@aldridgepite.com, GRY@ecf.inforuptcy.com, gyabes@aldridgepite.com* – Interested Party

**2. SERVED BY UNITED STATES:**
On August 12, 2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Debtor**
Marshall Samuel Sanders
1621 Kensing Ln
Santa Ana, CA 92705-3074

**Government Authority**
Los Angeles County Tax Collector
P.O. Box 54110
Los Angeles, CA 90054-0110
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

United States Trustee
411 W. Fourth Street, Suite 9041
Santa Ana, CA 92701-4593

Franchise Tax Board Bankruptcy Section, MS: A-340
P.O. Box 2952
Sacramento, CA 95812-2952

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) August 12, 2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Judge's Copy – VIA OVERNIGHT**
United States Bankruptcy Court
Ronald Reagan Federal Building and Courthouse
Honorable Erithe A. Smith
411 West Fourth Street, Suite 5040
Santa Ana, CA 92701

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: August 12, 2015        Signature: */s/ Antoinette Taylor*
                             Printed Name: Antoinette Taylor

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071