Marshall Samuel Sanders, In *Propria Persona*
1621 Kensing Lane
Santa Ana, CA 92705-3074
Telephone: (714) 665-8012



Marshall Samuel Sanders, In Propria Persona

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA— SOUTHERN DIVISION—SANTA ANA

In Re: Marshall Samuel Sanders, Debtor.    )    Bankruptcy Case No.: 8:15-bk-13011-ES
                                            )
                                            )    DECLARATION OF DEBTOR IN SUPPORT
                                            )    OF MOTION TO CONVERT
                                            )

Debtor respectfully petitions the Court to grant his motion to convert his Chapter 13 to Chapter 11 for cause:

1. Though three prior Chapter 11's have been dismissed, two (2) by the Court and one (1) by the Debtor, this time is different because:

a. Debtor has cut expenses to a point where there is now positive income, and

b. Debtor has requested Counsel that was up until now retained for foreclosure defense on the two (2) real properties that constitute the lopsided share of the assets in the case, to substitute out so that Debtor can substitute in, thus eliminating in excess of $3000.00 per month in just attorney's fees, not including attorney expenses; generating substantial net disposable income;

c. Debtor has discovered, through his own real estate knowledge and through the knowledge of others that are familiar with the "Iroquois" rental income property, that the fair market rent is $3500.00 per month, that the rental market, specifically in Tustin Ranch, California, is "hot," that there is nothing for rent on the market of the caliber of the home, in the subdivision it is located within, of the size and configuration, and with the amenities of the community, such that "if" a listing were to be taken today, the rental would likely generate an immediate or near-immediate tenancy at the fair market rent. But since there is a tenant already in place, the same tenant the past three (3) years plus, and Debtor does desire that this tenant remain, Debtor has formally notified tenant that the "new" rent will increase to the fair market rent. Tenant agreed. The

**DECLARATION OF DEBTOR IN SUPPORT OF MOTION TO CONVERT - 1**

current rent has been $2600.00 for some time; the new rent is $3500.00. The increase in rental income is $900.00. When $900.00 is added to $3000.00, the result is $3,900.00, with which to fund a plan of reorganization. This is "new" money that heretofore was not available.

d. The fair market rent for "Kensing Lane" is $4500.00 per month (according to Zillow, which although it is not the gospel, is within the realm of reality). Therefore, based upon this newly considered information, the fact that we receive only approximately $850.00 per month for one-half the use of the property from a "tenant," our adult disabled daughter, we have considered how the rent might be increased to $2,250.00, or one-half the fair market rent for one-half the premises. Accordingly, another adult child of ours, with a high executive position with one of the world's largest insurance companies headquartered here in Orange County, agreed to sponsor our daughter's increased rent, the difference between $850.00 and $2250, until our bankruptcy is successfully completed. This arrangement is partially in recognition of the fact that the home that particular son lives in was gifted to that son at Debtor's expense, more than 25 years ago without cost to him. That property is quite valuable now. A home that cost that son nothing is now worth at least one-half million dollars. So it is not without cause that this son will help his sibling by subsidizing her rent until Debtor is back on his feet and then can reduce back down what the daughter pays to what she receives in disability income. The increase in income to Debtor is $1,400.00 per month. Adding $1,400 per month to the $3900.00 above-noted, is $5300.00. This sum will be available to fund a plan of reorganization.

e. Utilities expenses are, admittedly high, but unfortunately, the Kensing Lane property is quite large, and it has been a struggle to cut down on the use of utilities, especially water. However, since utilities expenses are running approximately $850.00 per month year-round, averaged, Debtor will endeavor to do his best to cut down this category of expenses in order to supplement the available net income with which to fund a Plan.

f. Insurance is another category averaging $850.00 per month. Debtor will seek quotes from other insurance carriers to lower this expense, and any savings will create additional net income with which to fund a Plan.

2. All debts will be listed, including mortgages, in the amount presently claimed owed by the mortgagees, regardless of prior discharge of personal liability, understanding that, unless and until the disputed debts are altered or eliminated by present litigation or major shift in California

**DECLARATION OF DEBTOR IN SUPPORT OF MOTION TO CONVERT - 2**

until the disputed debts are altered or eliminated by present litigation or major shift in California or Federal cases affecting Debtor's cases, these debts are secured and must be shown as such on schedules. Furthermore, arrangements to pay must be put to those creditors and voted on and approved by them, even if disputed, in recognition of the fact that Debtor might not prevail against these creditor-mortgagees.

3. At least two (2) presently secured automobile loan creditors, tentatively, will vote "yes" in favor of a Chapter 11 Plan of Reorganization. These are Chrysler Capital ($527.44 per month) and LBS Financial Credit Union ($500.00 per month). Both of these creditors currently are receiving the sums shown here. The last payments made were August 3, 2015. These accounts are "current," in so far as post-bankruptcy, pre-Chapter 11 Plan.

4. In the interests of time and respecting the Court's economy, Debtor is utilizing, this time, unlike in the past, Best Case bankruptcy software, with permission of the company, and will endeavor to put forward an exemplary Chapter 11 petition, Disclosures and Plan, inside 30 days from today, if it pleases the Court.

For all the reasons stated above, Debtor respectfully petitions the Court to grant his motion to convert from Chapter 13 to Chapter 11, and if the Court is so inclined, Debtor will notify the Chapter 13 standing trustee, Amrane Cohen, by and through his staff attorney, Jay Kui Chien, immediately, that tomorrow's Chapter 13 Confirmation hearing is moot and off-calendar. Likewise, the U.S. Trustee's office will be so notified, together with all creditors, and any other interested parties or parties that have sought ECF/CM notice, to the extent, if any, Debtor has access to the ECF/CM, which at the moment such access is restricted or entirely unavailable, as Debtor is a non-attorney.

Dated this 24th of August, 2015

_____
Marshall Samuel Sanders
Debtor

**DECLARATION OF DEBTOR IN SUPPORT OF MOTION TO CONVERT - 3**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1621 Kensing Lane
Santa Ana, CA 92705-3074

A true and correct copy of the foregoing document entitled: **DEBTOR'S MOTION TO CONVERT CASE UNDER 11 U.S.C. §§ 706(a) OR 1112(a)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 08/24/2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Hon. Erithe Smith, 411 W. 4th St., Ste. 5040/Ctrm 5A, Santa Ana, CA 92701 (5th fl. bin outside elevators in hallway)
U.S. Trustee, 411 W. 4th St., Ste. 9041, Santa Ana, CA 92701 (personal delivery w/stamp and e-mail)
Amrane Cohen, Chapter 13 Trustee, 770 The City Drive S., Ste 8600, Orange, CA 92868 (e-file)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/24/2015 | Lydia O. Sanders | /s/ Lydia O. Sanders |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 3                          F 1017-1.1.MOTION.DEBTOR.CONVERT