Marshall Samuel Sanders
1621 Kensing Lane
Santa Ana, California 92705-3074
Telephone: (714) 665-8012
Facsimile: (714) 665-8012
Email: marshallssanders@yahoo.com

Marshall Samuel Sanders, Debtor, *Pro Se*

**FILED SEP 29 2015** CLERK U.S. BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA BY: Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

In re:

Marshall Samuel Sanders,

Debtor.

Bankruptcy Case No.: 8:15-bk-13011-ES
BAP Case No.: CC-15-1284

Chapter 13

**STATEMENT OF ISSUES ON APPEAL
F.R.B.P. 8009**

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD

**STATEMENT OF ISSUES ON APPEAL
PURSUANT TO F.R.B.P. 8009**

1. Whether the Bankruptcy Court committed an error of law in denying debtor's motion to convert.

2. Whether the Bankruptcy Court abused its discretion in denying debtor's motion to convert.

3. Whether the Bankruptcy Court committed reversible error in denying debtor's motion to convert.

4. Whether the Bankruptcy Court committed an error of law in finding that the debtor could not confirm a plan.

5. Whether the Bankruptcy Court abused its discretion in finding that the debtor could not confirm a plan.

6. Whether the Bankruptcy Court committed reversible error in finding that the debtor could not confirm a plan.

7. Whether the Bankruptcy Court committed an error of law in the way that it applied "consummation" under the Truth in Lending Act (or "TILA"), especially in light of *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S.Ct. 790 (2015).

8. Whether the Bankruptcy Court abused its discretion in the way that it applied "consummation" under the Truth in Lending Act (or "TILA"), especially in light of *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S.Ct. 790 (2015).

9. Whether the Bankruptcy Court committed reversible error in the way that it applied "consummation" under the Truth in Lending Act (or "TILA"), especially in light of *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S.Ct. 790 (2015).

10. Whether the Bankruptcy Court committed an error of law in dismissing debtor's bankruptcy.

11. Whether the Bankruptcy Court abused its discretion in dismissing debtor's bankruptcy.

12. Whether the Bankruptcy Court committed reversible error in dismissing debtor's bankruptcy.

13. Whether the Bankruptcy Judge committed an error of law when she ordered that the court retains jurisdiction on all issues arising under Bankruptcy Code Sections 110, 329 and 362, in spite of, from the bench, contradicting herself (see excerpts of record-both audio recording of the Judge's remarks from the bench and her remarks as transcribed in the written hearing transcript of August 25, 2015), stating to opposing bank counsels, representing Bank of America and Wells Fargo Bank, et al., that she would *not* retain jurisdiction.

14. Whether the Bankruptcy Judge abused her discretion when she ordered that the court retains jurisdiction on all issues arising under Bankruptcy Code Sections 110, 329 and 362, in spite of, from the bench, contradicting herself (see excerpts of record-both audio recording of the Judge's remarks from the bench and her remarks as transcribed in the written hearing transcript of August 25, 2015), stating to opposing bank counsels, representing Bank of America and Wells Fargo

Bank, et al., that she would *not* retain jurisdiction.

15. Whether the Bankruptcy Judge committed reversible error when she Ordered that the court retains jurisdiction on all issues arising under Bankruptcy Code Sections 110, 329 and 362, in spite of, from the bench, contradicting herself (see excerpts of record-both audio recording of the Judge's remarks from the bench and her remarks as transcribed in the written hearing transcript of August 25, 2015), stating to opposing bank counsels, representing Bank of America and Wells Fargo Bank, et al., that she would *not* retain jurisdiction.

16. Whether the Bankruptcy Court committed an error of law when pursuant to Bankruptcy Code Section 109(g), debtor was prohibited from filing any new bankruptcy petition within 180 days of the date of entry of the Bankruptcy Court's order of dismissal.

17. Whether the Bankruptcy Court abused its discretion when pursuant to Bankruptcy Code Section 109(g), debtor was prohibited from filing any new bankruptcy petition within 180 days of the date of entry of the Bankruptcy Court's order of dismissal.

18. Whether the Bankruptcy Court committed reversible error when pursuant to Bankruptcy Code Section 109(g), debtor was prohibited from filing any new bankruptcy petition within 180 days of the date of entry of the Bankruptcy Court's order of dismissal.

19. Whether the Bankruptcy Court committed an error of law when it ordered dismissed the associated adversary proceeding because an amended complaint alleged claims under non-bankruptcy law.

20. Whether the Bankruptcy Court abused its discretion when it ordered dismissed the associated adversary proceeding because an amended complaint alleged claims under non-bankruptcy law.

21. Whether the Bankruptcy Court committed reversible error when it ordered dismissed the associated adversary proceeding because an amended complaint alleged claims under non-bankruptcy law.

22. Whether the Bankruptcy Court committed an error of law when it dismissed debtor's adversary proceeding because debtor's bankruptcy case was dismissed with a 180-day bar to refiling pursuant to §109(g).

23. Whether the Bankruptcy Court abused its discretion when it dismissed debtor's adversary proceeding because debtor's bankruptcy case was dismissed with a 180-day bar to refiling pursuant to §109(g).

24. Whether the Bankruptcy Court committed reversible error when it dismissed debtor's adversary proceeding because debtor's bankruptcy case was dismissed with a 180-day bar to refiling pursuant to §109(g).

25. Whether the Bankruptcy Court committed an error of law when it ordered that in light of dismissal of the bankruptcy case that the adversary proceeding was also dismissed because the court no longer had jurisdiction to adjudicate the claims.

26. Whether the Bankruptcy Court abused its discretion when it ordered that in light of dismissal of the bankruptcy case that the adversary proceeding was also dismissed because the court no longer had jurisdiction to adjudicate the claims.

27. Whether the Bankruptcy Court committed reversible error when it ordered that in light of dismissal of the bankruptcy case that the adversary proceeding was also dismissed because the court no longer had jurisdiction to adjudicate the claims.

Dated: September 29, 2015

By: _____
Marshall Samuel Sanders
Debtor *Pro Se*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1621 Kensing Lane
Santa Ana, CA 92705-3074

A true and correct copy of the foregoing document entitled (*specify*): STATEMENT OF ISSUES ON APPEAL F.R.B.P. 8009

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
  No access.

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
  n/a

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 09/29/2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Erithe A. Smith, 411 West Fourth Street, Suite 5040/Courtroom 5A, Santa Ana, CA 92701-4593 (5th fl. bin)
Amrane Cohen, Chapter 13 Truste, 770 The City Drive South, Suite 8500, Orange, CA 92868-4958 (e-file)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/29/2015 | Lydia O. Sanders | *signature* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                              F 9013-3.1.PROOF.SERVICE